**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| IBRAHIM E. SAFADI, Individually and on Behalf of All Others Similarly Situated, | No. 4:19-cv-00756-BSM |
| Plaintiff, | Judge Brian S. Miller |
| v. | CLASS ACTION |
| UNITI GROUP INC. f/k/a COMMUNICATIONS SALES & LEASING, INC., MARK A. WALLACE and KENNETH A. GUNDERMAN, | ORAL ARGUMENT REQUESTED |
| Defendants. | |
| PHIL QUEDER, Individually and on Behalf of All Others Similarly Situated, | No. 4:19-cv-00873-BSM |
| Plaintiff, | Judge Brian S. Miller |
| v. | |
| UNITI GROUP INC. f/k/a COMMUNICATIONS SALES & LEASING, INC., MARK A. WALLACE and KENNETH A. GUNDERMAN, | |
| Defendants. | |
| MICHAEL AVERY, on behalf of himself and all others similarly situated | 4:19-cv-00927-LPR |
| Plaintiff, | Judge Lee P. Rudofsky |
| vs. | |
| UNITI GROUP INC., KENNETH A. GUNDERMAN, MARK A. WALLACE, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE UNITI INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 3

ARGUMENT ....................................................................................................................... 5

I.      THE ACTIONS SHOULD BE CONSOLIDATED ............................................... 5

II.     THE UNITI INVESTOR GROUP SHOULD BE APPOINTED LEAD
        PLAINTIFF ........................................................................................................... 6

        A.      The PSLRA Standard for Appointing Lead Plaintiff .............................. 6

        B.      The Uniti Investor Group Is the "Most Adequate Plaintiff" .................. 7

                1.      The Uniti Investor Group's Motion Is Timely ............................ 7

                2.      The Uniti Investor Group Has a Substantial Financial Interest .................. 8

                3.      The Uniti Investor Group Satisfies Rule 23's Typicality and
                        Adequacy Requirements .............................................................. 8

                        a.      The Uniti Investor Group's Claims Are Typical of Those of
                                the Class ........................................................................... 9

                        b.      The Uniti Investor Group Satisfies the Adequacy
                                Requirement of Rule 23 ................................................... 9

                4.      The Uniti Investor Group Is Precisely the Type of Lead Plaintiff
                        Congress Envisioned When It Passed the PSLRA ................................. 10

III.    THE UNITI INVESTOR GROUP'S SELECTION OF LEAD COUNSEL
        MERITS APPROVAL .......................................................................................... 12

CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cable & Wireless, PLC Sec. Litig.*,
   217 F.R.D. 372 (E.D. Va. 2003) ...........................................................................12

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)..................................................................................12

*Chung v. Tyson Foods, Inc.*,
   No. 5:16-CV-5340, 2017 WL 368506 (W.D. Ark. Jan. 25, 2017) .................................. *passim*

*Horowitz v. Sunedison, Inc.*,
   No. 4:15 CV 1769 RWS, 2016 WL 1161600 (E.D. Mo. Mar. 24, 2016)................................7

*IBEW Local 98 Pension Fund v. CPI Corp.*,
   No. 4:12CV00075 AGF, 2012 WL 13065680 (E.D. Mo. Aug. 3, 2012) ...........................8, 12

*Johnson v. Pozen Inc.*,
   No. 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) ...............................................11

*Laborers Local 1298 Pension Fund v. Campbell Soup Co.*,
   No. CIV. A. 00-152 (JEI), 2000 WL 486956 (D.N.J. Apr. 24, 2000) ....................................11

*Lowinger v. Global Cash Access Holdings, Inc.*,
   No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) .................................5

*Mas v. KV Pharm. Co.*,
   No. 4:08-CV-1859 (CEJ), 2009 WL 1011506 (E.D. Mo. Apr. 15, 2009), *as
   amended* (Apr. 28, 2009) .....................................................................................11

*Mayer v. Apogee Enters., Inc.*,
   No. 18-cv-3097, 2019 WL 927315 (D. Minn. Feb. 26, 2019)...........................................8, 11

*Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*,
   No. 4:08-CV-1411(CEJ), 2008 WL 5233106 (E.D. Mo. Dec. 12, 2008)................................9

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ....................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................11

*Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*,
   409 F. Supp. 2d 482 (S.D.N.Y. 2006)....................................................................11

*Sokolow v. LJM Funds Mgmt., Ltd.*,
No. 18-CV-01039, 2018 WL 3141814 (N.D. Ill. June 26, 2018)............................................11

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Fed. R. Civ. P. 42(a) .......................................................................................................................5, 6

15 U.S.C. § 78u-4 *et seq.* ................................................................................................ *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-08141 (S.D.N.Y.).................................................................................................13

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-01963 (S.D.N.Y.) ...............................................................................................13

*In re Fannie Mae 2008 Sec. Litig.*,
No. 08-cv-07831 (S.D.N.Y.).................................................................................................13

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
No. 09-md-02027 (S.D.N.Y.) ...............................................................................................13

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..........................12, 13

Proposed Lead Plaintiff Steamfitters Local 449 Pension Plan ("Local 449"), Wayne County Employees' Retirement System ("Wayne County"), and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA ("McMurray") (together, the "Uniti Investor Group") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) consolidating the above-captioned actions (the "Action"); (ii) appointing the Uniti Investor Group as Lead Plaintiff; (iii) approving Uniti Investor Group's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Thrash Law Firm, P.A. ("Thrash Law") as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The Uniti Investor Group—a small, cohesive group of sophisticated investors— respectfully submits that it should be appointed Lead Plaintiff in the Action. The Uniti Investor Group specifically seeks to be appointed Lead Plaintiff on behalf of a class consisting of all investors who purchased or otherwise acquired Uniti Group Inc. f/k/a Communications Sales & Leasing, Inc. ("Uniti" or the "Company") securities between April 20, 2015, and June 24, 2019, inclusive (the "Class Period"),[1] and were damaged thereby (the "Class"). The Action seeks

---

[1]   The *Safadi* Action, which was filed on October 25, 2019, is brought on behalf of all investors who purchased or otherwise acquired Uniti securities between April 20, 2015, and February 15, 2019, inclusive. The *Queder* Action, which was filed on December 6, 2019, is brought on behalf of all investors who purchased or otherwise acquired Uniti securities between April 20, 2015, and February 15, 2019, inclusive. The *Avery* Action, which was filed on December 23, 2019, is brought on behalf of all purchasers of Uniti common stock between April 20, 2015 and June 24, 2019, inclusive. The Uniti Investor Group is utilizing the most expansive class definition for the purposes of Lead Plaintiff appointment and analysis, but reserves the right to object to the timeliness of the *Avery* Action.

remedies on behalf of the Class pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its directors, officers, and affiliates (collectively, "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, the Uniti Investor Group respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  The Uniti Investor Group incurred losses of *$657,931* on its Class Period transactions in Uniti securities as calculated on a last-in-first-out ("LIFO") basis.[2]  Accordingly, the Uniti Investor Group has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, the Uniti Investor Group also meets the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the same course of events as those of the other Class members, (ii) it relies on similar

---

[2]      A copy of the Certifications of the Uniti Investor Group, signed by Joseph M. Little, as Chairman of the Board of Trustees of Local 449, and Gerard Grysko, as Deputy Director of Wayne County, and McMurray ("Certifications"), are attached as Exhibit A to the Declaration of Thomas P. Thrash (the "Thrash Decl.").  The Certifications set forth all transactions of the Uniti Investor Group in Uniti securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by the Uniti Investor Group on its Class Period transactions in Uniti securities ("Loss Analysis") is attached as Exhibit B to the Thrash Decl.

legal theories to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously prosecuting the Action.

Finally, pursuant to the PSLRA, the Uniti Investor Group respectfully requests that the Court approve the selection of Labaton Sucharow as Lead Counsel for the Class and Thrash Law as Liaison Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, the Uniti Investor Group respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## FACTUAL BACKGROUND

Uniti, formerly known as Communications Sales & Leasing, Inc., is a real estate investment trust ("REIT") engaged in the acquisition and construction of mission critical infrastructure in the communications industry.  In February 2014, the Company was incorporated as a wholly-owned subsidiary of Windstream Holdings, Inc. ("Windstream"), a telecommunications company, and spun-off from Windstream Holdings in 2015 (the "Spin-Off").

In connection with the Spin-Off, Windstream sold certain of its telecommunications network assets to Uniti.  Uniti then leased these assets back to Windstream via a "Master Lease" agreement.  Following this sale/leaseback transaction, Windstream was Uniti's largest customer, accounting for more than two-thirds of Uniti's annual revenues for every year since the Spin-Off.

Prior to the start of the Class Period, however, Windstream had issued senior unsecured notes guaranteed by certain of its subsidiaries in an aggregate principal amount of $700 million. Unbeknownst to the investing public, the indenture governing the sale of the notes included a number of restrictive covenants, one of which prohibited the operating subsidiaries from engaging in "Sale and Leaseback Transaction[s]," absent certain exceptions (the "Indenture"). These restrictive covenants prohibited Windstream's operating subsidiaries from selling Windstream's fiber and copper network assets to a third party and then leasing those assets back.

The Action alleges that Uniti misled investors by failing to disclose that its earnings were unsustainable due to Defendants' knowledge that Windstream was in violation of a debt agreement that would force Windstream to payback hundreds of millions of dollars to its lenders thereby putting Uniti's financial results at risk.  Specifically, Defendants failed to disclose that: (i) the Spin-Off was a risky end-run around the Indenture's restrictive covenants; (ii) Uniti's financial results were therefore unsustainable because its most important customer Windstream had defaulted on its unsecured notes; and (iii) as a result of the foregoing, Defendants' statements about Uniti's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

The truth about Windstream's violation of the debt agreement was partially revealed on September 25, 2017.  On that date, Windstream reported that it had received a demand for an immediate payback of $310 million from one of its largest creditors, Aurelius Capital Master, Ltd. ("Aurelius").  Aurelius alleged that Windstream was in violation of their debt agreement due to the structuring of the Spin-Off.  On this news, Uniti shares dropped more than 15 percent.

Shortly thereafter litigation ensued in the U.S. District Court for the Southern District of New York between Windstream and Aurelius.  The Honorable Jesse Furman presided over this

4

matter. On February 16, 2019, after several months of litigation, Judge Furman ruled that Windstream had violated the debt agreement and ordered Windstream to pay $310 million to Aurelius. On this news, Uniti stock dropped 37 percent.

Windstream ultimately filed for Chapter 11 bankruptcy protection on February 25, 2019. Following this, Defendants repeatedly assured the market that Uniti was not facing liquidity risk. On June 24, 2019, however, Uniti announced a $300 million note offering. As a result of this, the price of Uniti stock dropped another 12 percent on June 25, 2019.

## ARGUMENT

### I.   THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Chung v. Tyson Foods, Inc.*, No. 5:16-CV-5340, 2017 WL 368506, at *3 (W.D. Ark. Jan. 25, 2017).

Consolidation pursuant to Rule 42(a) is appropriate when actions involve "common questions of law or fact." *Tyson Foods, Inc.*, 2017 WL 368506, at *3. "'[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.'" *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (citing *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

The Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth near-identical

5

allegations relating to similar parties, transactions, and events—primarily Defendants' failure to disclose the unsustainability of Uniti's revenues due to Windstream's violation of its debt covenants.  Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a).  Accordingly, the Uniti Investor Group respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.   THE UNITI INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Uniti Investor Group respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

6

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Tyson Foods, Inc.*, 2017 WL 368506, at \*3 (same); *Horowitz v. Sunedison, Inc.*, No. 4:15 CV 1769 RWS, 2016 WL 1161600, at \*1 (E.D. Mo. Mar. 24, 2016) (same). Under the framework established by the PSLRA, Uniti Investor Group is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.     The Uniti Investor Group Is the "Most Adequate Plaintiff"**

**1.     The Uniti Investor Group's Motion Is Timely**

The Uniti Investor Group filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action listed above caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely-circulated, national, business-oriented news wire service, on October 29, 2019. *See* Notice, Thrash Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before December 30, 2019. The Uniti Investor Group filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural

7

requirements of the PSLRA.  *See Tyson Foods, Inc.*, 2017 WL 368506, at *3 (finding lead plaintiff motion timely when filed on last day of noticed sixty day period).

### 2.    The Uniti Investor Group Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *IBEW Local 98 Pension Fund v. CPI Corp.*, No. 4:12CV00075 AGF, 2012 WL 13065680, at *2 (E.D. Mo. Aug. 3, 2012).

The Uniti Investor Group incurred a substantial loss of *$657,931* on its transactions in Uniti securities on a LIFO basis during the Class Period.  *See* Loss Analysis, Thrash Decl., Ex. B.  Accordingly, The Uniti Investor Group has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Mayer v. Apogee Enters., Inc.*, No. 18-cv-3097 (NEB/SER), 2019 WL 927315, at *1–2 (D. Minn. Feb. 26, 2019) (finding movant with largest financial interest as "most adequate plaintiff").

### 3.    The Uniti Investor Group Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  "Significantly, although Rule 23(a) includes four requirements . . . the presumptive lead plaintiff need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Tyson Foods, Inc.*, 2017 WL 368506, at *4 (citation omitted).

8

### a.     The Uniti Investor Group's Claims Are Typical of Those of the Class

"The typicality requirement of Rule 23(a)(3) is satisfied when each class member makes similar legal arguments to prove the defendant's liability." *Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, No. 4:08-CV-1411(CEJ), 2008 WL 5233106, at *2 (E.D. Mo. Dec. 12, 2008).

The Uniti Investor Group's claims are typical of the claims asserted by the proposed Class.  Like all members of the Class, Uniti Investor Group alleges that Defendants made material misstatements and omissions regarding the sustainability of Uniti's revenues in violation of the federal securities laws.  The Uniti Investor Group, as did all of the members of the Class, purchased Uniti securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.  Because the Uniti Investor Group's claims "arise out of the same course of events" as do the claims of other class members, the typicality requirement is satisfied.

### b.     The Uniti Investor Group Satisfies the Adequacy Requirement of Rule 23

The Uniti Investor Group likewise satisfies the adequacy requirement of Rule 23.  The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "[T]he adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy." *MEMC Elec. Materials, Inc.*, 2008 WL 5233106, at *2.

The Uniti Investor Group will fairly and adequately represent the interests of the

9

proposed Class.  Uniti Investor Group unquestionably has resources sufficient to pursue the above-captioned action to a successful conclusion.  The Uniti Investor Group has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section III, and timely submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Furthermore, no antagonism exists between the Uniti Investor Group's interests and those of the absent Class members; rather, the interests of the Uniti Investor Group and Class members are squarely aligned.  The Uniti Investor Group suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.

Finally, there is no proof that the Uniti Investor Group is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, the Uniti Investor Group satisfies the adequacy requirement.

**4.      The Uniti Investor Group Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA**

In addition to satisfying the requirements of Rule 23, the members of the Uniti Investor Group have also demonstrated their commitment to working cohesively in the joint prosecution of this action.  *See* Joint Declaration, Thrash Decl. Ex. D.  The PSLRA expressly provides for multiple investors to serve as Lead Plaintiff in federal securities class actions under the proper circumstances.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (providing that the court shall appoint a "person or group of persons" to serve as Lead Plaintiff).

Indeed, district courts within the Eighth Circuit have repeatedly recognized the propriety of appointing small groups of investors that "have demonstrated that they can work cohesively

and protect the interests of the class." *Tyson Foods, Inc.*, 2017 WL 368506, at *4 (appointing group of investors); *Apogee Enters., Inc.*, 2019 WL 927315, at *2 (same); *Mas v. KV Pharm. Co.*, No. 4:08-CV-1859 (CEJ), 2009 WL 1011506, at *2–3 (E.D. Mo. Apr. 15, 2009), *as amended* (Apr. 28, 2009) (same).

Moreover, the Uniti Investor Group—a combination of sophisticated institutional and individual investors—provides the Class broad representation "ensur[ing] that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). As such, the Court should have "no doubt" that a group composed of two institutional investors and a private individual investor "could collectively fulfill the functions of lead plaintiff in a fair, adequate, and effective manner." *Plumbers & Pipefitters Local 51 Pension Fund v. First Bancorp*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing two individual investors and an institutional investor); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. CIV. A. 00-152 (JEI), 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) ("It is the intention of the Court to appoint DeValle, Green and the Treasurer of the State of Connecticut as co-lead plaintiffs pursuant to the PSLRA [because] [t]he Court [] considers it desirable to have both an institutional investor, like Connecticut, and individual investors, like DeValle and Green, included as lead plaintiffs since each may bring a unique perspective to the litigation.").[3]

---

[3]   *See also, e.g.*, *Johnson v. Pozen Inc.*, No. 1:07CV599, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008) ("[A]n institution/individual Co–Lead Plaintiff structure will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason.") (collecting cases); *Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-CV-01039, 2018 WL 3141814, at *5 (N.D.

Here, the Uniti Investor Group is a small, cohesive group of sophisticated investors that determined on their own volition to jointly seek appointment as Lead Plaintiff and litigate this Action independently of counsel and in the best interests of all Class members. As set forth in the Joint Declaration, the members of the Uniti Investor Group individually determined to jointly seek appointment as Lead Plaintiff and litigate this action independently of counsel and in the best interests of all Class members. *See IBEW Local 98 Pension Fund v. CPI Corp.*, No. 4:12CV00075 AGF, 2012 WL 13065680, at \*1 (E.D. Mo. Aug. 3, 2012) (appointing lead plaintiff group which submitted "a joint declaration confirming their willingness to serve as lead plaintiffs").

Accordingly, the Uniti Investor Group has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel, and has further demonstrated its commitment to the efficient and zealous prosecution of the Action through the submission of its Joint Declaration.

## III.    THE UNITI INVESTOR GROUP'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's

Ill. June 26, 2018) (finding that the "combination of institutional and individual investors with a significant financial interest in this case serves to protect the interests of the class."); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 379 (E.D. Va. 2003) (appointment of institutional investor and individual investor "will ensure that all class members will be adequately represented in this action").

12

choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, the Uniti Investor Group has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, Thrash Decl., Ex. E.

Likewise, Thrash Law is well-qualified to represent the Class as Liaison Counsel. Thrash Law maintains an office in this District, and has substantial litigation experience. *See* Thrash Law Declaration, Thrash Decl. Ex. F. Thus, the firm is well qualified to represent the Class as Liaison Counsel. *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court.").

In light of the foregoing, the Court should approve the Uniti Investor Group's selection of Labaton Sucharow as Lead Counsel for the Class. The Court can be assured that, by approving

13

Uniti Investor Group's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, the Uniti Investor Group respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions; (ii) appointing the Uniti Investor Group as Lead Plaintiff; (iii) approving the Uniti Investor Group's selection of Labaton Sucharow as Lead Counsel for the Class and Thrash Law as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

14

DATED:  December 30, 2019

Respectfully submitted,

*/s/ Thomas P. Thrash*

Thomas P. Thrash, ABN #80147
**THRASH LAW FIRM, P.A.**
1101 Garland Street
Little Rock, Arkansas 72201
Telephone: (501) 374-1058
Facsimile: (501) 374-2222
tomthrash@thrashlawfirmpa.com

*Proposed Liaison Counsel for the Class*

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant the Uniti Investor Group, and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for David McMurray*

15

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 30, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Thomas P. Thrash*

Thomas P. Thrash, ABN #80147
**THRASH LAW FIRM, P.A.**
1101 Garland Street
Little Rock, Arkansas 72201
Telephone: (501) 374-1058
Facsimile: (501) 374-2222
tomthrash@thrashlawfirmpa.com

# Mailing Information for a Case 4:19-cv-00756-BSM Safadi v. Uniti Group Inc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jess L. Askew , III**
  jess.askew@kutakrock.com,freda.hoover@kutakrock.com,Suzette.McCasland@kutakrock.com

- **Brian M. Burnovski**
  brian.burnovski@davispolk.com,ecf.ct.papers@davispolk.com

- **Frederick Hart Davis**
  Frederick.Davis@KutakRock.com,Suzette.McCasland@KutakRock.com,freda.hoover@kutakrock.com

- **Andrew King**
  andrew.king@kutakrock.com,Suzette.McCasland@KutakRock.com,freda.hoover@kutakrock.com

- **Gregory M. Nespole**
  gnespole@zlk.com

- **Edmund Polubinski , III**
  edmund.polubinski@davispolk.com

- **Randall Keith Pulliam**
  rpulliam@cbplaw.com,jcox@cbplaw.com,dengelby@cbplaw.com

- **Nikolaus Williams**
  nikolaus.williams@davispolk.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eduard              Korsinsky
Levi & Korsinsky, LLP
55 Broadway, 10th Floor
New York, NY 10006
```

Case 4:19-cv-00756-BSM    Document 29    Filed 12/30/19    Page 22 of 22