# Exhibit D

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF THE UNITI INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

We, Joseph M. Little, on behalf of Steamfitters Local 449 Pension Plan; Gerard Grysko, on behalf of Wayne County Employees' Retirement System; and David McMurray, on behalf of myself and as sole beneficiary of the David McMurray R/O IRA, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the Motion of Steamfitters Local 449 Pension Plan ("Local 449"); Wayne County Employees' Retirement System ("Wayne County"); and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA ("McMurray") (together, the "Uniti Investor Group"), for consolidation, appointment as Lead Plaintiff and approval of its selection of counsel. We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PLSRA"). We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the movant or movants with which we are associated.

2.      I, Joseph M. Little, serve as Chairman of the Board of Trustees of Local 449, and am authorized to make this Joint Declaration of behalf of Local 449. Local 449, established in 1913, is a Pittsburgh, Pennsylvania based labor fund with approximately $500 million in assets under management, representing nearly 2,700 union-trained steamfitters. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Local 449 suffered substantial losses as a result of its investments in Uniti Group Inc. ("Uniti" or the "Company") during the Class Period. Local 449's understanding of the fiduciary obligations of the court-appointed lead plaintiff under the PSLRA is based, in part, on its previous experience serving as lead plaintiff

and bringing securities class actions to settlement. *See In re Sturm, Ruger & Co., Inc. Sec. Litig.*, No. 09-cv-01293 (D. Conn.) (securing $3 million settlement as lead plaintiff).

3.      I, Gerard Grysko, serve as Deputy Director of Wayne County, and am authorized to make this Joint Declaration of behalf of Wayne County. Wayne County, established in 1944, is a Detroit, Michigan based pension fund with approximately $920 million in assets under management, representing nearly 10,000 active and retired public employees. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Wayne County suffered substantial losses as a result of its investments in Uniti securities during the Class Period. Wayne County's understanding of the fiduciary obligations of the court-appointed lead plaintiff under the PSLRA is based, in part, on its previous experience serving as co-lead plaintiff and bringing securities class actions to settlement. *See In re Willbros Grp., Inc. Sec. Litig.*, No. 14-cv-03084 (S.D. Tex.) (securing $10 million settlement as co-lead plaintiff); *In re Cooper Cos., Inc. Sec. Litig.*, No. 06-cv-00169 (C.D. Cal.) (securing $27 million settlement as co-lead plaintiff).

4.      I, McMurray, am 75 years old and reside in Inman, South Carolina. I have been investing for approximately 20 years since my retirement in 1999. Prior to my retirement, I worked in industrial maintenance and also served in the National Guard.

5.      We are a small, cohesive group that is strongly motivated to recover the significant losses we each incurred as a result of Defendants' alleged violations of the federal securities laws. We believe that the composition of our group—two institutional investors with prior lead plaintiff experience and a sophisticated individual investor—provides the Class with the broadest representation and ensures that the interests of all Class members will be adequacy represented and protected in this litigation. Our primary goal in seeking appointment as Lead

Plaintiff is to ensure that the litigation is efficiently litigated by well-qualified counsel in order to achieve the best possible recovery for all Class members from all potentially culpable parties. For these reasons and others, we each independently determined that we could best achieve our shared goals of securing the maximum potential recovery for the Class by seeking appointment as Lead Plaintiff.

6.      Upon learning of the pending action against Defendants, the members of the Uniti Investor Group each independently consulted with Labaton Sucharow LLP ("Labaton Sucharow") to discuss the merits of the case.  After analyzing the merits of the claims against Uniti, the members of the Uniti Investor Group each individually determined to seek appointment as Lead Plaintiff and retained Labaton Sucharow as counsel.

7.      Accordingly, through discussions with counsel, we learned of each other's interest in serving as Lead Plaintiff in this class action, which gave rise to communications to explore whether it would be in our and the Class' best interests to seek joint appointment as Lead Plaintiff.  Based our diligence and communications, we agreed that a small group of sophisticated investors, comprised of both retail and institutional investors, represented the best possible structure to achieve the maximum results in this litigation for ourselves and the entirety of the Class.  The decision to jointly move for appointment as Lead Plaintiff was based, in part, on Wayne County's prior successes litigating securities class actions as part of a small, cohesive group of sophisticated investors, as well as the understanding that the appointment of the Uniti Investor Group would allow for the sharing of experiences and resources.  Further, we believe that the appointment of the Uniti Investor Group will ensure the Class is represented by highly-qualified counsel.

8. The Uniti Investor Group believes that its collective experience, resources, and ability to engage in joint decision-making will materially benefit and advance the interests of the Class in this case. The Uniti Investor Group is comprised of sophisticated investors that each have a substantial financial stake in this litigation and share a commitment to maximizing investors' recovery.

9. The Uniti Investor Group understands that the PSLRA and courts throughout the country endorse the appointment of small, cohesive groups of investors to serve as lead plaintiff when they are able to effectively oversee lead counsel in an independent manner. The Uniti Investor Group, if appointed, intends to prosecute this action in such an independent and vigorous manner.

10. Moreover, the members of the Uniti Investor Group are highly motivated to recover their respective substantial losses and intend to share their perspectives, experiences, and resources to direct this litigation. To this end, we have discussed the importance of joint decision-making, open communication and the ability to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions. Among other things, the Uniti Investor Group is prepared to actively oversee this matter and is available to confer via telephone and/or email, with or without counsel, to ensure that the Uniti Investor Group is able to make timely decisions.

11. The Uniti Investor Group recognizes the importance of selecting a qualified law firm to prosecute the litigation, and that it do so in a cost-effective manner. With respect to our selected counsel, we believe that the Class will benefit from having a law firm highly experienced in successfully litigating securities class actions as Lead Counsel. We are familiar with the experience, resources, and successes of our proposed Lead Counsel, Labaton Sucharow,

4

and are aware that it is an accomplished law firm with a history of achieving significant recoveries in actions as Lead Counsel.  Through oversight of our proposed Lead Counsel, we are confident that Labaton Sucharow will prosecute this litigation in a zealous and efficient manner.

12.     The Uniti Investor Group is determined to maximize recovery for the entirety of the Class, and therefore does not anticipate that any material disagreements will arise if appointed as Lead Plaintiff.  Further, the Uniti Investor Group is firmly committed in good faith to reach consensus with respect to all litigation decisions, and to that end will consult with Lead Counsel as they deem necessary to fulfill their fiduciary obligations to the Class if appointed as Lead Plaintiff.

13.     Furthermore, in the unlikely event that a disagreement does arise during the course of the litigation which the Uniti Investor Group is unable to resolve through thoughtful and extensive deliberation, the Uniti Investor Group has agreed to set any such disputes to a majority vote between its members.  Additionally, in the event an emergency prevents the Uniti Investor Group from timely consulting to collectively make a decision, the Uniti Investor Group has unanimously agreed to defer to Lead Counsel's recommendation as a contingency in these extremely limited set of circumstances.

14.     The Uniti Investor Group hereby reaffirms its commitment to satisfying the fiduciary obligations that it will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, the Uniti Investor Group will ensure that the Uniti securities litigation will be vigorously prosecuted consistent with the Lead

5

Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I, Joseph M. Little, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this __30th__ day of December, 2019.


Joseph M. Little
*Chairman of the Board of Trustees*
*Steamfitters Local 449 Pension Plan*

7

Pursuant to 28 U.S.C. § 1746, I, Gerard Grysko, declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to myself are true to the best of my knowledge.

Executed this 30th day of December, 2019.


*Gerard Grysko*
Gerard Grysko
*Deputy Director*
*Wayne County Employees' Retirement System*

Pursuant to 28 U.S.C. § 1746, I, David McMurray, declare under penalty of perjury under

the laws of the United States of America that the foregoing statements relating to myself are true

to the best of my knowledge.

Executed this ⎯⎯⎯⎯⎯ 12/30/2019 day of December, 2019.

DocuSigned by:

David McMurray

D1C3028A150846F...

David McMurray

9