UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

| | | |
|---|---|---|
| IBRAHIM E. SAFADI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 4:19-cv-00756-BSM |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| UNITI GROUP INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| PHIL QUEDER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 4:19-cv-00873-BSM |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| UNITI GROUP INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF ZHENGXU HE, TRUSTEE FOR THE
HE & FANG 2005 REVOCABLE LIVING TRUST'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF LEAD COUNSEL

| | | |
|---|---|---|
| MICHAEL AVERY, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 4:19-cv-00927-LPR |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITI GROUP INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................................... i

II. STATEMENT OF FACTS .......................................................................................... 2

III. ARGUMENT ............................................................................................................. 5

    A. The Related Actions Should Be Consolidated ............................................... 5

    B. Mr. He Is the "Most Adequate Plaintiff" and Should Be Appointed
    Lead Plaintiff ................................................................................................. 5

        1. Mr. He's Motion Is Timely ................................................................. 6

        2. Mr. He Has the Largest Financial Interest in the Relief Sought
        by the Class ......................................................................................... 6

        3. Mr. He Is Typical and Adequate of the Putative Class ...................... 7

    C. The Court Should Approve Mr. He's Selection of Counsel ......................... 9

IV. CONCLUSION ........................................................................................................ 11

4825-2257-1440.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*City of Pontiac Gen. Emps. Ret. Sys. v. Wal-Mart Stores, Inc.*,
2016 WL 5400373 (W.D. Ark. Sept. 20, 2016) ........................................................... 9

*City of Pontiac Gen. Emps. Ret. Sys. v. Wal-Mart Stores, Inc.*,
No. 5:12-cv-05162-SOH (W.D. Ark.) ................................................................ 10, 11

*Colbert v. Bank OZK et. al*,
No. 4:18-cv-0793-JM (E.D. Ark. Jan. 10, 2019) ........................................................ 9

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG-JCG (C.D. Cal.) ................................................................. 10

*IBEW Local 98 Pension Fund v. CPI Corp.*,
2012 WL 13065680 (E.D. Mo. Aug. 3, 2012) ........................................................... 8

*IDT Corp. v. eBay, Inc.*,
No. 4:10-cv-04097-HFB (W.D. Ark.) ...................................................................... 10

*In re Accuray Inc. Sec. Litig.*,
No. 4:09-cv-03362-CW (N.D. Cal.) ........................................................................ 8

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) ..................................................................... 10

*In re Doral Fin. Corp. Sec. Litig.*,
414 F. Supp. 2d 398 (S.D.N.Y. 2006) ...................................................................... 2

*In re Enron Corp. Sec.*,
586 F. Supp. 2d 732 (S.D. Tex. 2008) ...................................................................... 9

*In re Enron Corp. Sec.*,
No. 4:01-cv-03624 (S.D. Tex.) ............................................................................... 10

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .............................................................. 10

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ............................................................... 10

*In re Southeast Milk Antitrust Litig.*,
No. 2:08-md-01000 (E.D. Tenn.) ........................................................................... 10

4825-2257-1440.v1

**Page**

*In re UnitedHealth Group Inc. Sec. Litig.*,
 No. 0:06-cv-01691-JMR-FLN (D. Minn.) ..................................................................... 10

*Johnson v. Centerpoint Energy*,
 No. CV-2004-327-2 (Ark. Cir. Ct., Miller Cty.) .......................................................... 10

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
 No. 1:02-cv-05893 (N.D. Ill.) ...................................................................................... 10

*Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund, Private
 Scavenger and Garage Attendants Pension Trust Fund and Textile
 Maintenance and Laundry Craft Pension Fund v. David C. Swanson, et
 al.*,
 No. 1:09-cv-00799-MMB (D. Del.) .............................................................................. 8

*Maxell Ltd. v. Apple, Inc.*,
 No. 5:19-cv-00036-RWS (E.D. Tex.) ........................................................................... 10

*Maxell Ltd. v. ZTE Corp. & ZTE USA, Inc.*,
 No. 5:16-cv-00179-RWS (E.D. Tex.) ........................................................................... 10

*Minn. Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*,
 2008 WL 5233106 (E.D. Mo. Dec. 12, 2008) ............................................................. 7

*Mobile Micromedia Solutions, LLC v. Nissan North America, Inc.*,
 No. 5:05-cv-00230-DF-CMC (E.D. Tex.) .................................................................... 10

*St. Jude Medical, Inc. v. Access Closure, Inc.*,
 No. 4:08-cv-04101-HFB (W.D. Ark.) ........................................................................... 10

*Strickland, et al v. Visible Measures Corp.*,
 No. CV-2011-0494-2 (Ark. Cir. Ct., Miller Cty.) ........................................................ 10

- iii -

**Page**

## STATUTES, RULES AND REGULATIONS

15 U.S.C.

§78u-4(a)(1) ............................................................................................................... 5

§78u-4(a)(3)(A)(i) ...................................................................................................... 5

§78u-4(a)(3)(B)(i) ...................................................................................................... 1

§78u-4(a)(3)(B)(ii) ................................................................................................. 1, 5

§78u-4(a)(3)(B)(iii) .................................................................................................... 2

§78u-4(a)(3)(B)(iii)(I) ............................................................................................... 6

§78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................................... 7

§78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................................... 8

§78u-4(a)(3)(B)(v) ..................................................................................................... 8

Federal Rules of Civil Procedure

Rule 23 ................................................................................................................... 6, 7

Rule 23(a) ................................................................................................................... 7

Rule 23(a)(3) .............................................................................................................. 7

Rule 42(a) .............................................................................................................. 1, 5

4825-2257-1440.v1

## I.      INTRODUCTION

Presently pending in this District are three class action lawsuits brought on behalf of Uniti Group Inc. ("Uniti" or the "Company") investors against Uniti and two of its officers for violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5: (1) *Sadafi v. Uniti Group Inc. et al*., No. 4:19-cv-00756-BSM (filed October 25, 2019); (2) *Queder v. Uniti Group Inc. et al*., No. 4:19-cv-00873-BSM (filed December 6, 2019); and (3) *Avery v. Uniti Group Inc. et al*., No. 4:19-cv-00927-LPR (filed December 23, 2019) (together, the "Related Actions").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 *et seq*., Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust ("Mr. He") moves this Court for consolidation of the Related Actions, appointment as lead plaintiff, and approval of Mr. He's selection of counsel.

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they involve common questions of law and fact, and assert similar claims against identical defendants on behalf significantly overlapping putative classes.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C.

- 1 -

§78u-4(a)(3)(B)(i).  Here, Mr. He respectfully submits that he should be appointed to serve as Lead Plaintiff on behalf of the putative class because Mr. He: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) is typical of the other members of the putative class and will adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. He's selection of Robbins Geller & Dowd LLP ("Robbins Geller") to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  Accordingly, Mr. He should be appointed Lead Plaintiff and his selection of counsel should be approved.

## II.     STATEMENT OF FACTS

Uniti is a real estate investment trust specializing in the acquisition and construction of essential-to-survival infrastructure in the communications industry.  The Company is a Maryland corporation and has its headquarters in Little Rock.  On February 27, 2017, the Company changed its name from Communications Sales & Leasing, Inc. to Uniti Group Inc. The Company's common stock traded on the NASDAQ under the ticker symbol CSAL from April 20, 2015 until February 24, 2017, and then under the ticker symbol UNIT from February 27, 2017 to the end of the Class Period.[1]

---

[1]     The *Sadafi* and *Queder* Actions allege the same class period, which begins on April 20, 2015 and ends on February 15, 2019, both dates inclusive.  The *Avery* Action, while factually similar to the *Sadafi* and *Queder* Actions, alleges a class period that begins on April 20, 2015 and ends on June 24, 2019.  This slight difference in the end dates of the class periods will be reconciled by the lead plaintiff upon the filing of a consolidated complaint.  For purposes of this motion, and a determination of the "largest financial interest in the relief sought by the class," Mr. He uses the most inclusive class period of the three Related Actions.  *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding that "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members").

- 2 -

On March 25, 2015, Uniti disclosed approval of its spin-off from Windstream Holdings, Inc. ("Windstream"), which then became Uniti's main customer. According to Uniti, in connection with the spin-off, Windstream sold certain of its telecommunications network assets, including fiber and copper networks and other real estate and a small consumer competitive local exchange carrier to Uniti. *See Avery*, ECF No. 1 at ¶20. Uniti then leased these assets back to Windstream. *Id*. While the lease agreement was between Uniti and Windstream, the Windstream operating subsidiaries were the direct beneficiaries of the lease and in effect were the de facto lessees of the fiber and copper network assets. *Id*.

The Related Actions charge Uniti, Mark A. Wallace, and Kenneth A. Gunderman with violations of the Exchange Act. Specifically, the complaints filed in the Related Actions each allege that during the Class Period, defendants made materially false and misleading statements and/or failed to disclose adverse information regarding the nature and implications of the spin-off and the associated transactions between the Company and Windstream.[2]

---

[2]   *Compare Sadafi*, ECF No. 1 at ¶18 ("The statements in paragraph[] ¶16 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants failed to disclose that: (i) Uniti's financial results were not sustainable because its customer Windstream had defaulted on its unsecured notes; and (ii) as a result of the foregoing, Defendants' statements about Uniti's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis."); *Quederi*, ECF No. 1 at ¶18 (same) *with Avery*, ECF No. 1 at ¶37 ("The statements referenced above in ¶¶34 and 35 were materially false and misleading as they failed to disclose the following adverse facts which were known to Defendants or recklessly disregarded by them as follows: (a) that the sale-leaseback transaction between Windstream and Uniti was a highly risky attempt to make an end-run around the restrictive covenants in the Indenture; (b) that Windstream was violating the restrictive covenants contained in its notes by entering into the sale-leaseback arrangement with Uniti and that this violation was going to lead to the noteholder accelerating the notes obligating Windstream to immediately repay hundreds of millions of dollars which would bankrupt Windstream and have

- 3 -

On September 21, 2017, hedge fund Aurelius Capital Master, Ltd., the owner of more than 25% of Windstream's unsecured notes due 2023, provided written notice to Windstream that the spin-off of Uniti constituted a sale and leaseback in breach of the notes' indenture. The following month, U.S. Bank National Association (in its capacity as indenture trustee, and as directed by Auerlius) filed a lawsuit in the Southern District of New York, alleging that the spin-off and associated transactions violated the notes' indenture.  Then, on February 15, 2019, U.S. District Judge Jesse M. Furman release his Findings of Facts and Conclusions of Law, which held that Windstream had breached the indenture and awarded Aurelius a monetary judgment of more than $310 million, plus interest.  On this news, the price of Uniti stock declined over 35%.

On February 25, 2019, as a result of Judge Furman's decision, Windstream announced it had filed for Chapter 11 bankruptcy.

The *Avery* complaint alleges that, following Judge Furman's decision and Windstream's bankruptcy, defendants continued to deceive investors by making false and misleading statements and/or failing to disclose that Uniti was running out of sufficient liquidity and would soon need to issue additional debt if it was to continue operations. *Avery*, ECF No. 1 at ¶¶61-66.  Then, on June 24, 2019, despite Uniti's repeated assertions that they did not have any liquidity concerns, the Company announced a note offering of $300 million aggregate principal amount of exchangeable senior notes due 2024. *Id*. at ¶67. On this news, the price of Uniti stock declined over 12%. *Id*. at ¶68.

---

severe financial consequences for Uniti; and (c) as a result of the foregoing, Defendants lacked a reasonable basis for their positive statements about Uniti, its revenues, earnings and prospects.").

- 4 -

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. He and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation is appropriate where actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  Here, the Related Actions assert virtually identical federal securities laws claims against the same defendants during overlapping class periods and involve significant common questions of law and fact.  Consolidation would preserve judicial resources and promote efficient prosecution of the litigation.  Accordingly, the Court should consolidate the Related Actions.

### B.   Mr. He Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported

- 5 -

class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. He meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    Mr. He's Motion Is Timely

The October 29, 2019 statutory notice published in the first-filed *Sadafi* Action advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by December 30, 2019. *See* Declaration of Geoffrey P. Culbertson in Support of Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Culbertson Decl."), Ex. A. Because Mr. He's Motion has been timely filed, he is eligible for appointment as lead plaintiff.

### 2.    Mr. He Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. He purchased over 4,500,000 shares of Uniti common stock during the Class Period and suffered nearly $5,700,000 in losses due to defendants'

- 6 -

alleged misconduct.  *See* Culbertson Decl., Exs. B, C.[3]  To the best of his counsel's knowledge, no named plaintiff claims a larger financial interest than Mr. He.  Therefore, Mr. He satisfies the PSLRA's "largest financial interest" requirement.

### 3.     Mr. He Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "Although Rule 23(a) includes four requirements – numerosity, commonality, typicality, and adequacy – the presumptive lead plaintiff 'need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'"  *Minn. Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, 2008 WL 5233106, at *1 (E.D. Mo. Dec. 12, 2008) (citation omitted).  "The typicality requirement of Rule 23(a)(3) is satisfied when each class member makes similar legal arguments to prove the defendant's liability."  *Id.* at *2.  "[T]he adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy."  *Id.*

Here, Mr. He's claims are typical of those of the class because, like all class members, he claims that defendants violated the Exchange Act by disseminating materially false and misleading statements and omissions, and Mr. He purchased Uniti securities at prices artificially inflated by defendants' misrepresentations and omissions, like all of the other

---

[3]    Mr. He's losses of $5,691,113.06 are the same under both the "last in, first out" loss calculation method and the "first in, first out" loss calculation method.

4825-2257-1440.v1

putative class members. Thus, Mr. He's claims will require similar legal arguments to prove defendants' liability. As a result, Mr. He satisfies the Rule 23(a)(3) typicality requirement.

Mr. He is also an adequate representative for the proposed class because, Mr. He is not aware of any conflicts of interest between himself and the other class members, Mr. He's financial interest indicates that he has the requisite incentive to vigorously represent the class's claims, and, as explained below, Mr. He has selected experienced and qualified counsel. Indeed, Mr. He is a sophisticated investor with prior experience serving as a lead plaintiff in PSLRA cases, repeatedly proving himself able to successfully carry out the responsibilities of a lead plaintiff. *See Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund, Private Scavenger and Garage Attendants Pension Trust Fund and Textile Maintenance and Laundry Craft Pension Fund v. David C. Swanson, et al.*, No. 1:09-cv-00799-MMB (D. Del.) ($25 million recovery in PSLRA case in which Mr. He served as lead plaintiff); *In re Accuray Inc. Sec. Litig.*, No. 4:09-cv-03362-CW (N.D. Cal.) ($13.5 million recovery in PSLRA case in which Mr. He served as lead plaintiff). Further evidencing his ability to fairly and competently represent the interests of the class, Mr. He has submitted a Declaration affirming his willingness to serve as, and to assume the responsibilities of, class representative in this case. *See* Culbertson Decl., Ex. D.

Because Mr. He filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that Mr. He is the "most adequate plaintiff" under the PSLRA.

- 8 -

### C.     The Court Should Approve Mr. He's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "Courts should not disturb the lead plaintiff's choice of counsel unless necessary to 'protect the interests of the class.'" *IBEW Local 98 Pension Fund v. CPI Corp.*, 2012 WL 13065680, at *3 (E.D. Mo. Aug. 3, 2012) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)). Here, Mr. He has selected Robbins Geller to serve as lead counsel for the proposed class, a firm that has been approved as lead counsel in securities class actions across the country. *See* Culbertson Decl., Ex. E. In addition, Patton Tidwell & Culbertson, LLP will serve as liaison counsel.

Mr. He's choice of counsel is informed by his first-hand experience working with and directing Robbins Geller in prior representations. Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. District courts throughout the nation, including in Arkansas, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Colbert v. Bank OZK et. al*, No. 4:18-cv-00793-JM, ECF No. 19 (E.D. Ark. Jan. 10, 2019) (appointing Robbins Geller as lead counsel in securities fraud class action); *City of Pontiac Gen. Emps. Ret. Sys. v. Wal-Mart Stores, Inc.*, 2016 WL 5400373, at *6 (W.D. Ark. Sept. 20, 2016) (finding that "Plaintiff's

- 9 -

counsel has sufficient experience handling similar securities class actions to adequately represent the class" and approving Robbins Geller as class counsel and Patton Tidwell & Culbertson, LLP, as liaison counsel); *see also In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").[4]

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in this Circuit, as well as in the Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits.[5] And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

---

[4]   On April 8, 2019, the Honorable Susan O. Hickey of the U.S. District Court for the Western District of Arkansas granted final approval of a $160 million settlement in *City of Pontiac Gen. Emps. Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 5:12-cv-05162-SOH, ECF No. 457, Order and Final Judgment (W.D. Ark. Apr. 8, 2019), which is the largest securities settlement ever achieved in any Arkansas federal court.

[5]   *See In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4825-2257-1440.v1

Proposed liaison counsel, Patton Tidwell & Culbertson, LLP, is also a highly respected law firm having prosecuted and defended class actions and other complex cases in the federal and state courts of Arkansas, Texas and Tennessee.[6]

Thus, the Court can be assured that in the event this motion is granted, the putative class will receive the highest caliber of legal representation available from Robbins Geller as lead counsel and Patton Tidwell & Culbertson, LLP as liaison counsel.  Accordingly, Mr. He's selection of counsel should be approved.

## IV.   CONCLUSION

The Court should `consolidate the Related Actions because they share overlapping questions of law and fact.  Mr. He meets each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. He respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  December 30, 2019                    Respectfully submitted,

                                    /s/ Geoff Culbertson
                                    GEOFFREY P. CULBERTSON

---

[6]    *See City of Pontiac Gen. Emps. Ret. Sys. v. Wal-Mart Stores, Inc.*, No. 5:12-cv-05162-SOH (W.D. Ark.); *Maxell Ltd. v. ZTE Corp. & ZTE USA, Inc*., 5:16-cv-00179-RWS (E.D. Tex.); *Maxell Ltd. v. Apple, Inc.*, No. 5:19-cv-00036-RWS (E.D. Tex.); *Johnson v. Centerpoint Energy*, No. CV-2004-327-2 (Ark. Cir. Ct., Miller Cty.); *Strickland, et al v. Visible Measures Corp.*, No. CV-2011-0494-2 (Ark. Cir. Ct., Miller Cty.); *St. Jude Medical, Inc. v. Access Closure, Inc.*, No. 4:08-cv-04101-HFB (W.D. Ark.); *In re Southeast Milk Antitrust Litig.*, No. 2:08-md-01000 (E.D. Tenn.); *IDT Corp. v. eBay, Inc.*, No. 4:10-cv-04097-HFB (W.D. Ark.); *Mobile Micromedia Solutions, LLC v. Nissan North America, Inc.*, No. 5:05-cv-00230-DF-CMC (E.D. Tex.).

- 11 -

GEOFFREY P. CULBERTSON
Arkansas Bar No. 2014011
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd.
Texarkana, TX 75503
Telephone:  903/792-7080
903/792-8233 (fax)
gpc@texarkanalaw.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
stirabassi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
danim@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 12 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 30, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Geoff Culbertson
GEOFFREY P. CULBERTSON

GEOFFREY P. CULBERTSON
Arkansas Bar No. 2014011
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd.
Texarkana, TX 75503
Telephone:  903/792-7080
903/792-8233 (fax)

E-mail:  gpc@texarkanalaw.com

4825-2257-1440.v1

# Mailing Information for a Case 4:19-cv-00756-BSM Safadi v. Uniti Group Inc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jess L. Askew , III**
  jess.askew@kutakrock.com,freda.hoover@kutakrock.com,Suzette.McCasland@kutakrock.com

- **Brian M. Burnovski**
  brian.burnovski@davispolk.com,ecf.ct.papers@davispolk.com

- **Frederick Hart Davis**
  Frederick.Davis@KutakRock.com,Suzette.McCasland@KutakRock.com,freda.hoover@kutakrock.com

- **Andrew King**
  andrew.king@kutakrock.com,Suzette.McCasland@KutakRock.com,freda.hoover@kutakrock.com

- **Gregory M. Nespole**
  gnespole@zlk.com

- **Edmund Polubinski , III**
  edmund.polubinski@davispolk.com

- **Randall Keith Pulliam**
  rpulliam@cbplaw.com,jcox@cbplaw.com,dengelby@cbplaw.com

- **Scott P. Richardson**
  scott@mrcfirm.com,kalverson@mrcfirm.com

- **Thomas P. Thrash**
  tomthrash@sbcglobal.net

- **Nikolaus Williams**
  nikolaus.williams@davispolk.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eduard            Korsinsky
Levi & Korsinsky, LLP
55 Broadway, 10th Floor
New York, NY 10006
```