**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| IN RE UNITI GROUP INC. SECURITIES LITIGATION | No. 4:19-cv-00756-BSM |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

Defendants Uniti Group Inc. ("Uniti"), Kenneth A. Gunderman, and Mark A. Wallace (collectively, "Defendants"), for their notice of supplemental authority in support of their motion to dismiss (the "Motion") (ECF Nos. 63, 64, 86), state:

1. As explained in Defendants' opening brief, Plaintiffs' complaint in this case was copied in large part nearly verbatim from the earlier-filed complaint in *SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, Case No. 1:19-cv-01813-LPS (the "SLF Action"). ECF No. 64 at 12. Each of the counts in Plaintiffs' complaint appears in substantially identical form in the operative complaint in the SLF Action.

2. On November 4, 2020, Chief Judge Leonard P. Stark of the United States District Court for the District of Delaware dismissed the SLF Action in its entirety, with prejudice, in the attached Opinion. *See* Exhibit 1 (the "SLF Opinion"). Defendants submit that the lengthy and well-reasoned SLF Opinion represents highly relevant and persuasive authority and strongly supports dismissal of Plaintiffs' complaint for the same reasons set forth in the Motion.

3. In the 34-page written opinion, entered after full briefing and nearly two hours of oral argument, Chief Judge Stark concluded that the complaint in the SLF Action failed to state a claim for several independent reasons, each of which alone would have required dismissal. Ex.

4846-7930-9521.1

1, SLF Opinion at 15-29.  Chief Judge Stark also denied SLF's request for leave to amend and dismissed the case with prejudice, concluding that any amendment would be futile.  *Id.* at 33-34.

4.      As explained in detail below, each of the grounds for dismissal set forth in the SLF Opinion also serves as an independent basis to dismiss Plaintiffs' complaint in this case.

- *First*, Chief Judge Stark concluded that SLF failed to plead an actionable misstatement or omission by any Defendant.  Ex. 1, SLF Opinion at 16-21. He considered the same allegedly misleading statements at issue here and held that "Uniti had no duty to disclose the alleged, unmaterialized risks" to investors, and "Defendants sufficiently disclosed the risks regarding the spinoff and REIT in their public filings."  *Id.* at 16, 18.  Plaintiffs' claims here fail for the same reason.  *See* ECF No. 64 at 14-25; ECF No. 86 at 3-15.

- *Second*, Chief Judge Stark concluded that, even if SLF had adequately pled an actionable misstatement or omission, it had failed to plead a strong inference of scienter as to any Defendant.  Ex. 1, SLF Opinion at 22-25.  Here too, Plaintiffs' claims in this case fail for the same reason.  *See* ECF No. 64 at 25-34, 40 n.16; ECF No. 86 at 15-28.  Indeed, Chief Judge Stark considered and rejected the same scienter arguments proffered by Plaintiffs here.  He held that the complaint "does not allege that Defendants believed, or had reason to believe (at any point prior to August 2017, upon hearing rumors that Aurelius was preparing a lawsuit), that the Master Lease violated Windstream's indentures."  Ex. 1, SLF Opinion at 24.  He likewise rejected the contention that the complaint's "allegations about what Defendants knew about the useful life of the copper wiring lead to a conclusion that scienter is adequately pled."  *Id.*  Finally, he rejected the argument, also advanced by Plaintiffs in this action, that Windstream's alleged scienter can be attributed to Defendants.  *Id.* at 23.

2

- *Third*, Chief Judge Stark concluded that SLF failed to adequately plead loss causation, which was likewise fatal to its Section 10(b) claims.  Ex. 1, SLF Opinion at 27-29.  As Chief Judge Stark explained, "Defendants' disclosures did not reveal any new facts regarding the alleged omissions, and so could not have caused Plaintiff's losses associated with the decline in stock price."  Ex. 1, SLF Opinion at 27.  The same pleading failure also requires dismissal here.  *See* ECF No. 64 at 34-38; ECF No. 86 at 28-31, 33.

- *Fourth*, Chief Judge Stark concluded that plaintiff's Section 20(a) claim also failed because SLF failed to plead a primary violation of the securities laws.  Ex. 1, SLF Opinion at 32.  The same conclusion applies here too.  *See* ECF No. 64 at 41; ECF No. 86 at 34.

WHEREFORE, Defendants respectfully submit the attached supplemental authority to the Court's attention and request all other just and appropriate relief.

Dated: November 9, 2020

OF COUNSEL:

Edmund Polubinski III *
Brian M. Burnovski *
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
edmund.polubinski@davispolk.com
brian.burnovski@davispolk.com

Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000 Telephone
jess.askew@kutakrock.com
andrew.king@kutakrock.com
frederick.davis@kutakrock.com

*Counsel for Defendants Uniti Group Inc.,
Kenneth A. Gunderman, and Mark A. Wallace*

* *admitted pro hac vice*

3