UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | ) ) ) | Master File No. 4:19-cv-00756-BSM<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) | RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY |

Cases\4848-4743-4193.v1-11/10/20

Lead Plaintiffs Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust, Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA ("Plaintiffs") respectfully submit this response to Defendants' Notice of Supplemental Authority, ECF No. 69 (the "Notice"), attaching the November 4, 2020 order granting defendants' motion to dismiss in *SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, *et al.*, No. 19-1813-LPS, ECF No. 98 (D. Del. Nov. 4, 2020) ("Delaware Order").[1]  While Plaintiffs acknowledge that this action and *SLF Holdings* allege wrongful conduct associated with the Spin-Off transaction that created defendant Uniti, and as a result, both actions share some similar allegations, there are also important and fundamental differences that render the Delaware Order inapplicable.  Those differences include: (1) additional and distinct allegations of false and misleading statements and omissions; (2) allegations of scienter not made in the *SLF Holdings* action that demonstrate Defendants' direct knowledge of the misleading nature of their class period statements; and (3) Plaintiffs' alleged materialization of the risk theory of loss causation.  For these reasons, and as further discussed below, the Delaware Order is not the silver bullet that Defendants think it is.

## I.     This Action Is Based on a Different Category of False and Misleading Statements Than Those Alleged in *SLF Holdings*

There are numerous categories of false and misleading statements at issue here that were not at issue in *SLF Holdings* and therefore are not addressed in the Delaware Order.

---

[1]    Defendants are Uniti Group Inc. ("Uniti"), Kenneth A. Gunderman ("Gunderman"), and Mark A. Wallace.  The Consolidated Amended Class Action Complaint is referred to herein as the "Complaint," (cited as "¶__").  ECF No. 62.  All capitalized terms shall be ascribed the same meaning as in the Complaint.

Specifically, here Plaintiffs challenge as materially misleading not only Defendants' statements made at the time of the Spin-Off, but also statements made post-Spin-Off, including:

1. Defendants' statements aimed at assuring investors and the public that the lease payment from Windstream was "very safe" and that the Master Lease was "well structured for distressed situations." ¶¶169-228;

2. Defendants' statements made after Aurelius initiated its litigation against Windstream. These statements, beginning November 2, 2017 through November 1, 2018, include Defendants repeatedly disclaiming the possibility of a ruling in favor of Aurelius stating that "Windstream [would] ultimately have a favorable outcome," that the claims were "manufactured," and that Uniti "continue[d] to be highly confident in the leased, lease payment, [and] the protections that [it] ha[d] in all scenarios." ¶¶184-198; and

3. Beginning on March 18, 2019, after U.S. District Court Judge Jesse M. Furman ruled in favor of Aurelius, and through the end of the Class Period, Defendants' statements seeking to convince investors and the public that the "Master Lease is essential to Windstream's operations," that "the probability of Windstream rejecting the Master Lease in bankruptcy to be remote," and that Uniti would be able to "navigate the Windstream bankruptcy proceedings without having to raise external capital" and would continue "to invest uninterrupted" in its business platforms. ¶¶211-225.

In contrast, the alleged false and misleading statements at issue in *SLF Holdings* are confined to the statements in: (1) Uniti's initial Information Statement filed with the SEC on March 26, 2015; (2) its February 23, 2017 10-K where Uniti misleadingly characterized Windstream Holdings as the "lessee of the Distribution Systems pursuant to the Master Lease"; (3) its November 14, 2016 statement that Uniti would be more than willing to consider engaging in "additional sale-leaseback options with Windstream"; (4) Uniti's March 2016 statements that Windstream is a "base of stable and highly predictable rent revenues"; and (5) Uniti's February 23, 2017 statement that Uniti was "extremely pleased

with Windstream's performance." *SLF Holdings*, Amended Complaint, ECF No. 71, ¶¶92-113.

There is also an important contextual difference between the false and misleading statements alleged here and those at issue in *SLF Holdings*. Notice at 2. Here, Plaintiffs allege Defendants' false and misleading statements were made to reassure investors and the public that Uniti's business from its largest customer (which provided nearly 70% of its revenues), was not in jeopardy from an adverse ruling in the Aurelius Litigation, by actively working to undercut and downplay at every opportunity the market's appreciation of the risk associated with the Spin-Off and Master Lease transactions. In *SLF Holdings*, however, the allegedly false and misleading statements were those defendants made specifically to the plaintiffs in that case, in connection with negotiations between plaintiff SLF Holdings and defendant Uniti.

Furthermore, Defendants point to the Delaware Order's finding that "Defendants sufficiently disclosed the risks regarding the spinoff and REIT in their public filings." Notice at 2. But Plaintiffs here allege and argue that additional risk disclosures regarding disputes with third parties and risks associated with Windstream's dispute with Aurelius made by Defendants were *also* materially misleading because they failed to provide the full picture about the "risks" discussed. Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss the Consolidated Amended Complaint, ECF No. 66 ("Opposition" or "Opp.") at 33. These allegations and arguments were not presented to the court by the plaintiffs in *SLF Holdings* and therefore are not addressed in the Delaware Order. Additionally, here, Plaintiffs opposed Defendants' reliance on a truth-on-the-market defense at the pleading

- 3 -

stage by arguing that Defendants cannot demonstrate that the information Plaintiffs claim was concealed was "'transmitted to the public with a degree of intensity and credibility sufficient to effectively counter-balance any misleading impression,' a 'notoriously difficult burden to carry short of trial.'" *See* Opp. at 30.  This principle – articulated in *In re Stellent, Inc. Sec. Litig.*, 326 F. Supp. 2d 970 (D. Minn. 2004) and related Eighth Circuit case law – is not addressed by the parties in *SLF Holdings* or analyzed in the Delaware Order.

## II.     Scienter

Moreover, despite what Defendants adamantly suggest, the Delaware Order did not consider and reject the same scienter allegations at issue here.  Notice at 2.  Indeed, Plaintiffs' Complaint presents additional and specific factual allegations concerning Defendants' scienter (and a more detailed analysis of the inferences arising from those facts) than plaintiffs alleged in *SLF Holdings*.  Specific scienter allegations that are before this Court but were not at issue in *SLF Holdings* include (among others):

1.     Internal acknowledgement by the Defendants that the Spin-Off transaction was designed specifically with the Indenture's sale-leaseback restrictions in mind as revealed in an April 15, 2013 email (¶¶75-76);

2.     Internal documents that reflect Defendants' intentional efforts to conceal the truth, including talking points that specifically directed Defendants to avoid providing fulsome information (¶¶118-121);

3.     Documents, including internal Windstream board meeting presentations – some drafted by defendant Gunderman – which show that Defendants were aware that the Master Lease violated the terms of the Indenture (¶¶68-86);

4.     Defendants' representations to investors after the Aurelius Litigation commenced – that are akin to admissions – that they looked "very, very closely" at the legal claim and did a "deep dive" on the Master Lease (¶¶186, 188); and

5.     Comprehensive allegations that detail that this was not an arms-length transaction, but one created by Windstream and Uniti executives who were

- 4 -

intimately involved in structuring the transaction while working on both sides of the deal (¶¶78, 103-110).

Opp. at 41-47.  In sum, the specific facts and arguments that Plaintiffs assembled and presented to the Court in support of a strong inference of scienter are materially different than those presented in *SLF Holdings*.

## III.   Loss Causation

The Delaware Order's holding on loss causation is not dispositive here.  In *SLF Holdings*, plaintiffs exclusively allege a corrective disclosure theory of loss causation.  *See* Notice at 3 ("'Defendants' disclosures did not reveal ***any new facts*** regarding the alleged omissions, and so could not have caused Plaintiff's losses associated with the decline in stock price.'").  In contrast, here, Plaintiffs rely on a materialization of the risk theory of loss causation – ¶¶17-18, 21, 24-25, 30, 167, 178, 206, 228, 266; Opp. at 51-55 – a fact that Defendants repeatedly attempt to bury, but do not dispute.  *See* Reply Brief in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, ECF No. 68 at 3.  As the plaintiffs in *SLF Holdings* did not plead, and the court did not analyze, or make a ruling on, a materialization of the risk theory of loss causation, the Delaware Order's loss causation holding is inapplicable to this proceeding.

## IV.   Conclusion

For the reasons set forth herein and in Plaintiffs' Opposition (ECF No. 66), Plaintiffs respectfully submit that the court's decision in *SLF Holdings* does not support dismissal of any portion of the Complaint, and that Defendants' motion to dismiss should be denied in its entirety.

- 5 -

DATED:  November 10, 2020

DEBRA J. WYMAN
ROBBINS GELLER RUDMAN
  & DOWD LLP
TING H. LIU
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
Email:  debraw@rgrdlaw.com
        tliu@rgrdlaw.com

LABATON SUCHAROW LLP
CAROL C. VILLEGAS
CHRISTINE M. FOX
ROSS M. KAMHI
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
Email:  cvillegas@labaton.com
        cfox@labaton.com
        rkamhi@labaton.com

Lead Counsel for Lead Plaintiffs

GEOFFREY P. CULBERTSON
Arkansas Bar No. 2014011
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, TX  75503
Telephone:  903/792-7080
903/792-8233 (fax)
Email:  gpc@texarkanalaw.com

Liaison Counsel for the Class

THE SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA  90067
Telephone:  424/303-1964
877/590-0483 (fax)
Email: brian@schallfirm.com

- 6 -

- 7 -

THORNTON LAW FIRM LLP
GUILLAUME BUELL
1 Lincoln Street, 25th Floor
Boston, MA  02111
Telephone:  617/720-1333
617/720-2445 (fax)
Email: gbuell@tenlaw.com

Additional Plaintiffs' Counsel