## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

IN RE UNITI GROUP INC. SECURITIES
LITIGATION

No. 4:19-cv-00756-BSM

## DEFENDANTS' MOTION FOR RECONSIDERATION OR,
## IN THE ALTERNATIVE,
## CERTIFICATION FOR INTERLOCUTORY APPEAL

Defendants Uniti Group Inc. ("Uniti"), Kenneth A. Gunderman, and Mark A. Wallace

(collectively, "Defendants") for their motion for reconsideration or, in the alternative,

certification for interlocutory appeal of the Court's order denying Defendants' motion to dismiss

(ECF No. 74) (the "Order"), state:

1.      Defendants respectfully submit that the Order's conclusions that Plaintiffs'

Consolidated Amended Complaint sufficiently pleaded an actionable omission or misstatement

or pleaded a "strong" inference of scienter, as required under the Private Securities Litigation

Reform Act of 1995, constitute manifest error and warrant reconsideration.

2.      In the alternative, Defendants respectfully submit that the Order meets the

requirements for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and request that the Court

certify these issues for interlocutory appeal.

3.      As detailed in the accompanying memorandum of law, which is incorporated

herein by reference, the Court should reconsider its Order or, in the alternative, certify its Order

for interlocutory appeal because, among other things, the Order's conclusions with respect to the

actionability of Plaintiffs' alleged misstatements and omissions and with respect to whether

Plaintiffs pleaded a "strong" inference of scienter depart from well-established and controlling Supreme Court and Eighth Circuit securities law or otherwise reflect manifest errors.

4. The Order reached exactly the opposite conclusion on both issues from the Chief Judge of the U.S. District Court for the District of Delaware in *SLF Holdings, LLC v. Uniti Fiber Holdings Inc., et al.*, No. 1:19-cv-01813-LPS (D. Del.), who dismissed a complaint asserting the same claims against the same defendants, based on nearly identical allegations.

5. Both issues involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the Order would materially advance the ultimate termination of this litigation.

6. The following exhibit is attached to this motion and incorporated by reference herein:  Exhibit A, Memorandum Opinion in *SLF Holdings, LLC v. Uniti Fiber Holdings Inc., et al.*, No. 1:19-cv-01813-LPS (D. Del. Nov. 4, 2020).

7. A memorandum of law is filed in support of this motion.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum, which is incorporated herein by reference, Defendants respectfully request that this Court reconsider and vacate its Order denying Defendants' motion to dismiss, and enter judgment in favor of Defendants, or, in the alternative, certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: April 15, 2021

OF COUNSEL:
Edmund Polubinski III *
Brian M. Burnovski *
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
edmund.polubinski@davispolk.com
brian.burnovski@davispolk.com

* *admitted pro hac vice*

Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000 Telephone
jess.askew@kutakrock.com
andrew.king@kutakrock.com
frederick.davis@kutakrock.com

*Counsel for Defendants Uniti Group Inc.,*
*Kenneth A. Gunderman, and Mark A. Wallace*

3