**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| IN RE UNITI GROUP INC. SECURITIES LITIGATION | No. 4:19-cv-00756-BSM |

## <u>REQUEST FOR JUDICIAL NOTICE</u>

Defendants Uniti Group Inc. ("Uniti"), Kenneth A. Gunderman, and Mark A. Wallace (collectively, "Defendants"), for their request for judicial notice, state:

1.      On April 15, 2021, Defendants filed a motion for reconsideration or, in the alternative, certification for interlocutory appeal (ECF No. 76 (the "Motion for Reconsideration")) of this Court's March 31, 2021 order denying Defendants' motion to dismiss (ECF No. 74 (the "Order")).  Among other things, Defendants argued that the Order had reached the opposite conclusion on certain critical issues as an order by Chief Judge Stark of the U.S. District Court for the District of Delaware, addressing the same federal claims asserted here, in an action captioned, *SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, Case No. 1:19-cv-01813-LPS (D. Del.) (the "SLF Action").

2.      In their Opposition to the Motion for Reconsideration, Plaintiffs argued that Chief Judge Stark's decision should be disregarded, or deemed unpersuasive, because it was on appeal before the U.S. Court of Appeals for the Third Circuit, Case No. 20-3427.  (*See* ECF No. 78 at 4 n.4, 5, 17.)

3.      On June 15, 2021, plaintiff-appellant SLF filed its opening brief in its appeal before the Third Circuit, attached hereto as Exhibit A.  In its opening brief, SLF states that it "is not appealing the dismissal of [the federal securities] claims"; rather, SLF argues only that the

district court "erroneously dismiss[ed] the [Alabama] state law claims."  (Ex. A at 1–2.)

Accordingly, none of Chief Judge Stark's holdings with respect to federal claims in the SLF

Action are on appeal to the Third Circuit.

4.      Defendants respectfully request that the Court take judicial notice of the contents

of SLF's brief, as evidenced by Exhibit A, pursuant to Fed. R. Evid. 201.  Rule 201 allows a

court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be

accurately and readily determined from sources whose accuracy cannot reasonably be

questioned."  Fed. R. Evid. 201(b).  The Court "must take judicial notice if a party requests it and

the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  The existence

and contents of SLF's brief (as summarized in relevant part herein) is a matter of public record,

the accuracy of which can be readily determined by contacting the clerks of the Third Circuit or

reviewing the Third Circuit's dockets online and cannot be reasonably questioned.

WHEREFORE, Defendants respectfully request that this Court take judicial notice of

Exhibit A hereto, that the Court consider such evidence in support of Defendants' Motion of

Reconsideration, and that the Court grant all other just and proper relief.

Dated: June 18, 2021

OF COUNSEL:

Edmund Polubinski III *
Brian M. Burnovski *
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
edmund.polubinski@davispolk.com
brian.burnovski@davispolk.com

* admitted pro hac vice

Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000 Telephone
jess.askew@kutakrock.com
andrew.king@kutakrock.com
frederick.davis@kutakrock.com

*Counsel for Defendants Uniti Group Inc.,
Kenneth A. Gunderman, and Mark A. Wallace*

2