UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | ) ) ) | Master File No. 4:19-cv-00756-BSM |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | JOINT STIPULATION AND PROTECTIVE ORDER |
| ALL ACTIONS. | ) ) ) | |

Defendants and Lead Plaintiffs in the above-captioned actions (each a "Party," and together, the "Parties"), by and through their respective counsel, hereby agree and stipulate, pursuant to Federal Rule of Civil Procedure 26(c), subject to the approval of the Court, that the following Joint Stipulation and Protective Order ("Order") shall govern the disclosure, handling, and use of documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned actions (the "Litigation"), because discovery in the Litigation may involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting or defending this Litigation, would be warranted.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or documents produced in response to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

## I.     DEFINITIONS

1.      <u>Confidential Discovery Material</u>.   Any Discovery Material designated as "Confidential" pursuant to Paragraph 3(a) hereto.

2.      <u>Derivative Information</u>.  As defined in Paragraph 3(f) hereto.

3.      <u>Designating Party</u>.  As defined in Paragraph 5(b) hereto.

4.      <u>Discovery Material</u>.  Any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given

or exchanged in this Litigation, regardless of the medium or manner generated, stored or maintained.

5.     <u>Non-Party</u>.  Any person or entity that is not a Party to the Litigation.

6.     <u>Objecting Party</u>.  As defined in Paragraph 8(b) hereto.

7.     <u>Producing Party</u>.  Any person or entity, whether a Party or Non-Party, that produces Discovery Material in the Litigation.

8.     <u>Receiving Party</u>.  Any Party receiving Discovery Material in the Litigation.

9.     <u>Sealed Documents</u>.  As defined in Paragraph 5(c) hereto.

## II.    PURPOSES AND LIMITATIONS

10.     All Discovery Material (including, but not limited to, Confidential Discovery Material) shall be used solely for purposes of the prosecution or defense of this Litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending or final.  Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as described in Paragraph 4 hereto.  The attorneys of record for the Parties are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of copies of Discovery Material marked "Confidential."

11.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to make a good-faith effort to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

12.     If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.   The Producing Party may withdraw or modify any designation at any time.

13.     <u>Confidential Designations</u>.  Any Producing Party may designate Discovery Material it produces as "Confidential" if that party believes in good faith that such Discovery Material contains or reflects nonpublic personal, financial, proprietary, customer or client information, commercially sensitive information, trade secrets, product research or development, or information that is entitled to confidential treatment under the Federal Rules of Civil Procedure, applicable laws or regulations (including information that is subject to U.S. or foreign privacy, data protection or secrecy laws regulation), regulations governing the disclosure of government or agency documents, or Fed. R. Civ. P. 26(c)(1)(G).

14.     To the extent that a party is requested to produce in this action Discovery Material that it has previously produced in another action, any previously produced

Discovery Material designated as Highly Confidential or Confidential Discovery Material in the other action shall be treated as Confidential Discovery Material in this action as defined in this Order, unless it is reproduced with a new confidentiality designation, at which time it will be treated according to the new confidentiality designation.

15.     Manner of Designations.  For purposes of this Order, Producing Parties shall designate Confidential Discovery Material in the following manner:

(a)     In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the Producing Party shall mark such Discovery Material with the legend "CONFIDENTIAL," on each page of the relevant materials at the time of their production.  PowerPoint presentations, and any speaker notes from PowerPoint presentations, shall be produced as TIFF images, and each TIFF image shall bear a document control number and the confidentiality designation, if any. Excel spreadsheets, if produced by any Party in native format, and any other native files that may be produced, shall be produced by such Party with a corresponding, placeholder TIFF bearing a document control number and the confidentiality designation, if any.

(b)     In the case of materials produced in the form of electronic or magnetic media (including information, tiles, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "CONFIDENTIAL," and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(c)     In the case of written discovery responses, the Designating Party may designate a particular response as containing Confidential Discovery Material by stamping or otherwise marking the word "CONFIDENTIAL" on the page or pages containing that discovery response or by explicitly stating within the response itself that the information contained therein is confidential and subject to a protective order.   Either of those designations shall render that entire response subject to this Order.

(d)     In the case of depositions, counsel for any Party may designate as "Confidential" any portion of a deposition transcript, including any rough draft transcript, deemed to contain Confidential Discovery Material.  The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally at the deposition or in writing to all Parties no later than 30 days after completion of such depositions or other pretrial testimony.  The court reporter shall mark "CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated Confidential.   Until the expiration of the 30-day period, the Parties shall treat the entire transcript, including any rough draft transcripts, as Confidential Discovery Material.   Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.   Discovery Material previously designated as "Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

(e)     In such cases where the marking of each piece of Discovery Material as "Confidential" is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as containing Confidential Discovery Material at the time of its production.

16.     <u>Derivative Information</u>.  Extracts, summaries, compilations and descriptions of Confidential Discovery Material, and notes, electronic images or databases containing Confidential Discovery Material ("<u>Derivative Information</u>") shall be treated as "Confidential," in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

17.     <u>Failure to Designate</u>.  If a Producing Party produces Discovery Material that it considers to be "Confidential" without affixing the appropriate legend(s) to such Discovery Material, or fails to designate deposition or other testimony within the 30-day period provided in Paragraph 3(d)(iii), the Producing Party may subsequently designate such Discovery Material as "Confidential" by, promptly upon learning of the production without the required legend(s), delivering to the Receiving Parties (i) written notice of such designation and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Order.  The Receiving Party must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Order, and must destroy or return the undesignated or improperly designated documents and replace the undesignated or improperly designated documents with documents that include the correct "Confidential"

designation.  Nothing in this Order shall prevent a Producing Party, in good faith, from correcting the designation of information that already has been produced to another party in undesignated form or with a different designation, or designating as "Confidential" information that has previously been produced in undesignated form or with a different designation by another Producing Party.

18.   <u>No Waiver</u>.  Disclosure by the Producing Party of Discovery Material designated as "Confidential," regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter.

## III.   ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL

19.   <u>Use of Confidential Discovery Material</u>.  No person shall disclose Confidential Discovery Material to any other person, except as provided in this Order.  A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize or otherwise communicate or make available such Confidential Discovery Material, in whole or in part, only to the following persons, and only insofar as such disclosure, summary, description, characterization or communication is reasonably necessary for the prosecution or defense of this Litigation:

(a)   outside counsel for the Parties in this Litigation, and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the Litigation, provided, however, that in all instances, any disclosure is for use in accordance with this Order;

(b)      a Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Litigation, or, in the case of an individual Party, the Party himself or herself;

(c)      experts or consultants and their employees and/or staff members engaged to prepare a written opinion, testify or assist counsel for a Party in the Litigation, provided that: (i) any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation; (ii) such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto; (iii) Confidential Discovery Material may not be used by any expert or consultant who is currently assisting or advising (or contemplating assisting or advising) in any way in any litigation matter (other than the Litigation) that is adverse to any party in the Litigation unless the same information is available to the expert or consultant in the other adverse litigation matter; (iv) such expert or consultant is not currently or contemplating advising any direct business competitor of, or actual party to any transaction or business relationship with, the Producing Party; and (v) such expert or consultant will use said Confidential Discovery Material solely in connection with the Litigation, and only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation;

(d)      any witness during their deposition or other proceeding in this Litigation.  All such witnesses, and their counsel, will be bound by the provisions of the

Order, and no such witnesses and deponents and their counsel (except to the extent the counsel represents a party) shall be permitted to retain any Confidential Discovery Material;

(e)     any fact witness in this Litigation, and his or her counsel, to the extent the Confidential Discovery Material disclosed to such person relates to the anticipated subject matter of the witness's testimony, and provided that such witness and his or her counsel has signed an undertaking in the form attached as Exhibit A hereto and is not provided by the Receiving Party with copies of such Confidential Discovery Material for his or her retention;

(f)     an author or recipient of the Confidential Discovery Material (not including a person who received the Confidential Discovery Material solely in the course of the litigation) or the original source of the information, provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention;

(g)     court reporters and videographers and their respective staffs retained in connection with the Litigation;

(h)     the Court, necessary Court personnel and jurors;

(i)     any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution, provided that such meditator, arbitrator, or other person has signed an undertaking in the form attached as Exhibit A hereto;

(j)     any insurance provider that may be responsible for providing coverage for some or all of the Litigation; and

20.     Copies of signed confidentiality acknowledgment forms under Exhibit A shall be maintained by counsel for the Receiving Party that seeks to disclose such Confidential Discovery Material.  Such signed acknowledgement forms shall not be disclosed to counsel for the Producing Party except upon agreement of the parties, or court order (including, upon a motion to review such acknowledgement forms made by the Producing Party).

21.     <u>Disclosure to Unauthorized Persons</u>.  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use best efforts to retrieve all copies of the Confidential Discovery Material, (iii) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Order, and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

22.     <u>Use by Additional Parties</u>.  In the event that additional persons or entities become parties to the Litigation (a "<u>New Party</u>"), neither their outside counsel nor experts or consultants retained to assist such counsel shall have access to Confidential Discovery Material produced by or obtained from any other Producing Party until the New Party has executed and filed with the Court a copy of this Order.

23.     <u>Limitations on Use</u>.  Every person or entity given access to Confidential Discovery Material, or information contained therein:

(a)      shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Litigation, and each such copy is to be treated in accordance with the provisions of this Order; and

(b)      shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

## IV.    FILING DESIGNATED DISCOVERY MATERIAL

24.      <u>Filing Designated Discovery Material</u>.  If a Party seeks to file with the Court any Discovery Materials designated as Confidential Discovery Material, or any papers containing or revealing such information (including but not limited to any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court), the filing Party must comply with the procedures set forth in the CM/ECF Administrative Policies and Procedures Manual for Civil Filings adopted by the United States District Court for the Eastern District of Arkansas, §IV(B), as modified as follows by this Stipulated Protective Order.  A non-Designating Party must file any document containing Confidential Discovery Material under seal.  Nothing in this Paragraph, however, shall preclude a Party from filing Discovery Materials that the Party itself has designated as Confidential Discovery Material in unredacted form and without requesting sealing.

25.      In certain instances, materials submitted to the Court may be designated <u>Confidential</u> Discovery Material by another Party or Non-Party (the "<u>Designating Party</u>"), and the filing Party may disagree or have no position with respect to whether sealing is appropriate.  In such instances, the Designating Party has the burden of establishing why the Protected Material should remain under seal, which the Designating Party may seek to

- 11 -

establish by motion filed within 15 calendar days following the date that the Confidential Discovery Material is filed under seal.

26. The Protected Material will remain under seal until such time as the Court rules on the Designating Party's motion in support of maintaining the Confidential Discovery Material under seal. Section IV(B) of the CM/ECF Administrative Policies and Procedures Manual for Civil Filings adopted by the United States District Court for the Eastern District of Arkansas will govern the procedure following the grant or denial of the Designating Party's motion in support of maintaining the Protected Material under seal.

27. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

28. <u>Removal of Sealed Records</u>. Sealed records that have been filed may be removed by the Designating Party (i) within 90 days after a final decision disposing of the Litigation is rendered if no appeal is taken, or (ii) if an appeal is taken, within 30 days after final disposition of the appeal.

## V. USE OF DESIGNATED DISCOVERY MATERIAL IN COURT

29. <u>Use of Confidential Discovery Material in Court</u>. If any Receiving Party plans to utilize any Confidential Discovery Material at a court hearing or conference, that Receiving Party shall make reasonable efforts to bring that issue to the Producing Party's attention at least 48 hours in advance of the court hearing or conference, so that the Parties have an opportunity to meet and confer regarding proposed procedures to protect the Confidential Discovery Material from public disclosure (e.g., by using redacted versions of the Confidential Discovery Material or by avoiding repeating the content of the Confidential Discovery Material in open court, if feasible). If the Parties are able to agree on proposed

procedures in advance of the court hearing or conference, the Parties shall promptly inform the Court of such proposed procedures, so that the Court may thereafter make such orders as are necessary to govern the use of such documents or information at the court hearing or conference. If the Parties are unable to agree on proposed procedures to protect the Confidential Discovery Material from public disclosure in advance of the court hearing or conference (or if it is impractical, for timing reasons or other good cause, to meet and confer in advance of the court hearing or conference), the Receiving Party shall provide the Producing Party the opportunity to approach the Court in confidence, whether in chambers, or sidebar, or such other method as the Court shall direct, regarding the use of the Confidential Discovery Material before any Confidential Discovery Material is disclosed in open court. Notwithstanding the protections provided for in this provision, nothing in this provision is intended to prohibit counsel from selecting and using Confidential Discovery Material for any court hearing or conference.

## VI.    CLAWBACK OF PROTECTED MATERIAL

30.    Nothing in this Order shall require production of information that a party contends is protected from disclosure by attorney-client privilege or work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently or unintentionally produced, such production will in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege or immunity.

31.    If a Producing Party learns that it has produced Discovery Material that is protected by the attorney-client privilege, attorney work product doctrine, or another privilege or protection ("Protected Information"), it shall promptly advise each Receiving Party of the production. When a Producing Party gives notice to Receiving Parties that

- 13 -

certain produced Discovery Material is subject to a claim of privilege or other protection, the obligations of the Parties shall be governed by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).

32.     A Producing Party may assert a claim of privilege, protection or immunity from disclosure as soon as practicable and no more than seven (7) calendar days after it discovers that it has produced Protected Information.  In asserting such a claim of privilege, protection or immunity from disclosure, the Producing Party shall provide the Receiving Party, in writing, with information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) and shall identify for each such claim: (A) the specific Discovery Material subject to the claim, including the Bates-number, author, date, and addressees or recipients of the Discovery Material (where applicable), (B) the specific privilege, protection or immunity from disclosure being asserted, and (C) the basis for the claim of privilege, protection or immunity from disclosure.  In addition, the Producing Party must retain copies of the specified Discovery Material until its assertion of privilege, protection or immunity from disclosure is resolved.

33.     Consistent with California Rule of Professional Responsibility 4.4, if the Receiving Party receives any Discovery Material from the Producing Party that the Receiving Party has reasonable cause to believe constitutes Protected Information, the Receiving Party shall: (a) refrain from examining  the Discovery Material any more than is necessary to determine that it is Protected Information, (b) promptly notify the Producing Party advising that the Producing Party may have produced Protected Information, and (c) sequester, return or destroy any copies it has.  Within seven (7) calendar days thereafter, the

Producing Party shall provide written notice to all Parties consistent in substance with the requirements of paragraph 32.

34.     Upon receipt of the notification of the assertion of privilege, protection or immunity from disclosure pursuant to paragraph 32, above, the Receiving Party must cease any use or review of the specified Discovery Material and sequester, return or destroy any copies it has. In addition, the Receiving Party must take reasonable steps, within fourteen (14) calendar days of receipt of the notification of the assertion of privilege, protection or immunity from disclosure pursuant to paragraph 32, to retrieve the specified Discovery Material if the Receiving Party disclosed it to any third party other than the Court before receiving the notification of the assertion of privilege, protection or immunity from disclosure, and must advise the Producing Party of any instances in which the Receiving Party is unable to retrieve such Discovery Material.  Providing written notice to any third party that received the specified Discovery Material, informing them that there is a claim that Protected Information was provided to them, and requesting that they return or destroy the specified Discovery Material shall be deemed reasonable steps for purposes of this paragraph.

35.     If the Receiving Party does not agree with the claim of privilege, protection or immunity from disclosure by the Producing Party, the Parties must meet and confer within seven (7) days of the notification of the assertion of privilege, protection or immunity from disclosure in an attempt to resolve the claim.  If meeting and conferring regarding the claim does not resolve the claim, the Producing Party shall make an application, under seal, to the Court within seven (7) calendar days from the date of the meet and confer for a ruling

concerning whether the Discovery Material subject to the claim is protected from disclosure by any potentially applicable privilege, protection or immunity from disclosure. The Producing Party will agree to provide any Discovery Material subject to such application to the Court for in camera review. The burden of proving the privilege, protection or immunity from disclosure claimed with respect to the Discovery Material remains with the Producing Party. After seven (7) calendar days from the date of the meet and confer regarding whether the Discovery Material at issue is protected from disclosure, if the Producing Party has not made an application to the Court, the Producing Party will re-produce the Discovery Material, which thereafter shall not be treated as Protected Information.

36.     If the Receiving Party (not having received such notice that the Discovery Material is subject to a claim of attorney-client privilege or work product protection, as specified in the paragraph above) uses as an exhibit the Discovery Material in either (1) a court filing or other submission to the court, (2) a mediation statement, (3) a deposition, or (4) an expert report, then the Producing Party has until 45 days before the opening motions for summary judgment are due in which to assert that the attorney client privilege or work product protection should have applied to the Discovery Material. After such time, the Producing Party must meet the requirements of Federal Rule of Evidence 502(b) in order to protect the privilege. For any Discovery Material used for the first time in the summary judgment motions, where the Receiving Party had no notice that the Discovery Material was subject to a claim of attorney-client privilege or work product protection, then the Producing Party has 45 days from the filing of the reply brief in support of summary judgment to assert that the attorney-client privilege or work product protection should have applied to the

Discovery Material. Thereafter, the Producing Party must meet the requirements of Federal Rule of Evidence 502(b) in order to protect the privilege.

37.     If information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the Parties shall follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## VII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

38.     <u>Failure to Challenge Not a Waiver</u>.  A Party shall not be obligated to challenge the propriety of the designation of Discovery Material as "Confidential," or a failure to so designate, at the time of the designation and the failure to so challenge shall not waive or otherwise preclude a subsequent challenge to such designation or failure to designate in accordance with Paragraph 8(c) hereto.

39.     <u>Time to Challenge Designation</u>.  A Party may object to the designation of Discovery Material as "Confidential" (the "<u>Objecting Party</u>"), or a failure to so designate, at any time.

40.     <u>Procedure for Challenging Designation</u>.  A party challenging the designation of any Discovery Material as "Confidential," or a failure to so designate, must do so in good faith.  In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential," or a failure to so designate, the Objecting Party shall give written notice to counsel for the Producing Party and all Parties in the Litigation of the reasons for the objection, and must give the Producing Party an opportunity to review the designated material, reconsider the designation, and, if no change in designation is offered, explain the basis for the designation.  The Objecting Party and the Producing Party shall attempt in good faith to resolve all objections by agreement.  If any objections cannot be resolved by

- 17 -

agreement within seven (7) days from when they are first made, the Objecting Party may, in accordance with Paragraph 5, submit the issue to the Court at any time.  Any Discovery Material as to which such an issue is raised shall continue to be treated as Confidential Discovery Material, until the Court's decision on the issue or the Producing Party withdraws such designation in writing, or, if the challenge is for a failure of a Party to designate Discovery Material as "Confidential," such Discovery Material shall be treated at the level sought by the Objecting Party until the Court's decision on the issue or the Objecting Party withdraws such objection in writing.

## VIII.  FINAL DISPOSITION

41.     The provisions of this Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Litigation.  Within 60 days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential Discovery Material shall, upon request of the Producing Party, make commercially reasonable efforts to identify and return or destroy all such Confidential Discovery Material, including all copies thereof and Derivative Information, or return such materials to counsel for the Producing Party.  Outside counsel for the Parties shall be entitled to retain work product, correspondence, court papers, deposition transcripts and trial transcripts that contain, reference or constitute Confidential Discovery Material, as well as any such materials that are subject to a litigation hold or document retention obligation in another matter or that are in use or may be used in a pending proceeding as described in Paragraph

4(c); provided, however, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Order.

## IX.   LEGAL PROCESS

42.   <u>Notice of Process and Objections</u>.   If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body, and such subpoena or document demand seeks Confidential Discovery Material that was produced by a person or entity other than the recipient of such subpoena or document demand, the Receiving Party shall, unless otherwise required or prohibited by law, give written notice to the Producing Party, as promptly as reasonably practicable before the return date for such subpoena or document demand, to counsel for the Producing Party that designated the Discovery Material as "Confidential" in this Litigation.   Such notification shall include a copy of the subpoena or document demand.   The Receiving Party must also give written notice to the person or entity who served the subpoena or document demand that some or all of the material covered by the subpoena or document demand is subject to this Order, and must deliver a copy of this Order to the person or entity who served the subpoena or document demand.   The Producing Party shall bear all responsibility for its objection to the production of such Confidential Discovery Material, and the Receiving Party shall not voluntarily make any production of the Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law.   The Receiving Party shall make a good faith effort to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the

Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order.  Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of Discovery Material designated as "Confidential" in this Litigation.

## X.   PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

43.   Notwithstanding anything to the contrary herein, this Order has no effect upon, and shall not apply to or limit, a Producing Party's use of its own Confidential Discovery Material for any purpose.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that:  (i) was, is or becomes public knowledge, not in breach of this Order; (ii) is acquired, developed or learned by the Receiving Party independent of discovery in this Litigation; or (iii) is required by law to be made available to third parties.

## XI.   NON-PARTIES

44.   <u>Protection for Non-Parties</u>.  Any Non-Party from whom Discovery Material is or has been sought in this Litigation may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of Discovery Material is subject to the Order.

45.   <u>Duty to Notify Non-Parties</u>.  The subpoenaing or requesting party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

46.   <u>Right of Party to Designate</u>.  To the extent that any Non-Party produces Discovery Material in this Litigation that contains Confidential Discovery Material of a Party

to this Litigation, that Party may designate such Discovery Material as "Confidential" for purposes of this Order by delivering written notice of such designation to the Parties within thirty (30) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material.

47.    No later than seven (7) business days after a Receiving Party's receipt of written responses and/or Discovery Material provided or produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, including written responses and objections, and any court filings related to the subpoena, that Receiving Party must make copies of such written responses and/or Discovery Material available to all other Parties.  If a deposition, briefing deadline, or other relevant event is scheduled to take place within seven (7) business days of the receipt of a production from a Non-Party, the Receiving Party shall immediately notify the other Parties to this Litigation of its production and of when and how it will be provided.

## XII.    MISCELLANEOUS

48.    Entering into or agreeing to this Order, producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Order, shall not:

(a)    operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

(b)    prevent any Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Material in connection with this Litigation or any other proceeding;

(c)     prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(d)     waive any applicable privilege, protection or immunity;

(e)     waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

(f)     prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purported Confidential Discovery Material;

(g)     prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(h)     affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Litigation.

49.     It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Litigation.  Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

50.     The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Litigation.

51.     This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms. This Court shall retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

52.     Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

53.     The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

54.     This Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

55.     This Order shall become effective as a stipulation among the Parties immediately upon its execution.

DATED:  July 27, 2021                    ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
                                         DEBRA J. WYMAN
                                         TING H. LIU


                                              s/ Debra J. Wyman
                                         _____
                                             DEBRA J. WYMAN

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101-8498
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         E-mail:  debraw@rgrdlaw.com
                                                    tliu@rgrdlaw.com

LABATON SUCHAROW LLP
CAROL C. VILLEGAS
CHRISTINE M. FOX
ROSS M. KAMHI
CHARLES FARRELL
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
E-mail:  cvillegas@labaton.com
          cfox@labaton.com
          rkamhi@labaton.com
          cfarrell@labaton.com

Lead Counsel for Lead Plaintiffs

GEOFFREY P. CULBERTSON
Arkansas Bar No. 2014011
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana,  TX  75503
Telephone:  903/792-7080
903/792-8233 (fax)
E-mail:  gpc@texarkanalaw.com

Liaison Counsel for the Class

SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA  90067
Telephone:  424/303-1964
877/590-0483 (fax)
Email:  brian@schallfirm.com

THORNTON LAW FIRM LLP
GUILLAUME BUELL
1 Lincoln Street, 25th Floor
Boston, MA  02111
Telephone:  617/720-1333
617/720-2445 (fax)
Email:  gbuell@tenlaw.com

Additional Plaintiffs' Counsel

DATED:  July <u>27</u>, 2021

KUTAK ROCK LLP
Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
Frederick H. Davis, Ark. Bar No. 2012271

/s/ Andrew King

124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000
jess.askew@kutakrock.com
andrew.king@kutakrock.com
frederick.davis@kutakrock.com

Counsel for Defendants Uniti Group Inc.,
Kenneth A. Gunderman, and Mark A.
Wallace

DAVIS POLK & WARDWELL LLP
Edmund Polubinski III *
Brian M. Burnovski *
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
edmund.polubinski@davispolk.com
brian.burnovski@davispolk.com

* *admitted pro hac vice*

Additional Defendants' Counsel

\*      \*      \*

# O R D E R

IT IS SO ORDERED.

DATED:  July 28, 2021

THE HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**<u>CERTIFICATION</u>**

I hereby certify (i) my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Joint Stipulation and Protective Order, entered [June ___, 2021] (the "<u>Order</u>"), and (ii) that I have read the Order.  I understand the terms of the Order, agree to be fully bound by its terms, and hereby submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas for purposes of enforcement of the Order.  Upon the conclusion of the Litigation (or, if applicable, a proceeding described in Paragraph 4(c) of the Order) and any appeals related thereto, or when I no longer have any reason to possess the Discovery Material, whichever shall first occur, I hereby agree, upon request, to return all copies of Discovery Material to the Party who furnished the same to me or certify that commercially reasonable efforts have been taken to destroy all such Discovery Material.


_____
[INSERT]

Dated:_____