UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | ) ) ) | Master File No. 4:19-cv-00756-BSM |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS |
| ALL ACTIONS. | ) ) | CERTIFICATION |
| | ) | |

4863-7727-2320.v1

This matter having come before the Court pursuant to Plaintiffs' Motion for Class Certification under Federal Rule of Civil Procedure 23, and the parties' briefing and submissions related thereto, and based on the pleadings in this action, and for other good cause known to the Court,

IT IS HEREBY ORDERED AND DECREED THAT:

Plaintiffs' Motion for Class Certification is GRANTED.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a plaintiff Class is certified consisting of:

All persons or entities who, during the period from April 24, 2015 to June 24, 2019, inclusive (the "Class Period") purchased or otherwise acquired the publicly traded common stock or call options or sold the put options of Uniti Group Inc. f/k/a Communications Sales & Leasing, Inc. ("Uniti" or the "Company"), and were damaged thereby.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Uniti during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Uniti's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person; (vii) Windstream; and (viii) any person who was an officer or director of Windstream during the Class Period.

Plaintiffs Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA, satisfy the requirements of Rule 23(a) and are appointed as Class Representatives on behalf of the Class.

Lead Counsel Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP satisfy the requirements of Rule 23(g) and are appointed Class Counsel.

The Court finds and concludes that the Class certified herein satisfies the requirements of Rule 23(a), in that: (a) the Class is so numerous that joinder of all members

- 1 -

4863-7727-2320.v1

thereof is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the class representatives are typical of the claims of the other members of the Class; and (d) the class representatives will fairly and adequately represent the interests of the Class.

Plaintiffs have demonstrated that Uniti's common stock and Uniti put and call options traded in an efficient market during the Class Period, and are so entitled to the presumption of reliance set forth in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).  Reliance can also be presumed on a class-wide basis under the test set forth in *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972).  Accordingly, the Class certified herein satisfies the requirements of Rule 23(b)(3), in that: (a) the questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; and (b) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

DATED: _____     _____
                                        THE HONORABLE BRIAN S. MILLER
                                        UNITED STATES DISTRICT JUDGE

- 2 -