**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

IN RE UNITI GROUP INC. SECURITIES
LITIGATION

No. 4:19-cv-00756-BSM

**DEFENDANTS' MOTION TO COMPEL
PLAINTIFFS TO PRODUCE CERTAIN DISCOVERY**

Defendants Uniti Group Inc. ("Uniti"), Kenneth A. Gunderman, and Mark A. Wallace (collectively, "Defendants") for their motion to compel certain discovery from Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA ("Plaintiffs" or "Lead Plaintiffs"), state as follows:

1.      On August 16, 2021, Defendants served Plaintiffs with Defendants' First Set of Requests for Production of Documents ("RFPs").   (Ex. A (Defs.' First Set of RFPs).) Defendants' RFP No. 39 asked Plaintiffs to produce "transcripts of all testimony offered by You or Your representative in a securities lawsuit and accompanying exhibits."   (*Id.* at 14.) Defendants' RFP No. 40 asked Plaintiffs to produce all documents "relating to (a) any civil or criminal charges, sanctions, complaints, proceedings, fines, disciplinary actions, decisions, or judgments filed, issued, or entered" against Plaintiffs or "(b) any investigations of [Plaintiffs] by any governmental agency, stock exchange, self-regulatory organization, or securities industry association." (*Id.* at 14–15.)

2.      On September 8, 2021, Defendants served Plaintiffs with Defendants' First Set of Interrogatories.  (Ex. B (Defs.' First Set of Interrogatories).)  Defendants' Interrogatory No. 11

asked Plaintiffs to identify, for each allegedly false or misleading statement in the Complaint, "the date on which you or your counsel first discovered that the statement was false or misleading." (*Id.* at 8.)

3.    On September 15, 2021, Plaintiffs refused to produce documents responsive to RFPs No. 39 and 40 on various grounds, including that the requests sought irrelevant information. (Ex. F (Pls.' R&Os to First Set of RFPs) at 48–49.)

4.    On October 8, 2021, Plaintiffs refused to provide the date on which their counsel first discovered that the statements were allegedly false or misleading, as requested in Interrogatory No. 11, on the grounds that the information sought was protected by the attorney-client privilege and the work product doctrine. (Ex. C (Pls.' R&Os to First Set of Interrogatories) at 12–13.)

5.    On October 14, 2021, while negotiating search terms, Defendants asked Plaintiffs to run as search terms over Plaintiffs' emails the names of any funds through which Plaintiffs or their investment managers invested in Uniti securities. (Ex. J (Oct. 14, 2021 Email from N. Williams to C. Fox) at 1.)

6.    On October 14, 2021, Plaintiffs summarily refused to run the key search terms. (*Id.*)

7.    Consistent with their obligations under the local rules, the parties have met and conferred several times over Plaintiffs' responses and objections to the discovery requests in dispute. The parties have reached an impasse on these issues and are not able to resolve their disagreements without the Court's assistance.

8.    As detailed in the accompanying memorandum of law, which is incorporated herein by reference, Defendants' motion to compel should be granted for several reasons:

9.    *First*, given that Plaintiffs relied entirely on their counsel to conduct the investigation into the Complaint's allegations and were not aware that the statements identified in the Complaint were allegedly false or misleading until notified by their counsel, Plaintiffs should be compelled to identify the dates on which their counsel first discovered that the statements were allegedly false or misleading, as requested in Interrogatory No. 11.  Such information is critical to Defendants' statute of limitations defense and is not protected by the attorney-client privilege or work product doctrine.

10.    *Second*, Plaintiffs should be compelled to produce Plaintiffs' testimony in other securities lawsuits and accompanying exhibits for a period of 10 years from the present as requested in RFP No. 39 (as opposed to just four years from the present), because such testimony is highly relevant to, among other things, reliance, whether Lead Plaintiffs will be adequate representatives in a class action, and whether they will have typical claims of the class. Plaintiffs' objection that they cannot produce transcripts of prior testimony because any such testimony would potentially be subject to a protective order is premature and meritless.

11.    *Third*, Plaintiffs should be compelled to produce documents relating to prior civil or criminal proceedings or securities investigations brought against them, as requested in RFP No. 40, because such documents are highly relevant to Lead Plaintiffs' adequacy as class representatives.

12.    *Fourth*, Plaintiffs should be compelled to run the names of any funds through which they or their investment managers invested in Uniti securities as search terms because those terms are likely to hit on relevant documents.

13.    The following exhibits are attached to this motion and incorporated by reference herein:

- Exhibit A, Defendants' First Set of Requests for Production of Documents to Plaintiffs (Aug. 16, 2021);

- Exhibit B, Defendants' First Set of Interrogatories to Plaintiffs (Sept. 8, 2021);

- Exhibit C, Lead Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories (Oct. 8, 2021);

- Exhibit D, Letter from N. Williams to C. Fox (Oct. 26, 2021);

- Exhibit E, Letter from C. Fox to N. Williams (Nov. 1, 2021);

- Exhibit F, Lead Plaintiffs' Responses and Objections to Defendants' First Set of Requests for Production of Documents to Plaintiffs (Sept. 15, 2021);

- Exhibit G, Letter from N. Williams to C. Fox (Oct. 1, 2021);

- Exhibit H, Letter from C. Fox to N. Williams (Oct. 13, 2021);

- Exhibit I, Letter from N. Williams to C. Fox (Oct. 28, 2021);

- Exhibit J, Email from C. Fox to N. Williams (Oct. 14, 2021);

- Exhibit K, Letter from C. Fox to N. Williams (Nov. 1, 2021); and

- Exhibit L, Form N-Q for The Advisors' Inner Circle Fund III, NorthPointe Small Cap Value Fund (Sept. 29, 2016).

14. A memorandum of law is filed in support of this motion.

WHEREFORE, Defendants respectfully request that the Court enter an order compelling Plaintiffs to (1) identify the dates on which their counsel first discovered that the statements identified in the Complaint were allegedly false or misleading, as requested in Interrogatory No. 11; (2) produce, in response to RFP No. 39, any testimony from Lead Plaintiffs provided in securities lawsuits, including cases not arising under the PSLRA, and accompanying exhibits, for a period of at least 10 years from the present; (3) produce, in response to RFP No. 40, documents relating to prior civil or criminal proceedings or securities investigations brought against Lead Plaintiffs; (4) run as search terms the names of any funds through which Lead Plaintiffs or their

4

investment managers invested in Uniti securities; (5) award Defendants their attorneys' fees and

costs associated with bringing this motion; and (6) grant all other just and proper relief.

Dated: November 12, 2021

OF COUNSEL:

| | |
|---|---|
| Edmund Polubinski III* | Jess Askew III, Ark. Bar No. 86005 |
| Brian M. Burnovski* | Andrew King, Ark. Bar No. 2007176 |
| Nikolaus J. Williams* | Frederick H. Davis, Ark. Bar No. 2012271 |
| DAVIS POLK & WARDWELL LLP | KUTAK ROCK LLP |
| 450 Lexington Avenue | 124 West Capitol Avenue, Suite 2000 |
| New York, New York 10017 | Little Rock, Arkansas 72201-3706 |
| Telephone: (212) 450-4000 | (501) 975-3000 |
| edmund.polubinski@davispolk.com | jess.askew@kutakrock.com |
| brian.burnovski@davispolk.com | andrew.king@kutakrock.com |
| nikolaus.williams@davispolk.com | frederick.davis@kutakrock.com |

*admitted pro hac vice*

*Counsel for Defendants Uniti Group Inc.,*
*Kenneth A. Gunderman, and Mark A. Wallace*