# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

|  |  |
|---|---|
| IN RE UNITI GROUP INC. SECURITIES LITIGATION | No. 4:19-cv-00756-BSM |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Eastern District of Arkansas ("Local Rules"), Defendants Uniti Group Inc. ("Uniti"), Kenneth A. Gunderman, and Mark A. Wallace (collectively, "Defendants"), by and through their attorneys, hereby request that Lead Plaintiffs Zhengxu He and the Uniti Investor Group[1] ("Lead Plaintiffs" or "Plaintiffs") produce for inspection and copying the documents and other tangible things described in the requests set forth herein (the "Requests," and each individual request, a "Request") at the offices of Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, within the time period provided by the Federal Rules.  These Requests are made without prejudice to, or waiver of, any other discovery.

---

[1] The "Uniti Investor Group" consists of:  Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA.

## DEFINITIONS

1.      "Action" means the above-captioned action, *In re Uniti Group Inc. Sec. Litig.*, Case No. 4:19-cv-00756-BSM (E.D. Ark.).

2.      "Adversary Proceeding" refers to the proceeding filed against Uniti in connection with Windstream's bankruptcy action. *See Windstream Holdings, Inc., et al. v. Uniti Grp., Inc.*, et al., No. 7:19-AP-08279 (Bankr. S.D.N.Y. filed July 25, 2019).

3.      "Affiliated" means (a) having three or more trustees or directors in common, (b) directly or indirectly owning, being owned by, or being under common ownership of another entity where the ownership interest is at least 5%, (c) directly or indirectly controlling, being controlled by or being under common control of another entity, (d) directly or indirectly managing, being managed by or being under common management of another entity, chief executive, or government official, (e) being part of a joint venture, partnership, or other undertaking with another entity, whether formally organized or not, (f) having common legal reporting obligations with another entity, or (g) being a component of a corporation, partnership, governmental unit, or undertaking whose operations are integrated or managed for the benefit of that enterprise.

4.      "Affiliate" means two or more entities that are Affiliated.

5.      "Agent" means any Person (a) acting for, at the direction of, or on behalf of another, (b) who is a representative of another, or (c) who is a director, employee, or officer of another.

6.      "Alleged Class Period" means the period from April 24, 2015 through and including June 24, 2019, as set forth in paragraph 1 of the Complaint.

7.      "Aurelius" means Aurelius Capital Master, Ltd.

8.      "Aurelius Litigation" refers to the case *U.S. Bank N.A. v. Windstream Services, LL*C, No. 1:17-cv-07857-JMF (S.D.N.Y. filed Oct, 12, 2017).

2

9.    "Complaint" means Lead Plaintiffs' Consolidated Amended Class Action Complaint, filed in the Action on May 11, 2020.

10.    "Defendants" means Uniti Group Inc., Kenneth A. Gunderman, and Mark A. Wallace.

11.    "Document" shall be construed in the broadest sense allowed by the Federal Rules and the Local Rules and shall include any writings, drawings, graphs, charts, photographs, tape recordings, notes, diaries, calendars, books, papers, accounts, electronic or videotape recordings, and any computer-generated, computer-stored, or electronically-stored matter from which information can be obtained and translated, if necessary, into reasonably useable form.

12.    "Employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction, or control, including, without limitation, past and current directors, officers, principals, partners, executives, analysts, consultants, advisors, representatives, attorneys, agents, trustees, independent contractors, assigns, business, or similar persons or entities.

13.    "Entity" or "entities" has the same meaning as person.

14.    "Notice of Default" refers to the notification given to Windstream by Aurelius on September 22, 2017, regarding the sale-leaseback provisions of certain Windstream bond indentures.

15.    "Person" or "persons" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

16.    "Plaintiffs," "Lead Plaintiffs," "You," and "Your" mean Zhengxu He and the Uniti Investor Group, both individually and in any representative capacity, including, without limitation,

3

their respective predecessors, associated entities, successors, parents, subsidiaries, Affiliates, divisions, directors, officers, principals, trustees, employees, Agents, representatives, consultants, attorneys, and/or any person or entity that acts, or purports to act, on their behalf or in their name.

17.     "Plaintiffs' Counsel" refers to the law firms Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP, including any employee, member partner, investor, or any predecessor or successor entity.

18.     "Putative Class" means the putative class as defined in paragraph 274 of the Complaint.

19.     "Security" or "Securities" shall have the meaning set forth in the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq*.

20.     "Spin-Off" refers to Uniti's spin-off from Windstream Holdings, Inc. on or about April 24, 2015.

21.     "Transaction" means and refers to any purchase, acquisition, borrowing, sale, lending, disposition, tender, donation, receipt, gift, transfer, put, call, short sale, or any other means by which You, whether for Your own account or benefit or for the benefit of any other person, acquired or disposed of any interest in any Security.

22.     "Uniti" means Uniti Group Inc.

23.     "Windstream" refers to Windstream Holdings, Inc. and any of its subsidiaries or Affiliates.

24.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of its scope.

25.     The word "including" and the phrase "such as" shall both be construed broadly to encompass the phrases "including without limitation" and "such as, but not limited to," respectively, and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

26.     "All" means all or any, and "any" means all or any.

27.     The words "and," "or," and "any" are intended to be construed as necessary to bring within the scope of these requests for production any documents or information that otherwise might be construed to be outside the scope of any of them.  Use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun.

28.     "Relating to" means concerning, regarding, referring to, reflecting, mentioning, evidencing, constituting, pertaining to, involving, supporting, summarizing, analyzing, or otherwise logically or factually connected in any way with the subject.  Each of these terms may be used interchangeably herein and will be treated as encompassing all of these meanings.

## INSTRUCTIONS

1.     Unless otherwise indicated, these Requests seek Documents and/or information concerning the time period from January 1, 2015 through and including October 25, 2019 (the "Relevant Period").  If any Document is dated outside of the Relevant Period but is necessary for a complete understanding of a Document covered by the Requests, such Document outside of the Relevant Period shall be produced.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Requests.

2.     Responsive Documents shall be produced as they have been kept in the ordinary course of business with all identifying labels, file markings, or similar identifying features, or shall

be organized and labeled to correspond with the Requests.  This instruction shall apply to electronically stored information ("ESI").

3.      All ESI shall be produced in accordance with the parties' Stipulation and Order Establishing a Protocol for the Production of Electronically Stored Information, as filed with the Court on August 9, 2021.

4.      Unless otherwise specified, these Requests call for both the original of each Document and all non-identical copies.  An identical copy may be produced in lieu of the original, so long as it is legible and bound or stapled in the same manner as the original.

5.      If any Document responsive to the Requests was, but is no longer, in Your possession, custody, or control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to another, or (d) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding such disposition thereof and state the date or approximate date of such disposition thereof.

6.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

7.      Your responses to the Requests should be as complete and as responsive as reasonably possible.  If You object to a portion of any Request, You should indicate the part of the Request to which You object, explain why You are objecting to that portion of the Request, and provide Documents responsive to the remaining portion of the Request.  If there are no Documents responsive to a particular category, You shall so state in writing.

8.      If a portion of a Document is responsive to any Request, the entire Document should be produced.

9.      If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for Your inability to produce the remainder of the Document and stating whatever information, knowledge, or belief that You have concerning the portion not produced.

10.     If any of the Requests set forth below call for information or the production of a Document, all or any portion of which You claim to be privileged or otherwise immune from discovery, and such information or Document is withheld or redacted by You on that basis, provide a privilege log for that Document in accordance with the Federal and Local Rules and any agreement between the parties as to the contents of privilege logs.

11.     Pursuant to Rule 26(e) of the Federal Rules, these Requests are continuing in nature and require further and supplemental responses if, between the date hereof and the time of the hearing or trial, You become aware of any additional Document responsive to these Requests, or if any additional Document responsive to these requests comes into Your possession, custody, or control, or that of Your Agents.  The Definitions and Instructions set forth herein are applicable to any such supplemental response.

12.     These Requests shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, or any objection Defendants may have to any discovery requests Plaintiffs have or may serve, nor shall they be construed as an admission of any fact by any Defendant.

## **REQUESTS**

1.      Without regard to the Relevant Period, all Documents relating to Your Transactions in Uniti Securities or Your ownership of, control over, interest in, or possession of Uniti Securities, including:

(a)     Account statements, brokerage records, profit and loss statements, trade confirmations, other trading records, confirmation slips, statements, notifications, receipts, tax records, and tax returns relating to Uniti Securities or Your Transactions in Uniti Securities;

(b)     Documents relating to any communications or meetings regarding any purchase, sale, or other Transaction involving Uniti Securities;

(c)     Documents relating to any due diligence, investigation, analysis, risk management, evaluation, or monitoring performed by Plaintiffs or on Plaintiffs' behalf relating to any Transaction involving Uniti Securities;

(d)     Documents relating to the performance or expected performance of Uniti Securities, including any analysis or evaluation of actual or expected gains or losses; and

(e)     Documents relating to Your gain or loss on Uniti Securities or Transactions in Uniti Securities.

2.     All Documents relating to the valuation, or change in value, of Uniti Securities.

3.     Without regard to the Relevant Period, all Documents relating to any dividends, distributions, receipts, bankruptcy recoveries, or any other payments received as a result of Your ownership of, control over, interest in, or possession of Uniti Securities.

4.     All Documents that You read, reviewed, prepared, obtained, relied upon, or considered in connection with any decision to engage, or not engage, in a Transaction involving Uniti Securities, including any Documents or communications reflecting, discussing, or demonstrating such decision.

5.     All Documents relating to any analysis undertaken to determine whether Uniti Securities were suitable for Your portfolio.

6.      All Documents relating to any positions into which You entered at any time, either directly or indirectly, to hedge against, mitigate, or offset any anticipated, potential, or actual decrease in the value of Uniti Securities.

7.      All Documents relating to Your knowledge of

(a)     Uniti, including Uniti's financial condition, financial projections or forecasts, long-term outlook, earnings guidance, business affairs, public statements, management, accounting practices, investments, risk management, concentrations of risk, liquidity, or internal systems and controls;

(b)     the Master Lease, including whether the Master Lease is a "true lease";

(c)     the Spin-Off, including whether the Spin-Off and/or Master Lease violated any provisions in Windstream's debt indentures;

(d)     the Aurelius Litigation;

(e)     the Notice of Default; or

(f)     the Adversary Proceeding, including Windstream's allegations therein that the Master Lease was not a "true lease."

8.      All Documents relating to the rumors identified in Paragraph 172 of the Complaint that "Aurelius believed the Spin-Off violated the Indenture," including your Knowledge of the "rumors."

9.      Filings with the U.S. Securities and Exchange Commission, press releases, annual reports, analyst reports, research reports, or news items relating to Uniti Securities.

10.     Documents sufficient to show Plaintiffs' internal and organizational structure, if any, including the certificate, articles, agreement, partnership agreement, charter, constitution,

9

bylaws, plan, initial information report, or other similar Documents under which Plaintiffs were formed or organized or under which Plaintiffs currently operate.

11.     Documents reflecting Your guidelines, policies, procedures, practices, rules, goals, or criteria for investments or investment decisions, including Documents reflecting

      (a)     Your investment objectives or strategies;

      (b)     Permissible investments for your portfolio;

      (c)     Risk analyses or risk evaluations relating to Your investment in Securities;

      (d)     Your risk tolerance with respect to Your investment in Securities;

      (e)     The use of consultants or advisers with respect to Your investment in Securities; and

      (f)     Internal and external analyses and models used in connection with investing in Securities.

12.     Documents relating to variances or exceptions to any guideline, procedure, practice, rule, goal, or criteria covered by Request No. 11, including circumstances where You have disregarded, varied from, or found an exception to these guidelines, policies, procedures, practices, rules, goals, or criteria in connection with Transactions in Uniti Securities.

13.     Documents sufficient to identify all persons, including Plaintiffs' employees or outside advisors, who were involved in any decision to buy, hold, or sell Uniti Securities on behalf of Plaintiffs, or in any due diligence, investigation, analysis, or evaluation concerning Uniti Securities performed by or on behalf of Plaintiffs.

14.     Documents sufficient to show the names of persons, including Agents, banks, analysts, investment advisers, investment managers, investment professionals, brokers, dealers,

attorneys, employees, and/or representatives who provided You with investment advice relating to Uniti Securities.

15.    All Documents relating to the retention of any individual or entity identified in Your response to Request Nos. 13 and 14.

16.    All Documents relating to any advice or recommendation You received concerning Uniti Securities.

17.    All Documents relating to any algorithm, computer program, or other automated means of analyzing, modeling, recommending, or engaging in Transactions involving Uniti Securities.

18.    Without regard to the Relevant Period, all Documents You obtained from third parties that relate or refer to Uniti Securities and/or Defendants, whether in response to document requests, subpoenas, or otherwise.

19.    Documents sufficient to show Your profits, losses, revenues, earnings, and/or receipts relating to investing in Securities, including financial statements, bank statements, tax returns, and brokerage statements for the years 2014 through the present.

20.    All Documents relating to any losses or damages You allegedly suffered in connection with Uniti Securities, including any expert reports, analyses, or other Documents concerning the cause of the alleged losses or damages, the amount of the alleged losses or damages, the accounts in which the losses were allegedly incurred, and Your methodology for measuring your alleged loss.

21.    All Documents relating to Your efforts to mitigate the losses or damages resulting from the wrongdoing alleged in the Complaint, including without limitation, any information relating to hedges.

11

22.     All Documents relating to Your discovery of the facts alleged in the Complaint.

23.     All Documents You received, reviewed, examined, used, and/or relied upon in preparing the Complaint, including all Documents and communications referred to in the Complaint.

24.     Without regard to the Relevant Period, all Documents relating to any communications or statements by any party, witness, potential witness, confidential informant, or other person having or claiming to have knowledge or information regarding the allegations in the Complaint, including the communications and statements described in the Complaint.

25.     Documents sufficient to identify any confidential informants that provided information and/or Documents to You relating to Defendants, Uniti Securities, and/or any of the allegations in the Complaint.

26.     All Documents relating to the charts in the Complaint, including all backup materials, supporting data, and original source material for those charts.

27.     All Documents relating to, concerning, or constituting any allegedly false or misleading statement referenced in the Complaint upon which Plaintiffs base any claim in this Action.

28.     With respect to any allegedly false or misleading statement referenced in Request No. 27 all Documents

        (a)     reflecting or showing that Plaintiffs received, read, interpreted, or heard the statement;

        (b)     relating to Plaintiffs' alleged reliance on the statement to purchase, sell, hold, or otherwise engage in any Transaction involving Uniti Securities;

12

(c)      relating to Plaintiffs' knowledge, awareness, belief, view, or suspicion regarding whether the statement was false or misleading; and

(d)      relating to the disclosure of information allegedly correcting the statement.

29.      All Documents relating to the allegations in paragraphs 242–303 of the Complaint, including Documents supporting, refuting, or otherwise relating to the allegation that "[a]s a direct and proximate result of Defendants' wrongful conduct, Lead Plaintiffs and the other members of the Class suffered damages in connection with their purchases of Uniti securities during the Class Period."

30.      All Documents relating to Your decision to bring this Action in a representative capacity.

31.      All Documents relating to the scope, composition or identification of the proposed class, including Documents sufficient to identify (a) all known members of the Putative Class; (b) the amount, timing and nature of each known member's purchase of the Uniti securities; and (c) each known member's name and address.

32.      All Documents relating to discussions or communications (a) between or among You and any other member of the Putative Class, or (b) between or among You and any other person or entity concerning any Defendant or this Action, including the decision to file or participate in this Action.

33.      All Documents relating to the terms and conditions of any fee arrangement between or among You, any other plaintiff or member of the Putative Class, Plaintiffs' Counsel, and/or any other person in connection with this Action, including any arrangement regarding payment of costs and expenses for prosecution of this Action, or any referral fee or finder's fee.

13

34.      All Documents, including all non-privileged communications, relating to the retention of Plaintiffs' Counsel in this matter or any other matter in which You sought to act as lead plaintiff, including any engagement letter, retention agreement, compensation agreement, or any other Document evidencing transactions between You and Plaintiffs' Counsel.

35.      All Documents relating to the source of the funds to be used in prosecuting this Action.

36.      All Documents relating to any agreements or other arrangement relating to the prosecution of this Action or concerning any potential proceeds or recovery in this Action, including Your assignment of all or any portion of your claims or recovery in the Action.

37.      Without regard to the Relevant period, all Documents relating to or reflecting any payments, recovery, compensation, reimbursement, or other gains received by You in connection with this Action.

38.      Without regard to the Relevant Period, Documents sufficient to identify any federal, state, or other actions, lawsuits, arbitrations, or other proceedings in which You (a) claimed or sought to be a representative of a class of persons, (b) sued or sought to sue derivatively on behalf of a corporation, or (c) participated and the lawsuit, arbitration, or other proceeding asserted claims for violations of securities laws.

39.      Without regard to the Relevant Period, transcripts of all testimony offered by You or Your representative in a securities lawsuit and accompanying exhibits.

40.      Without regard to the Relevant Period, all Documents relating to (a) any civil or criminal charges, sanctions, complaints, proceedings, fines, disciplinary actions, decisions, or judgments filed, issued, or entered against You in any federal, state, or other court, in any arbitration, or by any governmental agency, stock exchange, self-regulatory organization, or

14

securities industry association, or (b) any investigations of You by any governmental agency, stock exchange, self-regulatory organization, or securities industry association.

41.     All Documents referring or relating to Your document retention or destruction policies, whether formal or informal, that were created, maintained, and/or disseminated during the Relevant Period, including communications to, between, or among Your employees and/or Agents instructing them to suspend normal document destruction protocols.

42.     All Documents You may use to support your claims or defenses in this Action.

43.     Any Document You intend to rely on or use at trial or in support of any motion for class certification.

Dated: August 16, 2021

OF COUNSEL:

Edmund Polubinski III *
Brian M. Burnovski *
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
edmund.polubinski@davispolk.com
brian.burnovski@davispolk.com

   /s/ Andrew King
Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000
jess.askew@kutakrock.com
andrew.king@kutakrock.com
frederick.davis@kutakrock.com

*Counsel for Defendants Uniti Group Inc.,
Kenneth A. Gunderman, and Mark A. Wallace*

\* admitted pro hac vice

15

## CERTIFICATE OF SERVICE

I, Michael V. Pucci, hereby certify that on this 16th day of August, 2021, I caused a true and correct copy of Defendants' First Set of Requests for Production of Documents to Plaintiffs to be served upon the following counsel by electronic mail:

### COUNSEL FOR PLAINTIFFS:

| Robbins Geller Rudman & Dowd LLP | |
|---|---|
| Debra J. Wyman | debraw@rgrdlaw.com |
| Ting Liu | tliu@rgrdlaw.com |
| **Labaton Sucharow LPP** | |
| Carol C. Villegas | cvillegas@labaton.com |
| Christine M. Fox | cfox@labaton.com |
| Ross M. Kamhi | rkamhi@labaton.com |
| Charles Farrell | cfarrell@labaton.com |
| **Patton Tidwell & Culbertson, LLP** | |
| Geoffrey P. Culbertson | gpc@texarkanalaw.com |
| **Schall Law Firm** | |
| Brian Schall | brian@schallfirm.com |
| **Thornton Law Firm LLP** | |
| Guillaume Buell | gbuell@tenlaw.com |

### COUNSEL FOR DEFENDANTS:

| Davis Polk & Wardwell LLP | |
|---|---|
| Edmund Polubinski III | edmund.polubinski@davispolk.com |
| Brian M. Burnovski | brian.burnovski@davispolk.com |
| Nikolaus Williams | nikolaus.williams@davispolk.com |
| Diane S. Hu | diane.hu@davispolk.com |
| Daniel Magy | daniel.magy@davispolk.com |
| Michael V. Pucci | michael.pucci@davispolk.com |
| **Kutak Rock LLP** | |
| Jess Askew III | jess.askew@kutakrock.com |
| Andrew King | andrew.king@kutakrock.com |
| Frederick H. Davis | frederick.davis@kutakrock.com |

DATED:     August 16, 2021
               Little Rock, Arkansas

*/s/ Andrew King*
Andrew King

16