# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

|  |  |
|---|---|
| IN RE UNITI GROUP INC.<br>SECURITIES LITIGATION | No. 4:19-cv-00756-BSM |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), and the Local Rules of the United States District Court for the Eastern District of Arkansas ("Local Rules"), Defendants Uniti Group Inc. ("Uniti"), Kenneth A. Gunderman, and Mark A. Wallace (collectively, "Defendants"), by and through their attorneys, hereby request that Lead Plaintiffs Zhengxu He, Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA, ("Lead Plaintiffs" or "Plaintiffs") separately answer the following interrogatories (the "Interrogatories" and each individual interrogatory, an "Interrogatory") under oath and provide written answers and a verification at the offices of Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, within the time period provided by the Federal Rules.  These Requests are made without prejudice to, or waiver of, any other discovery.

## DEFINITIONS

1.      "Action" means the above-captioned action, *In re Uniti Group Inc. Sec. Litig.*, Case No. 4:19-cv-00756-BSM (E.D. Ark.).

2.      "Adversary Proceeding" refers to the proceeding filed against Uniti in connection with Windstream's bankruptcy action. *See Windstream Holdings, Inc., et al. v. Uniti Grp., Inc.*, *et al.*, No. 7:19-AP-08279 (Bankr. S.D.N.Y. filed July 25, 2019).

3.      "Affiliated" means (a) having three or more trustees or directors in common, (b) directly or indirectly owning, being owned by, or being under common ownership of another entity where the ownership interest is at least 5%, (c) directly or indirectly controlling, being controlled by or being under common control of another entity, (d) directly or indirectly managing, being managed by or being under common management of another entity, chief executive, or government official, (e) being part of a joint venture, partnership, or other undertaking with another entity, whether formally organized or not, (f) having common legal reporting obligations with another entity, or (g) being a component of a corporation, partnership, governmental unit, or undertaking whose operations are integrated or managed for the benefit of that enterprise.

4.      "Affiliate" means two or more entities that are Affiliated.

5.      "Agent" means any Person (a) acting for, at the direction of, or on behalf of another, (b) who is a representative of another, or (c) who is a director, employee, or officer of another.

6.      "Aurelius" means Aurelius Capital Master, Ltd.

7.      "Aurelius Litigation" refers to the lawsuit captioned, *U.S. Bank N.A. v. Windstream Services, LL*C, No. 1:17-cv-07857-JMF (S.D.N.Y.), filed on Oct, 12, 2017.

8.      "Complaint" means Lead Plaintiffs' Consolidated Amended Class Action Complaint, filed in the Action on May 11, 2020.

9. "Defendants" means Uniti Group Inc., Kenneth A. Gunderman, and Mark A. Wallace.

10. "Document" shall be construed in the broadest sense allowed by the Federal Rules and the Local Rules and shall include any writings, drawings, graphs, charts, photographs, tape recordings, notes, diaries, calendars, books, papers, accounts, electronic or videotape recordings, and any computer-generated, computer-stored, or electronically-stored matter from which information can be obtained and translated, if necessary, into reasonably useable form.

11. "Person" or "persons" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

12. "Plaintiffs," "Lead Plaintiffs," "you," and "your" mean Zhengxu He and the Uniti Investor Group, both individually and in any representative capacity, including, without limitation, their respective predecessors, associated entities, successors, parents, subsidiaries, Affiliates, divisions, directors, officers, principals, trustees, employees, Agents, representatives, consultants, attorneys, and/or any person or entity that acts, or purports to act, on their behalf or in their name.

13. "Plaintiffs' Counsel" refers to the law firms Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP, including any employee, member partner, investor, or any predecessor or successor entity.

14. "Putative Class" means the putative class as defined in paragraph 274 of the Complaint.

15. "Reform Act Certification" means Plaintiff's certifications and disclosures filed in the Action pursuant to 15 U.S.C. § 77z-1 or any other provision of the federal securities laws.

16.     "Security" or "Securities" shall have the meaning set forth in the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq*.

17.     "Spin-Off" refers to Uniti's spin-off from Windstream Holdings, Inc. on or about April 24, 2015.

18.     "Transaction" means and refers to any purchase, acquisition, borrowing, sale, lending, disposition, tender, donation, receipt, gift, transfer, put, call, short sale, or any other means by which you, whether for your own account or benefit or for the benefit of any other person, acquired or disposed of any interest in any Security.

19.     "Uniti" means Uniti Group Inc.

20.     "Uniti Investor Group" means the Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA, as those terms are used in the Complaint.

21.     "Windstream" refers to Windstream Holdings, Inc. and any of its subsidiaries or Affiliates.

22.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of its scope.

23.     The word "including" and the phrase "such as" shall both be construed broadly to encompass the phrases "including without limitation" and "such as, but not limited to," respectively, and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

24.     "All" means all or any, and "any" means all or any.

25.     The words "and," "or," and "any" are intended to be construed as necessary to bring within the scope of these requests for production any documents or information that otherwise might be construed to be outside the scope of any of them.  Use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun.

26.     "Relating to" means concerning, regarding, referring to, reflecting, mentioning, evidencing, constituting, pertaining to, involving, supporting, summarizing, analyzing, or otherwise logically or factually connected in any way with the subject.  Each of these terms may be used interchangeably herein and will be treated as encompassing all of these meanings.

## **INSTRUCTIONS**

In addition to the specific instructions enumerated below, Defendants incorporate by reference the instructions set forth in Rule 33 of the Federal Rules.

1.     Unless otherwise indicated, these Interrogatories seek information concerning the time period from January 1, 2015 through and including October 25, 2019 (the "Relevant Period").

2.     You are required to obtain and furnish all information available to you and to any of your representatives, Agents, employees, and/or attorneys, and to obtain and furnish all information that is in your actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of any of your representatives, Agents, employees, accountants, or attorneys.

3.     If any of the Interrogatories cannot be answered in full, answer to the extent possible, specifying the reason for the inability to answer the remainder.  Estimates should be given when, but only when, exact information cannot be supplies.  Any estimates should be identified as

5

such, should be as precise as possible, and the sources of, and methods of deriving, each estimate should be specifically set forth.

4.      If, in responding to an Interrogatory, you claim any ambiguity in the Interrogatory, or in a Definition or Instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory.

5.      Each Interrogatory should be answered separately. Interrogatories should not be combined for the purpose of supplying a common answer, and answers should not be supplied by reference to the answer to another Interrogatory, unless the answer is identical to the answer to which it refers. When an Interrogatory has several parts, answer each part separately.

6.      Your responses to the Interrogatories should be as responsive as reasonably possible.  If you object to an interrogatory or any portion of any Interrogatory, you should indicate the part of the Interrogatory to which you object, specify the precise basis for why you are objecting to that portion of the Interrogatory, and provide information responsive to the remaining portion of the Interrogatory.

7.      If any of the Interrogatories set forth below call for information that you claim to be privileged or otherwise immune from discovery, and such information is withheld by you on that basis, state with particularity (a) the nature of the privilege or immunity claimed; (b) the facts upon which you rely to support said claim of privilege or immunity; and (c) any information required pursuant to the Federal Rules of Civil Procedure or any applicable local rule.

8.      If any Interrogatory is answered by reference to a Document, identify the Document by Bates number or other identifying information.

9.     Pursuant to Rule 26(e) of the Federal Rules, these Interrogatories are continuing in nature and require further and supplemental responses if, between the date hereof and the time of the hearing or trial, you become aware of any additional information responsive to these Interrogatories. The Definitions and Instructions set forth above are applicable to any such supplemental response.

10.     These Interrogatories shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, or any objection the Defendants may have to any discovery requests Plaintiffs have served or may serve, nor shall they be construed as an admission of any fact by any Defendant.

## **INTERROGATORIES**

1.     Identify all Uniti Securities for which you intend to pursue claims on Your own behalf or on behalf of the Putative Class.

2.     For each type of Uniti Security identified in response to Interrogatory No. 1, identify each Transaction in that Security made by You or on Your behalf since April 24, 2015, including the class and/or type of Security involved; the nature of the Transaction (e.g., purchase, sale, short sale); the date upon which instructions were given to effect the Transaction; the date upon which the Transaction settled; the number of shares or units traded; the price per share or unit; the total price of the Transaction; and the profit or loss resulting from the Transaction.

3.     For each Transaction identified in response to Interrogatory No. 2, identify each broker, salesperson or other person who participated in, or assisted in executing, the Transaction; and each person or entity, including advisors, with whom you discussed such Transaction before effectuating it.

7

4.    For each alleged misstatement or omission for which you seek damages, whether on your own behalf or on behalf of the Putative Class, identify such damages, including the methodology for computing such damages.

5.    For each alleged misstatement or omission for which you seek damages, identify all date(s) on which you claim Uniti's stock price fell in response to information revealing the truth of the alleged misstatement or omission or the materialization of any undisclosed risk.

6.    For each date identified in response to Interrogatory No. 5, identify all facts, Documents, and witness in support of that contention that Uniti's stock price fell in response to information revealing the truth of any alleged misstatement or omission or the materialization of any undisclosed risk.

7.    Identify each person who provided information and/or Documents to you or your counsel relating to Defendants, Uniti Securities, or any allegations in the Complaint.

8.    Identify the date, time, and method of communication of any communications since April 24, 2015, with any person identified in your response to Interrogatory No. 7.

9.    Identify all persons who reviewed or confirmed the allegations in the Complaint, including your Reform Act Certification.

10.    If you contend that any of the statements referenced in paragraphs 139–228 of the Complaint, either individually or taken together, are false or misleading, identify each statement that you contend is false or misleading and identify all facts, witnesses, and Documents in support of that contention.

11.    For each statement identified in your response to Interrogatory No. 10, identify the date on which you or your counsel first discovered that the statement was false or misleading.

8

12. Describe any investigation you performed to discover the facts alleged in the Complaint.

13. If you contend that the Master Lease was not a "true lease," identify all facts, witnesses, and Documents in support of that contention.

14. With respect to your allegations that (a) the Spin-Off violated certain sale-leaseback restrictions in Windstream's debt indentures and (b) the Master Lease was not a "true lease," identify what information you contend should have been disclosed by Defendants and the earliest date such information should have been disclosed.

Dated: September 8, 2021

OF COUNSEL:

Edmund Polubinski III *
Brian M. Burnovski *
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
edmund.polubinski@davispolk.com
brian.burnovski@davispolk.com

/s/ Andrew King _____
Jess Askew III, Ark. Bar No. 86005
Andrew King, Ark. Bar No. 2007176
Frederick H. Davis, Ark. Bar No. 2012271
KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000
jess.askew@kutakrock.com
andrew.king@kutakrock.com
frederick.davis@kutakrock.com

*Counsel for Defendants Uniti Group Inc.,
Kenneth A. Gunderman, and Mark A. Wallace*

*\* admitted pro hac vice*

9

# CERTIFICATE OF SERVICE

I, Andrew King, hereby certify that on this 8th day of September, 2021, I caused a true and correct copy of Defendants' First Set of Interrogatories to Plaintiffs to be served upon the following counsel by electronic mail:

**COUNSEL FOR PLAINTIFFS:**

| Robbins Geller Rudman & Dowd LLP | |
| --- | --- |
| Debra J. Wyman | debraw@rgrdlaw.com |
| Ting Liu | tliu@rgrdlaw.com |
| **Labaton Sucharow LPP** | |
| Carol C. Villegas | cvillegas@labaton.com |
| Christine M. Fox | cfox@labaton.com |
| Ross M. Kamhi | rkamhi@labaton.com |
| Charles Farrell | cfarrell@labaton.com |
| **Patton Tidwell & Culbertson, LLP** | |
| Geoffrey P. Culbertson | gpc@texarkanalaw.com |
| **Schall Law Firm** | |
| Brian Schall | brian@schallfirm.com |
| **Thornton Law Firm LLP** | |
| Guillaume Buell | gbuell@tenlaw.com |

**COUNSEL FOR DEFENDANTS:**

| Davis Polk & Wardwell LLP | |
| --- | --- |
| Edmund Polubinski III | edmund.polubinski@davispolk.com |
| Brian M. Burnovski | brian.burnovski@davispolk.com |
| Nikolaus Williams | nikolaus.williams@davispolk.com |
| Diane S. Hu | diane.hu@davispolk.com |
| Daniel Magy | daniel.magy@davispolk.com |
| Michael V. Pucci | michael.pucci@davispolk.com |
| **Kutak Rock LLP** | |
| Jess Askew III | jess.askew@kutakrock.com |
| Andrew King | andrew.king@kutakrock.com |
| Frederick H. Davis | frederick.davis@kutakrock.com |

10

DATED:       September 8, 2021
             Little Rock, Arkansas


                                    /s/ Andrew King _____
                                    Andrew King

11