# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

|  | x |  |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | : | Master File No. 4:19-CV-00756-BSM |
|  | : |  |
|  | : | CLASS ACTION |
|  | : |  |
|  | : | LEAD PLAINTIFFS' RESPONSES AND |
|  | : | OBJECTIONS TO DEFENDANTS' FIRST |
|  | : | SET OF INTERROGATORIES |
|  | : |  |
|  | : |  |
|  | x |  |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules for the United States District Court for the Eastern District of Arkansas ("Local Rules"), Lead Plaintiffs Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust ("Z. He"), Steamfitters Local 449 Pension Plan ("Local 449"), Wayne County Employees' Retirement System ("Wayne County"), and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA ("McMurray") (collectively, "Plaintiffs"), by and through their attorneys, hereby respond and object to Defendants' First Set of Interrogatories to Plaintiffs (the "Interrogatories"), dated September 8, 2021, as set forth below.

## I.    RESERVATION OF RIGHTS

1.    Plaintiffs' Responses to these Interrogatories are made for the sole purpose of the above-captioned action (the "Action"). Each Response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy; and all objections are reserved and may be interposed at the time of trial. No Response shall be construed as a waiver or abridgement of any applicable privilege or any objection set forth herein.

2.    Plaintiffs' Responses to the Interrogatories are based upon, and therefore limited by, records and information still in existence, presently recollected and thus far discovered in the course of preparing these Responses. Consequently, Plaintiffs reserve the right to revise or supplement these Responses, to the extent required by the Federal Rules of Civil Procedure, if it appears that, at any time, inadvertent errors or omissions have been made or additional or more accurate information becomes available.

3.    Plaintiffs do not accept or admit the existence of any fact(s) set forth or assumed by an Interrogatory. Plaintiffs will make a reasonable and proportionate inquiry of information within Plaintiffs' possession, custody, or control in responding to the Interrogatories.

4.    The Responses to the Interrogatories are subject to the General Objections, Objections to Definitions, Objections to Instructions, the Specific Objections to each individual Interrogatory, and any limitation or qualification contained in the General Objections, Objections to Definitions, Objections to Instructions, or Specific Responses and Objections.

## II.    GENERAL OBJECTIONS

Plaintiffs object to the Interrogatories on the following grounds, each of which is expressly incorporated by reference in the Responses to the individual Interrogatories below.  All individual Responses set forth herein are subject to and without waiver of any of these General Objections.

1.    Plaintiffs object to the Interrogatories (including the Definitions, Instructions, and Relevant Period contained therein) to the extent they impose any obligations on Plaintiffs beyond those imposed by law or are otherwise inconsistent with Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules.

2.    Plaintiffs object to the Interrogatories generally as premature.  Plaintiffs reserve the right to supplement their Responses to the Interrogatories.

3.    Plaintiffs object to the Interrogatories generally to the extent they seek information that is beyond the scope of permissible discovery, are not relevant to any party's claims or defenses, and/or are not proportional to the needs of the case.

4.    Plaintiffs object to the Interrogatories generally to the extent they purport to impose burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a) and 33 thereof; the Local Rules, specifically Rule 33.1 thereof; any applicable case law, rule or order of this Court; or any agreement of the parties bearing on the proper scope, timing, and extent of discovery in this Action.

5.    Plaintiffs object to the Interrogatories generally to the extent they seek information that is already available to Defendants.

- 2 -

6.      Plaintiffs object to the Interrogatories generally to the extent they are overly broad, unduly burdensome, oppressive, or harassing.  Plaintiffs further object to the Interrogatories to the extent they purport to impose burdens on Plaintiffs that are disproportionate to Defendants' need for the information.

7.      Plaintiffs object to the Interrogatories generally to the extent they are vague, are ambiguous or employ imprecise descriptions of the information sought.

8.      Plaintiffs object to the Interrogatories generally to the extent they are compound and/or contain discrete subparts.

9.      Plaintiffs object to the Interrogatories generally to the extent they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

10.     Plaintiffs object to the Interrogatories to the extent they seek information that is in the possession of third parties, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

## III.    OBJECTIONS TO DEFINITIONS

1.      Plaintiffs object to the Definitions to the extent they are inconsistent with or seek to impose obligations or burdens not contained within the Federal Rules of Civil Procedure, specifically Rules 26 and 33 thereof; the Local Rules; and/or any other applicable law, agreement, rule, statute, or court order.  These Objections to Definitions are incorporated into each Specific Response below as if fully repeated therein.

2.      Plaintiffs object to the definition of "Document" as overbroad, unduly burdensome, not proportional to the needs of the case, imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26 and 33 thereof, and the Local Rules, and seeking information that is beyond the scope of permissible discovery.

3.      Plaintiffs object to the definitions of "Person" and "persons" as overbroad, unduly burdensome, and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rule 26(a) thereof, and the Local Rules.

4.      Plaintiffs object to the definition of "Plaintiffs," "Lead Plaintiffs," "You," and "Your" to the extent it includes "respective predecessors, associated entities, successors, parents, subsidiaries, Affiliates, divisions, directors, officers, principals, trustees, employees, Agents, representatives, consultants, attorneys, and/or any person or entity that acts, or purports to act, on their behalf or in their name" as overbroad, unduly burdensome, not proportional to the needs of the case, and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rule 26(a) thereof, and the Local Rules, including: (i) imposing a discovery obligation on persons and entities who are not parties to the litigation and are irrelevant and outside the scope of this Action; and (ii) imposing a burden on Plaintiffs to obtain information from third parties outside of their control.

5.      Plaintiffs object to the definition of "Plaintiffs' Counsel" as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it includes investors, predecessors or successor entities of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP.

6.      Plaintiffs object to the definition of "Transaction" as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it purports to include securities transactions "for the benefit of any other person" other than the Court-appointed Lead Plaintiffs.

## IV.    OBJECTIONS TO INSTRUCTIONS

1.    Plaintiffs object to the Instructions to the extent they mischaracterize or are inconsistent with Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules, and purport to impose obligations beyond what those rules require.

2.    Plaintiffs object to the Instructions to the extent they are overbroad, are unduly burdensome, and call for information that is not relevant to either party's claims or defenses.

3.    Plaintiffs object to Instruction No. 2 as overbroad in requiring to "obtain and furnish all information available to you and to any of your representatives, Agents, employees, and/or attorneys."

4.    Plaintiffs object to Instruction No. 3 to the extent it mischaracterizes Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1 and purports to impose obligations beyond what those rules require.

5.    Plaintiffs object to Instruction No. 6 to the extent it mischaracterizes Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1 and purports to impose obligations beyond what those rules require.

## V.    SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify all Uniti Securities for which you intend to pursue claims on Your own behalf or on behalf of the Putative Class.

RESPONSE TO INTERROGATORY NO. 1:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as premature given that Plaintiffs' motion for class certification is not due to be filed until October 25, 2021.  Plaintiffs reserve the right to supplement or modify their response after that date.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs intend, at this time, to pursue claims on behalf of all persons and entities who, during the period from April 24, 2015 to June 24, 2019, inclusive (the "Class Period") purchased or otherwise acquired the publicly traded common stock or call options or sold the put options of Uniti Group Inc. f/k/a Communications Sales & Leasing, Inc., and were damaged thereby.

INTERROGATORY NO. 2:

For each type of Uniti Security identified in response to Interrogatory No. 1, identify each Transaction in that Security made by You or on Your behalf since April 24, 2015, including the class and/or type of Security involved; the nature of the Transaction (e.g., purchase, sale, short sale); the date upon which instructions were given to effect the Transaction; the date upon which the Transaction settled; the number of shares or units traded; the price per share or unit; the total price of the Transaction; and the profit or loss resulting from the Transaction.

RESPONSE TO INTERROGATORY NO. 2:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as seeking information that is overbroad and unduly burdensome based on the objections to the definition of "You" set forth in §III above, and because the Interrogatory is not limited to transactions in Uniti securities during the Relevant Period.

Subject to these objections and those set forth in §§I-IV, Plaintiffs respond as follows: Plaintiffs traded Uniti securities as described in Plaintiffs' certifications (ECF Nos. 30-1, 34-2) and loss analyses (ECF Nos. 30-2, 34-3).

INTERROGATORY NO. 3:

For each Transaction identified in response to Interrogatory No. 2, identify each broker, salesperson or other person who participated in, or assisted in executing, the Transaction; and each person or entity, including advisors, with whom you discussed such Transaction before effectuating it.

RESPONSE TO INTERROGATORY NO. 3:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as seeking information that is overbroad and unduly burdensome based on the objections to the definition of "Transaction" set forth in §III above.  In addition, this Interrogatory is overbroad to the extent it seeks a response identifying persons "who participated in, or assisted in executing, the Transaction" and those with whom Plaintiffs "discussed such Transaction."

Subject to these objections and those set forth in §§I-IV, Plaintiffs respond as follows: that they traded Uniti stock, as described in Plaintiffs' certifications (ECF Nos. 30-1, 34-2), with the Investment Managers listed in Plaintiffs' Initial Disclosures.  Plaintiffs McMurray and Z. He did not utilize brokers or other persons to trade.  McMurray traded on the online platform E*Trade. He traded on the online platforms T.D. Ameritrade and Charles Schwab.

INTERROGATORY NO. 4:

For each alleged misstatement or omission for which you seek damages, whether on your own behalf or on behalf of the Putative Class, identify such damages, including the methodology for computing such damages.

RESPONSE TO INTERROGATORY NO. 4:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as a premature contention interrogatory propounded before fact discovery is

substantially complete and is therefore unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it impermissibly seeks information protected by attorney-client privilege or the work product doctrine. Plaintiffs also object to this Interrogatory as premature because it calls for expert witness opinion evidence which is not due to be disclosed until January 14, 2022.

INTERROGATORY NO. 5:

For each alleged misstatement or omission for which you seek damages, identify all date(s) on which you claim Uniti's stock price fell in response to information revealing the truth of the alleged misstatement or omission or the materialization of any undisclosed risk.

RESPONSE TO INTERROGATORY NO. 5:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as a premature contention interrogatory propounded before fact discovery is substantially complete and is therefore unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it impermissibly seeks information protected by attorney-client privilege or the work product doctrine. Plaintiffs also object to this Interrogatory as premature because it calls for expert witness opinion evidence which is not due to be disclosed until January 14, 2022.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs refer Defendants to Plaintiffs' Consolidated Amended Class Action Complaint (ECF No. 62, "Complaint") including ¶¶168-171, 177-178, 201-206, 227-228, 241-266 which describe the alleged disclosure dates or materialization of risk dates including the following: (i): August 3, 2017

- 8 -

(before market opened) [1]; (ii) September 25, 2017 (after market closed)[2]; (iii) February 15, 2019 (after market close); and (iv) June 24, 2019 (after market close). A chart of Uniti's stock price reaction on the dates of partial disclosures can be found at ¶¶264-265.

INTERROGATORY NO. 6:

For each date identified in response to Interrogatory No. 5, identify all facts, Documents, and witness in support of that contention that Uniti's stock price fell in response to information revealing the truth of any alleged misstatement or omission or the materialization of any undisclosed risk.

RESPONSE TO INTERROGATORY NO. 6:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as a premature contention interrogatory propounded before fact discovery is substantially complete and is therefore unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it impermissibly seeks information protected by attorney-client privilege or the work product doctrine. Plaintiffs also object to this Interrogatory as premature because it calls for expert witness opinion evidence which is not due to be disclosed until January 14, 2022.

INTERROGATORY NO. 7:

Identify each person who provided information and/or Documents to you or your counsel relating to Defendants, Uniti Securities, or any allegations in the Complaint.

---

[1] Uniti's stock price continued to fall in the week following this disclosure. ¶248.

[2] Uniti's stock price continued to fall on September 27, 2017. ¶254.

RESPONSE TO INTERROGATORY NO. 7:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as seeking information protected by the attorney client privilege and work product doctrine. Plaintiffs also object to this Interrogatory as seeking information that is overbroad, unduly burdensome, and vague based on the use of the term "information."

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: The following entities and individuals provided information to Plaintiffs relating to Defendants, Uniti Securities, or any allegations in the Complaint: (1) each of the Plaintiffs provided details about their transactions in Uniti securities during the Class Period; (2) certain trial exhibits from the Aurelius Litigation were cited in the Complaint; and (3) certain analyst reports were cited in the Complaint and Plaintiffs believe some, but not all, of these reports may be available on a subscription basis only. No other sources of information were consulted for allegations in the Complaint.

INTERROGATORY NO. 8:

Identify the date, time, and method of communication of any communications since April 24, 2015, with any person identified in your response to Interrogatory No. 7.

RESPONSE TO INTERROGATORY NO. 8:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as it impermissibly seeks information protected by the attorney-client privilege and work product doctrine.  Plaintiffs also object to this Interrogatory as seeking information that is overbroad, unduly burdensome, and not relevant to either party's claims or defenses because the Interrogatory is not limited to the Relevant Period.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: There have been no communications apart from attorney-client privileged communications with Plaintiffs' Counsel.

INTERROGATORY NO. 9:

Identify all persons who reviewed or confirmed the allegations in the Complaint, including your Reform Act Certification.

RESPONSE TO INTERROGATORY NO. 9:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as seeking information that is overbroad, unduly burdensome, and vague based on the use of the terms "reviewed" and "confirmed." Plaintiffs also object to this Interrogatory to the extent it calls for attorney-client privileged information and protected attorney work-product.

Subject to and without waiving the foregoing objections, Plaintiffs respond that the Complaint was reviewed by Plaintiffs' Counsel and each of the Plaintiffs. In the case of Local 449 and Wayne County, one or more representatives of those funds reviewed the allegations of the Complaint and the Reform Act Certification filed with the Court.

INTERROGATORY NO. 10:

If you contend that any of the statements referenced in paragraphs 139–228 of the Complaint, either individually or taken together, are false or misleading, identify each statement that you contend is false or misleading and identify all facts, witnesses, and Documents in support of that contention.

RESPONSE TO INTERROGATORY NO. 10:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as a premature contention interrogatory propounded before fact discovery is substantially complete and is therefore unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it impermissibly seeks information protected by the work product doctrine.

INTERROGATORY NO. 11:

For each statement identified in your response to Interrogatory No. 10, identify the date on which you or your counsel first discovered that the statement was false or misleading.

RESPONSE TO INTERROGATORY NO. 11:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as it impermissibly seeks information protected by the attorney-client privilege and work product doctrine.  Plaintiffs also object to this Interrogatory as seeking information that is overbroad and vague based on the use of the term "first discovered."

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Each of the Plaintiffs were independently made aware of the alleged false and misleading statements and omissions by Plaintiffs' counsel at or around the time of the signing of their Reform Act Certifications and/or retention agreements, whichever was executed earlier.

INTERROGATORY NO. 12:

Describe any investigation you performed to discover the facts alleged in the Complaint.

RESPONSE TO INTERROGATORY NO. 12:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as it impermissibly seeks information protected by the attorney-client

- 12

privilege and work product doctrine. Plaintiffs also object to this Interrogatory as seeking information that is overbroad, unduly burdensome, and not relevant to either party's claims or defenses based on the objections to the definition of "You" set forth in §III above. Further, Plaintiffs also object to this Interrogatory as seeking information that is overbroad and vague based on the use of the term "investigation."

Subject to and without waiving the foregoing objections, Plaintiffs respond that they relied upon the investigation undertaken by Plaintiffs' Counsel.

INTERROGATORY NO. 13:

If you contend that the Master Lease was not a "true lease," identify all facts, witnesses, and Documents in support of that contention.

RESPONSE TO INTERROGATORY NO. 13:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as a premature contention interrogatory propounded before fact discovery is substantially complete and is therefore unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it impermissibly seeks information protected by attorney-client privilege or the work product doctrine. Plaintiffs also object to this Interrogatory as premature because it calls for expert witness opinion evidence which is not due to be disclosed until January 14, 2022.

INTERROGATORY NO. 14:

With respect to your allegations that (a) the Spin-Off violated certain sale-leaseback restrictions in Windstream's debt indentures and (b) the Master Lease was not a "true lease," identify what information you contend should have been disclosed by Defendants and the earliest date such information should have been disclosed.

<u>RESPONSE TO INTERROGATORY NO. 14</u>:

In addition to the objections and limitations set forth in §§I-IV, Plaintiffs specifically object to this Interrogatory as a premature contention interrogatory propounded before fact discovery is substantially complete and is therefore unduly burdensome. Plaintiffs also object to this Interrogatory to the extent it impermissibly seeks information protected by attorney-client privilege or the work product doctrine. Plaintiffs also object to this Interrogatory as premature because it calls for expert witness opinion evidence which is not due to be disclosed until January 14, 2022.

DATED: October 8, 2021

<div style="margin-left:45%">

*/s/ Debra J. Wyman*
DEBRA J. WYMAN
ROBBINS GELLER RUDMAN
& DOWD LLP
TING H. LIU
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
Email: debraw@rgrdlaw.com
        tliu@rgrdlaw.com

*/s/ Christine M. Fox*
CHRISTINE M. FOX
LABATON SUCHAROW LLP
ROSS M. KAMHI
CHARLES FARRELL
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
Email: cfox@labaton.com
        rkamhi@labaton.com
        cfarrell@labaton.com

</div>

*Lead Counsel for Lead Plaintiffs*

GEOFFREY P. CULBERTSON
Arkansas Bar No. 2014011
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, TX 75503
Telephone: 903/792-7080
903/792-8233 (fax)
Email: gpc@texarkanalaw.com

*Liaison Counsel for the Class*

SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 424/303-1964
877/590-0483 (fax)
Email: brian@schallfirm.com

THORNTON LAW FIRM LLP
GUILLAUME BUELL
1 Lincoln Street, 25th Floor
Boston, MA 02111
Telephone: 617/720-1333
617/720-2445 (fax)
Email: gbuell@tenlaw.com

*Additional Plaintiffs' Counsel*

- 15

## DECLARATION OF SERVICE BY EMAIL

I, CHRISTINE M. FOX, hereby declare that on October 8, 2021, I served the attached LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS on the parties in the within action by email addressed as follows:

**COUNSEL FOR PLAINTIFFS:**

| Robbins Geller Rudman & Dowd LLP | |
|---|---|
| Debra J. Wyman | debraw@rgrdlaw.com |
| Ting Liu | tliu@rgrdlaw.com |
| **Labaton Sucharow LLP** | |
| Carol C. Villegas | cvillegas@labaton.com |
| Christine M. Fox | cfox@labaton.com |
| Ross M. Kamhi | rkamhi@labaton.com |
| Charles Farrell | cfarrell@labaton.com |
| **Patton Tidwell & Culbertson, LLP** | |
| Geoffrey P. Culbertson | gpc@texarkanalaw.com |
| **Schall Law Firm** | |
| Brian Schall | brian@schallfirm.com |
| **Thornton Law Firm LLP** | |
| Guillaume Buell | gbuell@tenlaw.com |

**COUNSEL FOR DEFENDANTS**

| Davis Polk & Wardwell LLP | |
|---|---|
| Edmund Polubinski III | edmund.polubinski@davispolk.com |
| Brian M. Burnovski | brian.burnovski@davispolk.com |
| Nikolaus Williams | nikolaus.williams@davispolk.com |
| Diane S. Hu | diane.hu@davispolk.com |
| Daniel Magy | daniel.magy@davispolk.com |
| Michael V. Pucci | michael.pucci@davispolk.com |
| **Kutak Rock LLP** | |
| Jess Askew III | jess.askew@kutakrock.com |
| Andrew King | andrew.king@kutakrock.com |
| Frederick H. Davis | frederick.davis@kutakrock.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 8, 2021, at New York, New York.

/s/ Christine M. Fox
CHRISTINE M. FOX

## VERIFICATION

I, GERARD GRYSKO, declare:

I am the Deputy Director of Wayne County Employees' Retirement System ("Wayne County"), Lead Plaintiff in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing **LEAD PLAINTIFF WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**. As to those matters within my personal knowledge, I verify on behalf of Wayne County that the contents of Interrogatories and the representations made as to Wayne County are true and accurate; and as to other matters, on information and belief I verify on behalf of Wayne County that the contents thereof are true and accurate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _Detroit_, Michigan on this 8th day of October, 2021.

GERARD GRYSKO

## VERIFICATION

I, DAVID MCMURRAY, declare:

I am a Lead Plaintiff in *In re Uniti Group Inc. Securities Litigation*, No. 4:19-CV-00756 (E.D. Ark.);

I have reviewed the foregoing **LEAD PLAINTIFF DAVID MCMURRAY, ON BEHALF OF HIMSELF AND AS SOLE BENEFICIARY OF THE DAVID MCMURRAY R/O IRA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**. As to those matters within my personal knowledge, I verify that the contents thereof are true and accurate; and as to other matters, on information and belief I verify that the contents thereof are true and accurate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at __Inman, SC__, __10/8/2021__ this ___ day of October, 2021.

DocuSigned by:

*David McMurray*

D1C3028A150846F

DAVID MCMURRAY