# Exhibit F

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | x | |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | : | Master File No. 4:19-CV-00756-BSN |
| | : | |
| | : | <u>CLASS ACTION</u> |
| | : | |

**LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Rules for the United States District Courts for the Eastern District of Arkansas ("Local Rules"), Lead Plaintiffs Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust ("Z. He"), Steamfitters Local 449 Pension Plan ("Local 449"), Wayne County Employees' Retirement System ("Wayne County"), and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA ("McMurray") (collectively, "Plaintiffs"), by and through their attorneys, hereby respond and object to Defendants' First Set of Requests for Production of Documents to Plaintiffs (the "Requests"), dated August 16, 2021, as set forth below.

I.      **RESERVATION OF RIGHTS**

1.      Plaintiffs' Responses to these Requests are made for the sole purpose of the above-captioned action (the "Action"). Each Response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy; and all objections are reserved and may be interposed at the time of trial. No Response shall be construed as a waiver or abridgement of any applicable privilege, or any objection set forth herein.

2.      Plaintiffs' Responses to the Requests are based upon, and therefore limited by, records and information still in existence, presently collected and thus far discovered in the course of preparing these Responses. Consequently, Plaintiffs reserve the right to revise or supplement these Responses, to the extent required by the Federal Rules of Civil Procedure, if it appears that, at any time, inadvertent errors or omissions have been made or additional or more accurate information becomes available.

3.      By stating in response to any Request that Plaintiffs shall search for and produce non-privileged documents, Plaintiffs represent that they neither: (i) accept or admit the existence

of any fact(s) set forth or assumed by that Request; nor (ii) accept or admit the existence of any such document.  Rather, Plaintiffs will make a diligent search and reasonable inquiry that is proportional to the needs of the case to ascertain whether documents responsive to the Requests do, in fact, exist and to produce such documents if they are found to exist, are not privileged (or otherwise protected from disclosure), and are within Plaintiffs' possession, custody, or control.

4.	Providing any documents or information shall not constitute a waiver of any applicable objection and is without prejudice to Plaintiffs' right to object later that the production of any such information was inadvertent.

5.	Any offer to search for and produce documents is made subject to the General Objections, Objections to Definitions, Objections to Instructions, Objections to the Relevant Period, the Specific Objections to each individual Request, and any limitation or qualification contained therein.  To the extent Plaintiffs object to any Request, Plaintiffs are willing to meet and confer to discuss the Request.

## II.	GENERAL OBJECTIONS

Plaintiffs object to the Requests on the following grounds, each of which is expressly incorporated by reference in the Responses to the individual Requests below.  All individual Responses set forth herein are subject to and without waiver of any of these General Objections.

1.	Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent they seek documents that are not within the possession, custody, or control of Plaintiffs.  Where indicated below, or as otherwise agreed upon by the parties, Plaintiffs will search for documents where they are reasonably expected to be located and will produce responsive, non-privileged documents resulting from the search.

2.	Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they are vague, ambiguous, overbroad,

unduly burdensome, unreasonable, employ imprecise descriptions of the documents sought or require Plaintiffs to speculate as to the nature or scope of the documents sought.  To the extent Plaintiffs agree to produce any documents or information in response to the Requests as set forth below in the Specific Responses and Objections, Plaintiffs will provide only those documents or information that they can reasonably identify as responsive to the Requests.

3.      Plaintiffs object to the Requests to the extent they seek information that is in the possession of third parties, or that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

4.      Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they seek information that is not relevant to any party's claims or defenses in this Action nor proportional to the needs of the Action.

5.      Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) generally to the extent that they are inconsistent with or purport to impose burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a) and 34 thereof; the Local Rules; any applicable case law, rule or order of this Court; or any agreement of the parties bearing on the proper scope, timing, and extent of discovery in this Action.

6.      Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they are not limited to a reasonable time period.

7.      Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they purport to require unreasonably costly and/or time-consuming measures to locate and produce responsive documents or information.

- 3 -

Plaintiffs will construe each Request to require a reasonable and proportional search in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Request.

8.      Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they call for the production of documents that are equally accessible to Defendants, originated in Defendants' possession, custody, or control, or are available to Defendants through public sources or records on the ground that it subjects Plaintiffs to unreasonable and undue burden and expense.

9.      Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they call for information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity, and Plaintiffs exclude privileged information from these Responses.  Such production or disclosure as may hereafter occur pursuant to the Requests shall not include any documents protected from disclosure by such privileges or doctrines. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection, or immunity, in whole or in part.

10.      Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they seek: (i) information that may be protected by the right to privacy recognized under federal or state laws, or (ii) information that is otherwise prohibited from disclosure because to do so would cause Plaintiffs to violate legal or contractual obligations to any other person or entity. Plaintiffs reserve the right to redact any such information from any document produced or to produce any document containing such

- 4 -

information subject to the appropriate confidentiality provisions provided in the Protective Order.

11.     Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they impermissibly seek the premature disclosure of expert testimony and information or require Plaintiffs to disclose analyses, opinions or theories that will be the subject of expert testimony.  Plaintiffs reserve the right during the further course of these proceedings to rely upon, reference or put into evidence additional expert information, testimony, or reports.

12.     Plaintiffs object to the Requests (including the Definitions, Instructions, and Relevant Period contained therein) to the extent that they seek "all" documents in response to the individual Request, regardless of how attenuated a document's relation may be to that Request, on the grounds that such requirements are overly broad, unduly burdensome, and impose burdens different from or in addition to those permitted under the Federal Rules of Civil Procedure, the Local Rules, any applicable case law, rule or order of this Court, or any agreement of the parties bearing on the proper scope, timing, and extent of discovery in this Action.

13.     Plaintiffs object to the Requests to the extent they seek information or the production of documents concerning investments in companies other than Uniti Group, Inc. ("Uniti"). The information sought by such Requests is not relevant to any claim or defense and, unless otherwise indicated in Plaintiffs' Specific Responses, will not be produced.

14.     In responding to the Requests, Plaintiffs do not in any way waive or intend to waive any privilege or objection, but rather intend to, and do, preserve the following:

(a)     all objections as to the competency, relevancy, and admissibility of any Request, the response, and their subject matter;

- 5 -

(b)　　all objections as to vagueness, ambiguity, or other infirmity in the form of the Requests, and any objections based on undue burden imposed by the Requests and each individual Request contained therein;

(c)　　rights to object on any ground to the use of any of the responses or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)　　all rights to object on any ground to any further document requests or interrogatories or other discovery involving or related to the subject matter of the Requests;

(e)　　the right to supplement responses to the Requests; and

(f)　　any and all applicable privileges or rights under the Federal Rules of Civil Procedure, the Local or other applicable statutes, regulations, guidelines, or common law.

## III.　OBJECTIONS TO DEFINITIONS

1.　　Plaintiffs object to the Definitions to the extent they are inconsistent with or seek to impose obligations or burdens not contained within the Federal Rules of Civil Procedure, specifically Rules 26 and 34 thereof; the Local Rules; and/or any other applicable law, agreement, rule, statute, or court order.  These Objections to Definitions are incorporated into each Specific Response below as if fully repeated therein.

2.　　Plaintiffs object to the Definitions of "Relating to" as overbroad and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rule 26(a) thereof, and the Local Rules.

3.　　Plaintiffs object to the definition of "Document" as overbroad, unduly burdensome, not proportional to the needs of the case, imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26 and 34(a)(1)(A) thereof, and the Local Rules, and seeking information that is beyond the scope of permissible discovery.

4.      Plaintiffs object to the definitions of "Person," "persons," "employee," "entity," and "entities" as overbroad, unduly burdensome, and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rule 26(a) thereof, and the Local Rules.

5.      Plaintiffs object to the definitions of "Plaintiffs," "Lead Plaintiffs," "You," and "Your" to the extent they include "respective predecessors, associated entities, successors, parents, subsidiaries, Affiliates, divisions, directors, officers, principals, trustees, employees, Agents, representatives, consultants, attorneys, and/or any person or entity that acts, or purports to act, on their behalf or in their name" as overbroad, unduly burdensome, not proportional to the needs of the case, and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rule 26(a) thereof, and the Local Rules, including: (i) imposing a discovery obligation on persons and entities who are not parties to the litigation and are irrelevant and outside the scope of this Action; and (ii) imposing a burden on Plaintiffs to obtain information from third parties outside of their control.

6.      Plaintiffs object to the definition of "Plaintiffs' Counsel" as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it includes investors, predecessors or successor entities of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP.

7.      Plaintiffs object to the definition of "Transaction" as overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it purports to include securities transactions "for the benefit of any other person" other than the Court-appointed Lead Plaintiffs.

## IV.    OBJECTIONS TO INSTRUCTIONS

1.    Plaintiffs object to the Instructions to the extent they mischaracterize or are inconsistent with Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules, and purport to impose obligations beyond what those rules require.

2.    Plaintiffs object to the Instructions to the extent they require the production of documents that are equally accessible to Defendants, are already in Defendants' possession, or are available to Defendants through public sources or records on the ground that they subject Plaintiffs to unreasonable and undue burden and expense.

3.    Plaintiffs object to the Instructions to the extent they are overbroad, are unduly burdensome, and call for information that is not relevant to either party's claims or defenses.

4.    Plaintiffs object to Instruction No. 1 by calling for the production of documents that are undated, as these requests are overbroad and unduly burdensome.

5.    Plaintiffs object to Instruction No. 2 as unduly burdensome and beyond what is required under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or law.  In responding to these Requests, Plaintiffs will produce copies of responsive, non-privileged documents as permitted by Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure after a reasonable search.

6.    Plaintiffs object to Instruction No. 5 as overbroad, unduly burdensome, and beyond what is required under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or law by purportedly requiring Plaintiffs to provide various information related to any document that has been missing, lost, destroyed, transferred, or otherwise disposed of.  Plaintiffs will notify Defendants if Plaintiffs' document retention policies limit the availability of any categories of responsive documents.

- 8 -

7.      Plaintiffs object to Instruction No. 8 as beyond what is required under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or law.

8.      Plaintiffs object to Instruction No. 9 as beyond what is required under the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule or law.

**V.      SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

REQUEST NO. 1:

Without regard to the Relevant Period, all Documents relating to Your Transactions in Uniti Securities or Your ownership of, control over, interest in, or possession of Uniti Securities, including:

(a)      Account statements, brokerage records, profit and loss statements, trade confirmations, other trading records, confirmation slips, statements, notifications, receipts, tax records, and tax returns relating to Uniti Securities or Your Transactions in Uniti Securities;

(b)      Documents relating to any communications or meetings regarding any purchase, sale, or other Transaction involving Uniti Securities;

(c)      Documents relating to any due diligence, investigation, analysis, risk management, evaluation, or monitoring performed by Plaintiffs or on Plaintiffs' behalf relating to any Transaction involving Uniti Securities;

(d)      Documents relating to the performance or expected performance of Uniti Securities, including any analysis or evaluation of actual or expected gains or losses; and

(e)      Documents relating to Your gain or loss on Uniti Securities or Transactions in Uniti Securities.

RESPONSE TO REQUEST NO. 1:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome on the grounds that it

- 9 -

seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action.

Plaintiffs also object to this Request as seeking documents that are not relevant to any party's claim or defense, disproportionate to the needs of the case and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a) and 34 thereof. Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege or work product doctrine or any other applicable privilege, protection, or immunity.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on investment managers for all investment decisions and documents held by these investment managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf.  Plaintiffs also object to this Request as cumulative or duplicative of other Requests in this set, specifically Request Nos. 2-6, 11-12, 17, and 19-21.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, non-privileged documents that reflect each Plaintiff's trades in Uniti securities during the Relevant Period (as defined in the Requests).  As to the remaining documents requested in Request No. 1, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged

documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control.

REQUEST NO. 2:

All Documents relating to the valuation, or change in value, of Uniti Securities.

RESPONSE TO REQUEST NO. 2:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it requires the production of all documents concerning "the valuation, or change in value, of Uniti Securities."

Plaintiffs also object to this Request as seeking documents that are not relevant to any party's claim or defense, disproportionate to the needs of the case and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a) and 34 thereof. Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege or work product doctrine or any other applicable privilege, protection, or immunity.  Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs additionally object to this Request to the extent it calls for expert witness opinion or assessment and is thus premature.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist

- 11 -

and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs'

transactions in Uniti securities during the Relevant Period (as defined in the Requests).

REQUEST NO. 3:

Without regard to the Relevant Period, all Documents relating to any dividends,

distributions, receipts, bankruptcy recoveries, or any other payments received as a result of Your

ownership of, control over, interest in, or possession of Uniti Securities.

RESPONSE TO REQUEST NO. 3:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs

specifically object to this Request as overly broad and unduly burdensome on the grounds that it

seeks information without limitation as to time, therefore seeking information pertaining to

events that occurred outside the time frame relevant to the claims or defenses of any party to this

action.  Plaintiffs also object to this Request to the extent the term "any other payments received"

is vague and ambiguous. Plaintiffs also object to this Request to the extent that it seeks

documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs also object to

this Request as cumulative or duplicative of other Requests in this set, specifically Request No.

1.

Plaintiffs object to this Request as seeking documents that are not relevant to any party's

claim or defense, disproportionate to the needs of the case and imposing burdens on Plaintiffs

that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a)

and 34 thereof. Plaintiffs further object to this Request on the ground that it seeks documents or

information protected by the attorney-client privilege or work product doctrine or any other

applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will produce responsive, non-privileged documents that relate "to any dividends, distributions, receipts, bankruptcy recoveries, or any other payments received as a result of [Plaintiffs'] ownership of, control over, interest in, or possession of Uniti Securities" during the Relevant Period (as defined in the Requests).

REQUEST NO. 4:

All Documents that You read, reviewed, prepared, obtained, relied upon, or considered in connection with any decision to engage, or not engage, in a Transaction involving Uniti Securities, including any Documents or communications reflecting, discussing, or demonstrating such decision.

RESPONSE TO REQUEST NO. 4:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs object to this Request to the extent the term "any Documents or communications reflecting, discussing, or demonstrating such decision" is vague and ambiguous.

Plaintiffs also object to this Request as seeking documents that are not relevant to any party's claim or defense, disproportionate to the needs of the case and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a) and 34 thereof. Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege or work product doctrine or any other applicable privilege, protection, or immunity.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on investment managers for all investment decisions and documents held by these investment

managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf. Plaintiffs also object to this Request as cumulative or duplicative of other Requests in this set, specifically Request Nos. 1, 2, 5, and 17.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control.

REQUEST NO. 5:

All Documents relating to any analysis undertaken to determine whether Uniti Securities were suitable for Your portfolio.

RESPONSE TO REQUEST NO. 5:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs object to this Request to the extent the term "suitable" is vague and ambiguous.

Plaintiffs also object to this Request as seeking documents that are not relevant to any party's claim or defense, disproportionate to the needs of the case and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a) and 34 thereof. Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege or work product doctrine or any other applicable privilege, protection, or immunity.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on

- 14 -

investment managers for all investment decisions and documents held by these investment managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf.  Plaintiffs also object to this Request as cumulative or duplicative of other Requests in this set, specifically Request Nos. 1, 2, 4, and 17.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control.

REQUEST NO. 6:

All Documents relating to any positions into which You entered at any time, either directly or indirectly, to hedge against, mitigate, or offset any anticipated, potential, or actual decrease in the value of Uniti Securities.

RESPONSE TO REQUEST NO. 6:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it requires the production of documents concerning "positions" Plaintiffs "entered at any time, either directly or indirectly, to hedge against, mitigate, or offset any anticipated, potential, or actual decrease in the value of Uniti Securities."

Plaintiffs also object to this Request seeking documents not relevant to any party's claim or defense, and disproportionate to the needs of the case and imposing burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34

- 15 -

thereof. Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as unreasonably cumulative or duplicative of Request Nos. 1, 11-12, 17, 19, and 21.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants on this Request to better understand the types of information Defendants seek.

REQUEST NO. 7:

All Documents relating to Your knowledge of

(a)      Uniti, including Uniti's financial condition, financial projections or forecasts, long-term outlook, earnings guidance, business affairs, public statements, management, accounting practices, investments, risk management, concentrations of risk, liquidity, or internal systems and controls;

(b)      the Master Lease, including whether the Master Lease is a "true lease";

(c)       the Spin-Off, including whether the Spin-Off and/or Master Lease violated any provisions in Windstream's debt indentures;

(d)      the Aurelius Litigation;

(e)      the Notice of Default; or

(f)      the Adversary Proceeding, including Windstream's allegations therein that the Master Lease was not a "true lease."

RESPONSE TO REQUEST NO. 7:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome on the grounds that it

seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action.

Plaintiffs also object to this Request as seeking documents that are not relevant to any party's claim or defense, disproportionate to the needs of the case and imposing burdens on Plaintiffs that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26(a) and 34 thereof. Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege or work product doctrine or any other applicable privilege, protection, or immunity.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on investment managers for all investment decisions and documents held by these investment managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 8, 27, and 28.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests).

- 17 -

REQUEST NO. 8:

All Documents relating to the rumors identified in Paragraph 172 of the Complaint that "Aurelius believed the Spin-Off violated the Indenture," including your Knowledge of the "rumors."

RESPONSE TO REQUEST NO. 8:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as premature because fact discovery in this Action has only just begun and is not scheduled to be completed for several months. Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request to the extent it seeks documents or information already in Defendants' possession, custody, or control, including all of the documents referenced in the Complaint, Plaintiffs' Opposition to Defendants' Motion to Dismiss the Complaint, and this Court's Order granting in part and denying in part Defendants' motion to dismiss. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 7, 27, and 28.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to information known to Plaintiffs at the time the Complaint was filed.

REQUEST NO. 9:

Filings with the U.S. Securities and Exchange Commission, press releases, annual reports, analyst reports, research reports, or news items relating to Uniti Securities.

RESPONSE TO REQUEST NO. 9:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome. Plaintiffs also object to this Request to the extent it seeks documents or information already in Defendants' possession, custody, or control, including all of the documents referenced in the Complaint, Plaintiffs' Opposition to Defendants' Motion to Dismiss the Complaint, and this Court's Order granting in part and denying in part Defendants' motion to dismiss.

Plaintiffs also object to this Request not relevant to any party's claim or defense, and disproportionate to the needs of the case and as imposing burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34 thereof.

Plaintiffs also object that this Request is vague and ambiguous, including the use of the term "news items." Plaintiffs also object to this Request as cumulative or duplicative.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on investment managers for all investment decisions, and documents held by these investment managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these

- 19 -

Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests).

REQUEST NO. 10:

Documents sufficient to show Plaintiffs' internal and organizational structure, if any, including the certificate, articles, agreement, partnership agreement, charter, constitution, bylaws, plan, initial information report, or other similar Documents under which Plaintiffs were formed or organized or under which Plaintiffs currently operate.

RESPONSE TO REQUEST NO. 10:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs object to this Request as seeking documents unrelated to Uniti and not otherwise relevant to any party's claim or defense. Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as duplicative of other Requests, including Request No. 13.

Plaintiffs further object to this Request to the extent it calls for the production of documents that are equally accessible to Defendants, already in Defendants' possession, or available to Defendants through public sources or records. Reports and other documents disclosing the management of Plaintiffs, their investment consultant, their investment managers, their Board meetings, and other information are publicly available on the websites of Steamfitters Local 449 Pension Plan and Wayne County Employees' Retirement System. *See* https://www.ua449.com/ and http://www.wcers.org/. Both Zhengxu He and David McMurray are individual investors and do not have an organizational structure.

- 20 -

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control.

REQUEST NO. 11:

Documents reflecting Your guidelines, policies, procedures, practices, rules, goals, or criteria for investments or investment decisions, including Documents reflecting

(a)     Your investment objectives or strategies;

(b)     Permissible investments for your portfolio;

(c)     Risk analyses or risk evaluations relating to Your investment in Securities;

(d)     Your risk tolerance with respect to Your investment in Securities;

(e)     The use of consultants or advisers with respect to Your investment in Securities;

and

(f)     Internal and external analyses and models used in connection with investing in Securities.

RESPONSE TO REQUEST NO. 11:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome by purportedly requiring the production of documents concerning all guidelines, policies, procedures, practices, rules, goals, or criteria for investments or investment decisions, regardless of whether they were applicable to Plaintiffs' investments in Uniti securities during the Relevant Period (as defined in the Requests).

Plaintiffs also object to this Request as seeking documents that are not relevant to any party's claim or defense, and disproportionate to the needs of the case and imposing burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34 thereof.  Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 1-2, 4-6, 12, and 17.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control.

REQUEST NO. 12:

Documents relating to variances or exceptions to any guideline, procedure, practice, rule, goal, or criteria covered by Request No. 11, including circumstances where You have disregarded, varied from, or found an exception to these guidelines, policies, procedures, practices, rules, goals, or criteria in connection with Transactions in Uniti Securities.

RESPONSE TO REQUEST NO. 12:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome by purportedly requiring the production of documents relating to variances or exceptions to any guidelines, policies, procedures, practices, rules, goals, or criteria for investments or investment decisions.  Plaintiffs also object to this Request to the extent the terms "variances" and

"exceptions" are vague and ambiguous. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 1-2, 4-6, 11, and 17.

Plaintiffs also object to this Request as seeking documents that are not relevant to any party's claim or defense, and disproportionate to the needs of the case and imposing burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34 thereof.  Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on investment managers for all investment decisions and documents held by these investment managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control.

REQUEST NO. 13:

Documents sufficient to identify all persons, including Plaintiffs' employees or outside advisors, who were involved in any decision to buy, hold, or sell Uniti Securities on behalf of Plaintiffs, or in any due diligence, investigation, analysis, or evaluation concerning Uniti Securities performed by or on behalf of Plaintiffs.

- 23 -

RESPONSE TO REQUEST NO. 13:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it requires the production of documents "sufficient to identify all persons" "who were involved in any decision to [transact or hold] Uniti Securities on behalf of Plaintiffs."

Plaintiffs object to this Request as seeking documents unrelated to Uniti and not otherwise relevant to any party's claim or defense and disproportionate to the needs of the case and imposing burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34 thereof. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 10, and 14-16.

Plaintiffs further object to this Request to the extent it calls for the production of documents that are equally accessible to Defendants, already in Defendants' possession, or available to Defendants through public sources or records. Reports and other documents disclosing the management of Plaintiffs, their investment consultant, their investment managers, their Board meetings, and other information are publicly available on the websites of Steamfitters Local 449 Pension Plan and Wayne County Employees' Retirement System. *See* https://www.ua449.com/ and http://www.wcers.org/. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist

- 24 -

and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs'

transactions in Uniti securities during the Relevant Period (as defined in the Requests).

REQUEST NO. 14:

Documents sufficient to show the names of persons, including Agents, banks, analysts,

investment advisers, investment managers, investment professionals, brokers, dealers, attorneys,

employees, and/or representatives who provided You with investment advice relating to Uniti

Securities.

RESPONSE TO REQUEST NO. 14:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs

specifically object to this Request on the ground that it seeks documents or information protected

by the attorney-client privilege, work product doctrine, or any other applicable privilege,

protection, or immunity.

Plaintiffs also object to this Request as seeking documents not relevant to any party's

claim or defense and disproportionate to the needs of the case and imposing burdens on Plaintiffs

beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34

thereof.  Plaintiffs also object to this Request as duplicative of other Requests, including Request

Nos. 10, 13, and 15-16.

Subject to and without waiving the foregoing objections and Plaintiffs' General

Objections, Plaintiffs will meet and confer with Defendants in an effort to limit the scope of this

Request.

REQUEST NO. 15:

All Documents relating to the retention of any individual or entity identified in Your

response to Request Nos. 13 and 14.

RESPONSE TO REQUEST NO. 15:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.

Plaintiffs object to this Request as seeking documents unrelated to Plaintiffs' transactions in Uniti during the Relevant Period (as defined in the Requests), and not otherwise relevant to any party's claim or defense and disproportionate to the needs of the case and imposing burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34 thereof. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 10, 13-14, and 16.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce the investment manager agreements, and any amendments thereto, between each Lead Plaintiff and the respective manager(s) who transacted in Uniti securities for them during the Relevant Period (as defined in the Requests).

REQUEST NO. 16:

All Documents relating to any advice or recommendation You received concerning Uniti Securities.

RESPONSE TO REQUEST NO. 16:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to

the extent it seeks the production of all documents "relating to any advice or recommendation" received concerning Plaintiffs' transactions in Uniti Securities.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on investment managers for all investment decisions and documents held by these investment managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf. Plaintiffs also object to this Request as unreasonably cumulative or duplicative to Request Nos. 2, 4-6, 11-15, and 17-18.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests).

REQUEST NO. 17:

All Documents relating to any algorithm, computer program, or other automated means of analyzing, modeling, recommending, or engaging in Transactions involving Uniti Securities.

RESPONSE TO REQUEST NO. 17:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it requires the production of all documents relating to "other automated means of analyzing, modeling, recommending, or engaging in Transactions involving Uniti Securities."

Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as unreasonably cumulative or duplicative of Request Nos. 1-2, 4-6, 11, and 12.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests).

REQUEST NO. 18:

Without regard to the Relevant Period, all Documents You obtained from third parties that relate or refer to Uniti Securities and/or Defendants, whether in response to document requests, subpoenas, or otherwise.

RESPONSE TO REQUEST NO. 18:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action.  Plaintiffs also object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.

- 28 -

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs agree to produce, and to date have been producing to Defendants, documents obtained from third parties that relate to Uniti Securities and/or Defendants, that are obtained in response to document requests or subpoenas.

REQUEST NO. 19:

Documents sufficient to show Your profits, losses, revenues, earnings, and/or receipts relating to investing in Securities, including financial statements, bank statements, tax returns, and brokerage statements for the years 2014 through the present.

RESPONSE TO REQUEST NO. 19:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks documents concerning not only Plaintiffs' alleged losses on its transactions in Uniti securities during the Class Period, but also seeks documents concerning profits, revenues, earnings, and/or receipts.

Plaintiffs also object to this Request to the extent it seeks documents not relevant to any party's claim or defense and is disproportionate to the needs of the case and imposes burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34 thereof.

Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request to the extent it is cumulative or duplicative of other Requests in this set including Request Nos. 1-6, 11-12, 17, and 21.

Plaintiffs do not intend to search for and produce documents responsive to the Request but are willing to meet and confer with Defendants regarding the Request.

REQUEST NO. 20:

All Documents relating to any losses or damages You allegedly suffered in connection with Uniti Securities, including any expert reports, analyses, or other Documents concerning the cause of the alleged losses or damages, the amount of the alleged losses or damages, the accounts in which the losses were allegedly incurred, and Your methodology for measuring your alleged loss.

RESPONSE TO REQUEST NO. 20:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks documents concerning not only Plaintiffs' alleged loss on their transactions in Uniti securities during the Class Period, but also seeks documents concerning methodology for measuring Plaintiffs' alleged loss.

Plaintiffs also object to this Request on the grounds that information concerning damages will be the subject of expert discovery, and, as such, the Request is premature. At a later appropriate time, Plaintiffs will produce the expert disclosures required under Federal Rule of Civil Procedure 26. Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these

Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests), including account statements that reflect losses Plaintiffs incurred on their purchases of Uniti securities during the Relevant Period (as defined in the Requests). Plaintiffs will produce expert discovery and reports at the appropriate time.

REQUEST NO. 21:

All Documents relating to Your efforts to mitigate the losses or damages resulting from the wrongdoing alleged in the Complaint, including without limitation, any information relating to hedges.

RESPONSE TO REQUEST NO. 21:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it requires the production of all documents concerning "efforts to mitigate the losses or damages." Plaintiffs also object to this Request to the extent the term "hedges" is vague and ambiguous.

Plaintiffs also object to this Request as seeking documents not relevant to any party's claim or defense, and disproportionate to the needs of the case. Plaintiffs further object to this Request on the ground that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as unreasonably cumulative or duplicative of Request Nos. 1, 6, 11-12, 17, and 19.

Plaintiffs also object to this Request on the grounds that information concerning damages will be the subject of expert discovery, and, as such, the Request is premature.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests), including account statements that reflect losses Plaintiffs incurred on their purchases of Uniti securities during the Relevant Period (as defined in the Requests). Plaintiffs will produce expert discovery and reports at the appropriate time.

REQUEST NO. 22:

All Documents relating to Your discovery of the facts alleged in the Complaint.

RESPONSE TO REQUEST NO. 22:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records including but not limited to Trial Exhibits from the Aurelius Litigation and regulatory filings with Public Service Commissions. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 23 and 27-30.

- 32 -

Plaintiffs further object to this request to the extent it constitutes a contention discovery request that is premature at this stage of the litigation.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control concerning Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests) and documents cited or relied on by Plaintiffs in the Complaint.

REQUEST NO. 23:

All Documents You received, reviewed, examined, used, and/or relied upon in preparing the Complaint, including all Documents and communications referred to in the Complaint.

RESPONSE TO REQUEST NO. 23:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs further object to the extent this Request seeks information that is not relevant to any party's claim or defense.  Plaintiffs also object to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 22 and 27-30.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search

- 33 -

for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control concerning any documents Plaintiffs relied upon in preparing the Complaint.

REQUEST NO. 24:

Without regard to the Relevant Period, all Documents relating to any communications or statements by any party, witness, potential witness, confidential informant, or other person having or claiming to have knowledge or information regarding the allegations in the Complaint, including the communications and statements described in the Complaint.

RESPONSE TO REQUEST NO. 24:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as overly broad and unduly burdensome on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action. Plaintiffs object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs further object to the extent this Request seeks information that is not relevant to any party's claim or defense. Plaintiffs also object to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records. Plaintiffs also object to this Request as duplicative of other Requests, including Request No. 25. Plaintiffs also object to this Request because Plaintiffs did not rely on or cite to any witnesses in the Complaint.

- 34 -

Subject to and without waiving the foregoing objections and Plaintiffs' General

Objections, Plaintiffs state that no responsive documents exist.

REQUEST NO. 25:

Documents sufficient to identify any confidential informants that provided information

and/or Documents to You relating to Defendants, Uniti Securities, and/or any of the allegations

in the Complaint.

RESPONSE TO REQUEST NO. 25:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs

specifically object to this Request to the extent it seeks documents or information protected by

the attorney-client privilege, work product doctrine, or any other applicable privilege, protection,

or immunity.  Plaintiffs further object to the extent this Request seeks information that is not

relevant to any party's claim or defense. Plaintiffs also object to this Request as duplicative of

other Requests, including Request No. 25. Plaintiffs also object to this Request because Plaintiffs

did not rely on or cite to any witnesses in the Complaint.

Subject to and without waiving the foregoing objections and Plaintiffs' General

Objections, Plaintiffs state that no responsive documents exist.

REQUEST NO. 26:

All Documents relating to the charts in the Complaint, including all backup materials,

supporting data, and original source material for those charts.

RESPONSE TO REQUEST NO. 26:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs

specifically object to this Request to the extent it does not identify the "charts in the Complaint"

it seeks information about.  Plaintiffs specifically object to this Request to the extent it seeks

- 35 -

documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs further object to the extent this Request to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control concerning original source material for the charts at ¶¶264, 265.

REQUEST NO. 27:

All Documents relating to, concerning, or constituting any allegedly false or misleading statement referenced in the Complaint upon which Plaintiffs base any claim in this Action.

RESPONSE TO REQUEST NO. 27:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 23 and 27-30.

Plaintiffs further object to this request to the extent it constitutes a contention discovery request that is premature at this stage of the litigation. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 22-23, and 28-30.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce documents cited or relied on by Plaintiffs in the Complaint.

REQUEST NO. 28:

With respect to any allegedly false or misleading statement referenced in Request No. 27 all Documents

(a)     reflecting or showing that Plaintiffs received, read, interpreted, or heard the statement;

(b)     relating to Plaintiffs' alleged reliance on the statement to purchase, sell, hold, or otherwise engage in any Transaction involving Uniti Securities;

(c)     relating to Plaintiffs' knowledge, awareness, belief, view, or suspicion regarding whether the statement was false or misleading; and

(d     relating to the disclosure of information allegedly correcting the statement.

RESPONSE TO REQUEST NO. 28:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 22-23, 27, and 29-30.

Plaintiffs also object to this Request to the extent that it seeks documents that are not within Plaintiffs' possession, custody, or control. Plaintiffs Local 449 and Wayne County rely on investment managers for all investment decisions and documents held by these investment managers are not within Plaintiffs' possession, custody, or control. Both Zhengxu He and David McMurray are individual investors who transacted on their own behalf.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control concerning Plaintiffs' transactions in Uniti Securities during the Relevant Period (as defined in the Requests).

REQUEST NO. 29:

All Documents relating to the allegations in paragraphs 242–303 of the Complaint, including Documents supporting, refuting, or otherwise relating to the allegation that "[a]s a direct and proximate result of Defendants' wrongful conduct, Lead Plaintiffs and the other members of the Class suffered damages in connection with their purchases of Uniti securities during the Class Period."

RESPONSE TO REQUEST NO. 29:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request on the grounds that information concerning damages will be the subject of expert discovery, and, as such, the Request is premature. At a later appropriate time, Plaintiffs will produce the expert disclosures required under Federal Rule of Civil Procedure 26.

- 38 -

Plaintiffs further object to this Request to the extent it seeks information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 22-23, 27-28, and 30.

At this time, Plaintiffs do not intend to search for and produce documents responsive to the Request, but are willing to meet and confer with Defendants regarding the Request.

REQUEST NO. 30:

All Documents relating to Your decision to bring this Action in a representative capacity.

RESPONSE TO REQUEST NO. 30:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs further object to the extent this Request seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control.

REQUEST NO. 31:

All Documents relating to the scope, composition or identification of the proposed class, including Documents sufficient to identify (a) all known members of the Putative Class; (b) the

amount, timing and nature of each known member's purchase of the Uniti securities; and (c) each known member's name and address.

RESPONSE TO REQUEST NO. 31:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks "all documents" concerning the "the scope, composition or identification of the proposed class."

Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs also object to this Request to the extent it is cumulative or duplicative of other Requests in this set including Request No. 32.  Plaintiffs object to this Request as premature. Plaintiffs further object to this Request to the extent it seeks the identification of and discovery concerning absent Class Members.

Plaintiffs do not intend to search for and produce documents responsive to the Request but are willing to meet and confer with Defendants regarding the Request.

REQUEST NO. 32:

All Documents relating to discussions or communications (a) between or among You and any other member of the Putative Class, or (b) between or among You and any other person or entity concerning any Defendant or this Action, including the decision to file or participate in this Action.

RESPONSE TO REQUEST NO. 32:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to

the extent the identity of "any other member of the Putative Class" is not known yet to Plaintiffs. Plaintiffs also object to this Request to the extent that the terms "participate in" this Action is vague and ambiguous.

Plaintiffs also object to this Request to the extent it seeks documents not relevant to any party's claim or defense and is disproportionate to the needs of the case and imposes burdens on Plaintiffs beyond what is required by the Federal Rules of Civil Procedure, including Rules 26(a) and 34 thereof.

Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs also object to this Request to the extent it is cumulative or duplicative of other Requests in this set including Request Nos. 1-2, 4, 14-16, 18, 23-24, 31, and 33-34.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' communications with each other, if any, and Plaintiffs' communications with any investment manager or consultant concerning any Defendant in this Action, or the decision to move for Lead Plaintiff in this Action.

REQUEST NO. 33:

All Documents relating to the terms and conditions of any fee arrangement between or among You, any other plaintiff or member of the Putative Class, Plaintiffs' Counsel, and/or any

- 41 -

other person in connection with this Action, including any arrangement regarding payment of costs and expenses for prosecution of this Action, or any referral fee or finder's fee.

RESPONSE TO REQUEST NO. 33:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent the identity of "any other plaintiff or member of the Putative Class" is not known yet to Plaintiffs. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Plaintiffs also object to this Request based on the definition of "You."

Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 34 and 41.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce their respective Retention Agreements with counsel related to this case (subject to the redaction of confidential business information), and the Portfolio Monitoring Agreements, if any, between Plaintiffs and counsel in effect at the time this case was filed in October 2019, or when Plaintiffs initially sought to become involved in this case, whichever is later.

REQUEST NO. 34:

All Documents, including all non-privileged communications, relating to the retention of Plaintiffs' Counsel in this matter or any other matter in which You sought to act as lead plaintiff, including any engagement letter, retention agreement, compensation agreement, or any other Document evidencing transactions between You and Plaintiffs' Counsel.

RESPONSE TO REQUEST NO. 34:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent the term "transaction" (as defined at ¶21 in the Requests) renders part of this Request unintelligible.

Plaintiffs also object to this Request as overbroad and unduly burdensome to the extent it seeks more than just the executed Retention Agreement(s) between Plaintiffs and counsel concerning this case. Plaintiffs further object to this Request to the extent that the Request seeks information that is not relevant to any party's claim or defense. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 33 and 41.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce their respective Retention Agreements with counsel related to this case (subject to the redaction of confidential business information), and the Portfolio Monitoring Agreements, if any, between Plaintiffs and counsel in effect at the time this case was filed in October 2019, or when Plaintiffs initially sought to become involved in this case, whichever is later.

REQUEST NO. 35:

All Documents relating to the source of the funds to be used in prosecuting this Action.

RESPONSE TO REQUEST NO. 35:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as overbroad and unduly burdensome to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.

Plaintiffs do not intend to search for and produce documents responsive to the Request but are willing to meet and confer with Defendants regarding the Request.

REQUEST NO. 36:

All Documents relating to any agreements or other arrangement relating to the prosecution of this Action or concerning any potential proceeds or recovery in this Action, including Your assignment of all or any portion of your claims or recovery in the Action.

RESPONSE TO REQUEST NO. 36:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to this Request as overbroad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce their respective Retention Agreements with counsel related to this case (subject to the redaction of confidential business information), and the Portfolio Monitoring Agreements, if any, between Plaintiffs and counsel in effect at the time this case was filed in October 2019, or when Plaintiffs initially sought to become involved in this case, whichever is later.

REQUEST NO. 37:

Without regard to the Relevant period, all Documents relating to or reflecting any payments, recovery, compensation, reimbursement, or other gains received by You in connection with this Action.

RESPONSE TO REQUEST NO. 37:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as overly broad and unduly burdensome on the grounds that it seeks information without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses of any party to this action. Plaintiffs also object to the extent the term "or other gains" is vague and ambiguous.

Plaintiffs further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs also object to this Request as overbroad and unduly burdensome to the extent it seeks the production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce responsive, non-privileged documents to the extent those documents exist and are in Plaintiffs' possession, custody, or control and concern or relate to Plaintiffs' transactions in Uniti securities during the Relevant Period (as defined in the Requests).

Plaintiffs further direct Defendants to Plaintiffs' Certifications filed in connection with their respective Lead Plaintiff motions, ECF Nos. 30-1 (Local 449, Wayne County, and McMurray) and 34-2 (Z. He), and which, pursuant to the Federal Securities Laws, confirm that Plaintiffs will not accept payment for serving as a lead plaintiff and representative party on behalf of the Class, beyond: (i) their pro rata share of any recovery, and (ii) the reimbursement of such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

REQUEST NO. 38:

Without regard to the Relevant Period, Documents sufficient to identify any federal, state, or other actions, lawsuits, arbitrations, or other proceedings in which You (a) claimed or sought to be a representative of a class of persons, (b) sued or sought to sue derivatively on behalf of a corporation, or (c) participated and the lawsuit, arbitration, or other proceeding asserted claims for violations of securities laws.

RESPONSE TO REQUEST NO. 38:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as vague and ambiguous, including the use of the terms "other proceedings." Plaintiffs object to this Request as overbroad and unduly burdensome for requesting all documents related to class actions or putative class actions filed "without regard to

the Relevant Period" in which Plaintiffs have sought to represent or participate in.  Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine. or any other applicable privilege, protection, or immunity.

Plaintiffs also object to this Request to the extent that it calls for the production of certain publicly available documents that are equally accessible to Defendants, already in Defendants' possession, or available to Defendants through public sources or records on the ground that it subjects Plaintiffs to unreasonable and undue burden and expense.  Plaintiffs further object to this Request on the grounds that nonpublic responsive documents likely are subject to confidentiality orders that preclude disclosure of the documents in unrelated litigation.  Plaintiffs further object to this Request to the extent that it seeks information that is not relevant to any party's claim or defense.  Plaintiffs further object to this Request to the extent it is duplicative of portions of other Requests, including Request Nos. 39-40.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter within 30 days following the conclusion of the meet and confer process on these Requests, Plaintiffs will identify all federal securities class actions brought, under the PSLRA, in which Plaintiffs were, or sought to be, a lead plaintiff or class representative for a three-year period before Plaintiffs' PSLRA certification was signed in this Action.

REQUEST NO. 39:

Without regard to the Relevant Period, transcripts of all testimony offered by You or Your representative in a securities lawsuit and accompanying exhibits.

RESPONSE TO REQUEST NO. 39:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs object to this Request as overbroad and unduly burdensome for requesting all testimony where Plaintiffs were representatives in securities lawsuits "without regard to the Relevant Period." Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine. or any other applicable privilege, protection, or immunity.

Plaintiffs further object to this Request on the grounds that responsive documents likely are subject to confidentiality orders that preclude disclosure of the documents in unrelated litigation.  Plaintiffs further object to this Request to the extent that it seeks information that is not relevant to any party's claim or defense.  Plaintiffs further object to this Request to the extent it is duplicative of portions of other Requests, including Request Nos. 38 and 40.

Plaintiffs do not intend to search for and produce documents responsive to the Request but are willing to meet and confer with Defendants regarding the Request.

REQUEST NO. 40:

Without regard to the Relevant Period, all Documents relating to (a) any civil or criminal charges, sanctions, complaints, proceedings, fines, disciplinary actions, decisions, or judgments filed, issued, or entered against You in any federal, state, or other court, in any arbitration, or by any governmental agency, stock exchange, self-regulatory organization, or securities industry association, or (b) any investigations of You by any governmental agency, stock exchange, self-regulatory organization, or securities industry association.

RESPONSE TO REQUEST NO. 40:

Plaintiffs incorporate their General Objections as if fully set forth herein. Plaintiffs object to this Request as overbroad and unduly burdensome for requesting all documents related to the numerous types of cases against Plaintiffs "without regard to the Relevant Period." Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine. or any other applicable privilege, protection, or immunity.

Plaintiffs also object to this Request to the extent that it calls for the production of certain publicly available documents that are equally accessible to Defendants, already in Defendants' possession, or available to Defendants through public sources or records on the ground that it subjects Plaintiffs to unreasonable and undue burden and expense. Plaintiffs further object to this Request on the grounds that responsive documents likely are subject to confidentiality orders that preclude disclosure of the documents in unrelated litigation. Plaintiffs further object to this Request to the extent that it seeks information that is not relevant to any party's claim or defense. Plaintiffs further object to this Request to the extent it is duplicative of portions of other Requests, including Request Nos. 38-39.

Plaintiffs do not intend to search for and produce documents responsive to the Request but are willing to meet and confer with Defendants regarding the Request.

REQUEST NO. 41:

All Documents referring or relating to Your document retention or destruction policies, whether formal or informal, that were created, maintained, and/or disseminated during the Relevant Period, including communications to, between, or among Your employees and/or Agents instructing them to suspend normal document destruction protocols.

- 49 -

RESPONSE TO REQUEST NO. 41:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs also object to this Request as overbroad and unduly burdensome to the extent it seeks more than just the Document Retention or Destruction Policies in effect for the two entity Plaintiffs (Local 499 and Wayne County). Plaintiffs further object to this Request to the extent that the Request seeks information that is not relevant to any party's claim or defense. Plaintiffs also object to this Request as duplicative of other Requests, including Request Nos. 33-34.

Subject to and without waiving the foregoing objections and Plaintiffs' General Objections, Plaintiffs will meet and confer with Defendants, and thereafter Plaintiffs will search for, and within 30 days following the conclusion of the meet and confer process on these Requests, will produce Document Retention or Destruction Policies, if any, in effect for the Plaintiffs.

REQUEST NO. 42:

All Documents You may use to support your claims or defenses in this Action.

RESPONSE TO REQUEST NO. 42:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as a contention discovery request that is premature at this stage of the litigation.  Fact discovery is not scheduled to be completed until January 7, 2022. Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection,

or immunity.  Plaintiffs further object to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records.

Plaintiffs do not intend to search for and produce documents responsive to the Request but are willing to meet and confer with Defendants regarding the Request.

REQUEST NO. 43:

Any Document You intend to rely on or use at trial or in support of any motion for class certification.

RESPONSE TO REQUEST NO. 43:

Plaintiffs incorporate their General Objections as if fully set forth herein.  Plaintiffs specifically object to this Request as a contention discovery request that is premature at this stage of the litigation.  Fact discovery is not scheduled to be completed until January 7, 2022, and Plaintiffs' motion for class certification will not be filed until October 25, 2021.

Plaintiffs also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Plaintiffs further object to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer with Defendants concerning the time frame when Plaintiffs will further respond this Request.

DATED: September 15, 2021

*/s/ Christine M. Fox*
CHRISTINE M. FOX
LABATON SUCHAROW LLP
ROSS M. KAMHI
CHARLES FARRELL
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
Email: cfox@labaton.com
        rkamhi@labaton.com
        cfarrell@labaton.com


*/s/ Debra J. Wyman*
DEBRA J. WYMAN
ROBBINS GELLER RUDMAN
& DOWD LLP
TING H. LIU
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
Email: debraw@rgrdlaw.com
        tliu@rgrdlaw.com


*Lead Counsel for Lead Plaintiffs*

GEOFFREY P. CULBERTSON
Arkansas Bar No. 2014011
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana, TX 75503
Telephone: 903/792-7080
903/792-8233 (fax)
Email: gpc@texarkanalaw.com

*Liaison Counsel for the Class*

SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 424/303-1964
877/590-0483 (fax)
Email: brian@schallfirm.com

THORNTON LAW FIRM LLP
GUILLAUME BUELL
1 Lincoln Street, 25th Floor
Boston, MA 02111
Telephone: 617/720-1333
617/720-2445 (fax)
Email: gbuell@tenlaw.com

*Additional Plaintiffs' Counsel*

## DECLARATION OF SERVICE BY EMAIL

I, CHRISTINE M. FOX, not a party to the within action, hereby declare that on September 15, 2021, I served the attached LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS on the parties in the within action by email addressed as follows:

**COUNSEL FOR PLAINTIFFS:**

| Robbins Geller Rudman & Dowd LLP | |
|---|---|
| Debra J. Wyman | debraw@rgrdlaw.com |
| Ting Liu | tliu@rgrdlaw.com |
| **Labaton Sucharow LPP** | |
| Carol C. Villegas | cvillegas@labaton.com |
| Christine M. Fox | cfox@labaton.com |
| Ross M. Kamhi | rkamhi@labaton.com |
| Charles Farrell | cfarrell@labaton.com |
| **Patton Tidwell & Culbertson, LLP** | |
| Geoffrey P. Culbertson | gpc@texarkanalaw.com |
| **Schall Law Firm** | |
| Brian Schall | brian@schallfirm.com |
| **Thornton Law Firm LLP** | |
| Guillaume Buell | gbuell@tenlaw.com |

**COUNSEL FOR DEFENDANTS**

| Davis Polk & Wardwell LLP | |
|---|---|
| Edmund Polubinski III | edmund.polubinski@davispolk.com |
| Brian M. Burnovski | brian.burnovski@davispolk.com |
| Nikolaus Williams | nikolaus.williams@davispolk.com |
| Diane S. Hu | diane.hu@davispolk.com |
| Daniel Magy | daniel.magy@davispolk.com |
| Michael V. Pucci | michael.pucci@davispolk.com |
| **Kutak Rock LLP** | |
| Jess Askew III | jess.askew@kutakrock.com |
| Andrew King | andrew.king@kutakrock.com |
| Frederick H. Davis | frederick.davis@kutakrock.com |

- 54 -

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

September 15, 2021, at New York, New York.

/s/Christine M. Fox
CHRISTINE M. FOX