# Exhibit G

**Davis Polk**

Nikolaus Williams
+1 212 450 3381
nikolaus.williams@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

October 1, 2021

Re: *In re Uniti Group Inc. Securities Litigation*, No. 4:19-CV-00756 (E.D. Ark.)

Christine M. Fox
Labaton Sucharow LLP
140 Broadway
New York, New York 10005

Dear Ms. Fox:

I write on behalf of Defendants in the above-captioned matter regarding Defendants' First Set of Requests for Production of Documents (the "Requests" and each a "Request"), Plaintiffs' Responses and Objections to the Requests (the "Responses" and each a "Response"), and the parties' June 24, 2021, and June 29, 2021, meet and confers regarding the Requests and Responses.   We set forth below our understanding of the parties' agreements and/or positions with respect to each Request.

### *Request Nos. 1–5, 7, 9, 11–12, 16–17, 23, 30, 34, 36–37*

During the meet and confers, Plaintiffs stated that their Responses to these Requests were not intended to narrow the scope of the Requests as propounded and that they would produce non-privileged documents responsive to the Requests.  Plaintiffs explained that their agreement to produce responsive documents was subject to meeting and conferring over search terms and related parameters.  We will review your proposed search terms.

### *Request No. 6*

During the meet and confer, Plaintiffs stated that they would produce non-privileged documents responsive to this Request to the extent such documents concern positions that are related to Uniti Securities and would be captured by agreed-upon search terms.

Defendants are willing to agree to Plaintiffs' proposal if it is extended to also include Windstream Securities.  Defendants will confer with Plaintiffs about the scope of reasonable search terms.  Please advise if you agree to Defendants' proposal.

### *Request No. 8*

During the meet and confer, Plaintiffs stated that their Response to this Request was only intended to limit the scope of the Request temporally—i.e., they would produce documents responsive to the Request, but only to the extent such documents reflect Plaintiffs' knowledge prior to the filling of the Complaint.  Plaintiffs further stated that they would not produce documents that are subject to the work product doctrine or the attorney client privilege.   Defendants reserve all rights to revisit this Request during the course of discovery.

**Davis Polk**    Christine M. Fox

### Request No. 10

During the meet and confer, Plaintiffs stated that they were not familiar with some of the types of documents sought by this Request.  Defendants explained that they are seeking documents sufficient to show the internal and organizational structure of the Plaintiffs, and in particular of the two Lead Plaintiff pension funds—Lead Plaintiff Steamfitters Local 449 Pension Plan and Lead Plaintiff Wayne County Employees' Retirement System (together, the "Pension Funds").  Defendants also stated that they were seeking documents regarding the Pension Funds' formation.  Defendants also noted that little, if any, of the requested information was available on the Pension Funds' websites.  Plaintiffs stated that they are still assessing what information and documents are available, but agreed to produce non-privileged documents responsive to the Request to the extent they are available.  Plaintiffs also said that they would produce the Pension Funds' financial reports.

### Request No. 13

During the meet and confer, Plaintiffs confirmed that their Response to this Request was not intended to narrow the scope of the Request and that they would produce non-privileged documents responsive to the Request.  However, Plaintiffs represented that there are no employees or outside advisors, who were involved (1) in any decision to buy, hold, or sell Uniti Securities on behalf of Plaintiffs, or (2) in any due diligence, investigation, analysis, or evaluation concerning Uniti Securities performed by or on behalf of Plaintiffs, other than the Pension Funds' investment managers and the two individual Lead Plaintiffs.

### Request Nos. 14 and 15

In their Response to Request No. 14, Plaintiffs said they would meet and confer with Defendants to limit the scope of the Request, and in their Response to Request No. 15, Plaintiffs only agreed to produce agreements and amendments thereto between the Pension Funds and their investment managers.  During the meet and confer, Plaintiffs also agreed to produce agreements and amendments thereto between the Pension Funds and their custodians.

Defendants explained that the identity of others persons who provided Plaintiffs with investment advice relating to Uniti Securities was relevant and discoverable.  Plaintiffs represented that there were no other such persons, but agreed to produce non-privileged documents sufficient to identify such persons if subsequently identified.

### Request No. 18

In their Response to this Request, Plaintiffs stated that they will produce documents obtained from third parties that relate to Uniti Securities and/or Defendants that are obtained in response to document requests or subpoenas.  During the meet and confer, Defendants explained that the Request was not limited to documents received in connection with a subpoena or request for documents, but includes documents received from third parties prior to the filing of the Complaint.  Plaintiffs agreed to search for and produce non-privileged documents responsive to the Request, but explained that they would only search Plaintiffs' files and would not search counsel's files.  Defendants reserve all rights to revisit this Request during the course of discovery.

### Request No. 19

During the meet and confer, Plaintiffs explained that they believed this Request was overbroad and sought irrelevant information, but are willing to produce annual financial reports for the Pension Funds

**Davis Polk**    Christine M. Fox

and brokerage statements reflecting trades in Uniti Securities for the individual Plaintiffs.  Defendants explained that the information sought was relevant, at a minimum, to the Plaintiffs' sophistication as investors.

As a potential compromise, the parties discussed that, in addition to the documents identified in the prior paragraph, Plaintiffs would also search for and produce non-privileged documents reflecting Plaintiffs' trades in Windstream securities.  Please confirm whether this proposal is acceptable to Plaintiffs.

### Request Nos. 20, 21, and 29

During the meet and confer, Plaintiffs stated that Request No. 20 was premature and that information and documents related to Plaintiffs' purported damages or losses would be exchanged in connection with expert discovery.  Plaintiffs further explained that estimates of losses prepared in anticipation of litigation would be protected as work product.

Defendants explained that Plaintiffs may have documents reflecting losses and/or damages that Plaintiffs allegedly suffered in connection with Uniti Securities that are not work product or expert material—for example, if they were prepared prior to anticipation of litigation—and that such documents are relevant and discoverable.  Plaintiffs agreed to search for and produce documents responsive to Request No. 20, but explained that they would not produce expert discovery, privileged material, or work product.

During the meet and confer, the parties had similar discussions with respect to Request Nos. 21 and 29, and Plaintiffs agreed to search for and produce documents responsive to those Requests, but explained that they would not produce expert discovery, privileged material, or work product.

### Request No. 22

During the meet and confer, Plaintiffs stated that this Request—which seeks all documents relating to Plaintiffs' discovery of the facts alleged in the Complaint—is premature given that discovery is ongoing.  Plaintiffs further asked whether Defendants were implicitly serving a contention interrogatory.  Defendants explained that the Request is not premature because it only seeks documents relating to the *discovery* of the facts alleged in the Complaint, which concern events that have already occurred.  Defendants further explained that the Request does not require Plaintiffs to make any contentions, since it merely seeks documents relating to facts that Plaintiffs have already alleged in the Complaint.

Plaintiffs asked during the meet and confer if Defendants were seeking documents regarding any investigation conducted by Plaintiffs before the commencement of this action.  While such documents would be responsive, the Request seeks documents that more broadly relate to the "discovery" of the facts alleged in the Complaint, irrespective of whether Plaintiffs conducted an investigation.  Accordingly, Defendants do not agree to narrow the scope of this Request at this time.

Please advise if Plaintiffs are willing to search for and produced non-privileged documents responsive to the Request as propounded.

### Request No. 24 and 25

During the meet and confer, Plaintiffs represented that the named Plaintiffs did not have in their possession any communications or statements by any party, witness, potential witness, confidential

**Davis Polk**

informant, or other person, having or claiming to have knowledge or information regarding the allegations in the Complaint, including the communications and statements described in the Complaint.  Plaintiffs nonetheless agreed to produce any such communications or statements within the named Plaintiffs' files to the extent they exist.

### *Request No. 26*

During the meet and confer, Defendants asked whether Plaintiffs would produce documents relating to the chart in paragraph 108 of the Complaint, including all backup and original source material for that chart.  Plaintiffs responded that the chart is based on publicly available documents from the Aurelius Litigation, including deposition transcripts and exhibits, and that they would be willing to produce such documents if they have not already been produced in this action.

Defendants have confirmed that the documents produced by Windstream in the Aurelius Litigation were produced by Windstream to Uniti in the Adversary Proceeding and those documents have subsequently been re-produced by Defendants in this action as Bates Uniti_Class_00235717–Uniti_Class_00292128.  However, it does not appear that those documents include deposition transcripts or trial or deposition exhibits from the Aurelius Litigation.  Accordingly, please confirm Plaintiffs will produce documents responsive to this Request insofar as they relate to the chart in paragraph 108 of the Complaint.

### *Request Nos. 27 and 28*

During the meet and confer, Plaintiffs stated that their Responses to these Requests were intended to limit the scope of the Requests to documents that Plaintiffs received before the Complaint was filed, but that their Responses were not otherwise intended to limit the scope of the Requests and that they would produce non-privileged documents responsive to the Requests that were sent or received prior to the filing of the Complaint.

### *Request No. 31*

During the meet and confer, Plaintiffs represented that there are no documents responsive to this Request in Plaintiffs' possession, custody, or control.

### *Request No. 32*

In their Response to this Request, Plaintiffs stated that they would produce their communications with any investment manager or consultant concerning any Defendant in this action or the decision to move for lead plaintiff in this action.  Plaintiffs further represented that there are no such communications with other third parties.

### *Request No. 33*

In their Response to this Request, Plaintiffs stated that they would produce retention agreements and portfolio monitoring agreements between counsel and Lead Plaintiffs.  During the meet and confer,

**Davis Polk**    Christine M. Fox

Plaintiffs represented that any fee arrangements, to the extent they exist, would be set forth in the retention agreements.

### Request No. 35

During the meet and confer, Plaintiffs stated that they are not currently using third-party sources of funding.

### Request No. 38

In their Response to this Request, Plaintiffs stated that they would only produce documents sufficient to identify federal securities class actions brought under the PSLRA in which Plaintiffs were, or sought to be, lead plaintiff or class representative for the three-year period before Plaintiffs' PSLRA certification was signed in this action.  During the meet and confer, Plaintiffs stated that they objected on relevancy grounds to providing documents regarding actions (1) not brought under the PSLRA or (2) beyond the three-year period.  Defendants explained that information about Plaintiffs' prior attempts to serve as lead plaintiff or class representative was relevant even if the cases were not brought under the PSLRA or were brought more than three years before Plaintiffs signed their PSLRA certifications in this action.  As a compromise, Plaintiffs offered to extend the period through which they would provide documents from the date of Plaintiffs' PSLRA certification to the present.

Defendants appreciate Plaintiffs' agreement to produce documents related to lawsuits in which Plaintiffs have sought to serve as lead plaintiff or class representative from the date of the PSLRA certification to the present, but adding that period is still not sufficient.  Defendants maintain that the documents sought in the Request as originally propounded are relevant in this action.  Such information goes to, among other things, the Lead Plaintiffs' sophistication, reliance, and adequacy as class counsel.  *See, e.g.*, *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109 (S.D.N.Y. 1993) (ordering discovery into lead plaintiff's involvement in other securities and class action litigation); *In re SciMed Life Sec. Litig.*, 1992 WL 413867 (D. Minn. Nov. 20, 1992) (ordering discovery into lead plaintiff's prior litigation history).  However, in an attempt to compromise, Defendants are willing to limit their scope of the Request to within 10 years of the present.

Please advise if Plaintiffs agree to this proposal.

### Request No. 39

In their Response to this Request—which seeks transcripts of all testimony offered by Plaintiffs or their representatives in a securities lawsuit, as well as accompanying exhibits—Plaintiffs stated that they would not search for or produce responsive documents.  During the meet and confer, Plaintiffs explained that such documents are likely subject to a protective order.  Defendants responded that protective orders often have exceptions where production is required pursuant to a legal process, such as a litigation document request.  Indeed, as pointed out during the meet and confer, although documents produced in the Windstream-Uniti Adversary Proceeding were subject to a protective order, Plaintiffs sought production of those documents in this action, and Defendants reproduced them.  To the extent third-party consents were required to do so, Defendants obtained those consents.  Here, it seems likely that any responsive transcripts (and some or all of the exhibits) would have been deemed confidential by *Plaintiffs* and therefore could be produced by Plaintiffs in this action, notwithstanding any applicable protective orders.  Accordingly, Defendants maintain that the documents sought in the Request as originally propounded are discoverable and should be produced.

**Davis Polk**   Christine M. Fox

*See, e.g.*, *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109 (S.D.N.Y. 1993) (ordering production of deposition transcripts from prior litigation involving lead plaintiff).

In an effort to move forward on this Request, Plaintiffs agreed to investigate whether responsive documents exist.  Please let us know what you have discovered.

### Request No. 40

In their Response to this Request, Plaintiffs stated that they would not search for or produce responsive documents.  However, during the meet and confer, Plaintiffs stated they would be willing to produce responsive documents if the time period were limited.  Plaintiffs further explained that they would not produce documents regarding arbitration matters brought by the Pension Funds' members against the Pension Funds that are unrelated to securities issues or fraud.  Defendants are willing to agree to that limitation and propose that Plaintiffs produce responsive documents for a period of 10 years from the present.

Please advise if Plaintiffs agree to this proposal.

### Request No. 41

During the meet and confer, Defendants asked whether Plaintiffs intended to produce retention policies for the entire Relevant Period, or just those in effect as of the time of the document collection. Plaintiffs stated that they would produce all document retention policies in effect during the Relevant Period.

### Request No. 42

In their Response to this Request—which seeks all documents that Plaintiffs may use to support their claims or defenses in this action—Plaintiffs stated that they would not search for or produce responsive documents.  Plaintiffs stated that documents to be used at trial would be subject to a pretrial order and the court's rules.  Defendants explained that Plaintiffs still have an obligation to produce such documents in advance of using them.  Defendants reserve all rights to revisit this Request during the course of discovery.

\* \* \*

We await your response to any proposals outlined above and are willing to meet and confer on any issues as necessary.

Very truly yours,

*/s/ Nikolaus Williams*
Nikolaus Williams