# Exhibit H

# Labaton Sucharow

**Christine M. Fox**
Partner
212 907 0784  direct
212 907 0700  main
212 883 7584  fax
cfox@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

VIA EMAIL

October 13, 2021

Nikolaus Williams
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
nikolaus.williams@davispolk.com

   Re:  *In re Uniti Group Inc. Securities Litigation*, No. 4:19-CV-00756 (E.D. Ark.)

Dear Nik:

  I write in response to your letter to me dated October 1, 2021, concerning Defendants' First Set of Requests for Production of Documents (the "Requests" and each a "Request"), Plaintiffs' Responses and Objections to the Requests (the "Responses" and each a "Response"), and the Parties' June 24, 2021, and June 29, 2021, meet and confers regarding the Requests and Responses. While we appreciate your letter documenting the meet and confer process, we write to correct your interpretation as to our position on several of the Requests. We further write to respond to your proposals in your October 1 letter.

  <u>***Request Nos. 1–5, 7, 9, 11–12, 16–17, 23, 30, 34, 36–37:***</u> Your letter states that Defendants' understanding is that "[Plaintiffs'] Responses to these Requests were not intended to narrow the scope of the Requests as propounded and that [Plaintiffs] would produce non-privileged documents responsive to the Requests." While Plaintiffs did agree to produce responsive, non-privileged documents to these Requests to the extent those documents exist and are in Plaintiffs' possession, custody, or control, Plaintiffs did not, and do not, agree wholesale that the objections and responses were not intended to narrow the scope of these specific Requests. As we discussed at length during the meet and confers, for most of these particular Requests, it is Plaintiffs' interpretation that Defendants are seeking documents related, in any way evident on their face, to Plaintiffs' investments in, or research about, Uniti securities during the Relevant Period (January 1, 2015 through and including October 25, 2019) to the extent any such documents exist and are in Plaintiffs' possession, custody and control. During the meet and confer, the Parties separately discussed each of these Requests, and our correspondence on these Requests, in combination with the search terms Plaintiffs have agreed to run, should reflect the scope of Plaintiffs' agreement on the Requests.

**Labaton**
**Sucharow**

October 13, 2021
Page 2

*Request Nos. 8, 13-15, 18, 20, 21, 27-29, 31, 33, 35, 41, 42*: Plaintiffs agree with Defendants' interpretation of Plaintiffs' Responses to these Requests and the corresponding meet and confers regarding these Requests.[1]

*Request No. 6*:  As discussed during the meet and confer, unless a document specifically mentions Uniti and some sort of hedging or mitigation strategy, Plaintiffs will not be searching for and producing documents responsive to this Request. You agreed to get back to Plaintiffs on this Request and have now proposed that "Defendants are willing to agree to Plaintiffs' proposal if it is extended to also include Windstream Securities." While Plaintiffs separately agreed to include "Windstream" as a proposed search term and produce responsive non-privileged documents subject to a potential burden objection if significant responsive, yet irrelevant, material is retrieved from the term, documents concerning the purchase, sale or holding of Windstream Securities during the Relevant Time Period are not responsive to this specific Request. Moreover, notwithstanding Plaintiffs' agreement to search for documents related to Windstream, it is Plaintiffs' position that transactions in Windstream Securities during the Relevant Time Period, if any, do not bear in any way on Plaintiffs' typicality or adequacy to serve as class representatives in this case.

*Request No. 10:* Plaintiffs will produce documents sufficient to show the organizational structure and audited financials of the two Pension Funds.  However, contrary to your letter, Plaintiffs did not agree to produce documents concerning the Pension Funds' formation which occurred, as far as I am aware, more than fifty years prior to the Relevant Period.

*Request Nos. 11 and 12:* Plaintiffs will produce investment policies, guidelines or objectives for the Pension Funds including any policies or guidelines (and contracts) for managers who transacted in Uniti Securities during the Relevant Period.

*Request No. 18:* Beyond documents obtained by Plaintiffs' counsel via subpoena after discovery began in this case, there are no other documents responsive to this Request.

*Request No. 19*: Plaintiffs agree with Defendants' interpretation of Plaintiffs' Response to this Request and the corresponding meet and confers regarding this Request.  Consistent with Plaintiffs' response to Request 6, Plaintiffs agree to include Windstream as a proposed search term and produce responsive non-privileged documents subject to a potential burden objection if significant responsive, yet irrelevant, material is retrieved from the term.  Notwithstanding the Parties' compromise on this Request, it is Plaintiffs' position that profits and losses, if any, on Windstream

---

[1] As a point of clarification regarding your reference to our discussions about Request Nos. 14 and 15, neither of the bank custodians provided any investment advice concerning Uniti Securities (or any securities) to the Pension Funds.  My understanding is that the bank custodians provided only administrative services for the Pension Funds.  But yes, Plaintiffs did agree to search for and produce any agreements with the custodial banks for the Pension Funds.

# Labaton Sucharow

October 13, 2021
Page 3

Securities during the Relevant Period do not bear in any way on Plaintiffs' typicality or adequacy to serve as class representatives in this case.

*Request No. 20:* There are no non-privileged documents responsive to this Request as narrowed by the Responses and the Parties' meet and confer discussions. Plaintiffs will not produce documents, if any, related to expert calculation of class damages at this time.

*Request No. 21:* Plaintiffs refer Defendants back to the Parties' discussion of Request 6.

*Request No. 22:* In response to this Request, Plaintiffs will produce only responsive, non-privileged documents relating to the discovery of the facts alleged in the Complaint, which, as you state, "concern events that have already occurred." As a result, Plaintiffs will search for and produce only responsive, non-privileged documents prior to the filing of the Complaint. Moreover, and for clarity, Plaintiffs' search and production in response to this Request is limited to the Lead Plaintiffs' discovery of the facts alleged, rather than Plaintiffs' Counsel's discovery of the facts alleged.

*Request No. 23:* Like, Request No. 22, Plaintiffs clarified that this Request is limited to the Lead Plaintiffs' review and reliance on documents, rather than Plaintiffs' Counsel's review and reliance on such materials. Plaintiffs reiterated that only non-privileged documents would be produced.

*Request No. 24 and 25:* Defendants are correct that no responsive documents exist. Yet, Plaintiffs do not concede that they would produce any such documents if they were to exist within the Lead Plaintiffs' files. As noted in the Responses, it is Plaintiffs' position that some responsive materials, if they existed, would likely be protected by the work product doctrine.

*Request No. 26:* Consistent with my email to you on October 7, 2021, Plaintiffs will produce the trial exhibits we had at the time of filing the Complaint. Other than what Defendants have provided from the Adversary Proceeding, we have not obtained any trial exhibits from any other sources since the filing of the Complaint. Plaintiffs do not have deposition transcripts or deposition exhibits from the Aurelius litigation.

*Request No. 30:* Plaintiffs will produce responsive, non-privileged documents.

*Request No. 32:* Plaintiffs confirm that there are no non-privileged communications between Plaintiffs and third parties related to this Action prior to filing of the initial complaint. Plaintiffs will produce, or already have produced, documents obtained in response to non-party subpoenas issued in this Action. As a point of clarification, neither of the Pension Funds communicated with any investment manager or consultant concerning the decision to move for lead plaintiff in this action.

*Request No. 34:* Plaintiffs only agreed to produce non-privileged documents concerning the retention of Plaintiffs' Counsel in this Action by the Lead Plaintiffs. Plaintiffs will NOT produce non-privileged documents concerning "any other matter in which [Lead Plaintiff or anyone else encompassed Defendants' definition of You] sought to act as lead plaintiff."

**Labaton Sucharow**

October 13, 2021
Page 4

_Request Nos. 36 and 37_: Plaintiffs did not agree to search for or produce any additional documents specifically responsive to these Requests.

_Request No. 38_: Plaintiffs propose providing _a list identifying all federal securities class actions brought under the PSLRA in which Lead Plaintiffs were, or sought to be, a lead plaintiff or class representative from November 1, 2016 to August 31, 2021_ (as close to the present as we could offer during the meet and confers). As mentioned during our meet and confer, the November 1, 2016 date is approximately three (3) years before the first Plaintiff Certification was executed and encompasses the three (3) year period of disclosure required by the PSLRA. Contrary to your letter, Plaintiffs did not agree to produce any "documents related to lawsuits" covered by this period – _only a listing of cases falling with this definition_. Plaintiffs decline Defendants' offer to extend our listing of PSLRA cases to ten years prior to the present, or approximately the period from September 1, 2011 to August 31, 2021.

_Request No. 39_: Plaintiffs have not identified any depositions taken of Steamfitters Local 449 Pension Plan or Wayne County Employees' Retirement System in any _federal securities class actions brought under the PSLRA in which the Pension Funds were, or sought to be, a lead plaintiff or class representative from November 1, 2016 to August 31, 2021_. Thus, to the best we can ascertain, there are no documents responsive to this Request. Please note, Plaintiffs have NOT agreed to produce such transcripts and exhibits, if there were any, for the reasons set forth in the Responses. Instead, Plaintiffs agreed only to attempt to figure out, on an initial basis, if anything responsive existed before the Parties engaged in unnecessary litigation about the production of such materials.

_Request No. 40_: Plaintiffs decline Defendants' proposal and refer Defendants back to the Parties' discussion of Request No. 38. Plaintiffs do not agree to search for and produce any documents responsive specifically to this Request.

Plaintiffs remain available to further discuss these matters.

Very truly yours,

_Christine M. Fox_

Christine M. Fox

cc:     Ross Kamhi, Esq.
        Charles Farrell, Esq.
        Debra J. Wyman, Esq.
        Ting Liu, Esq.
        Brian M. Burnovski, Esq.