UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

In re UNITI GROUP, INC.
SECURITIES LITIGATION

CASE NO. 4:19-CV-00756-BSM

**ORDER**

Defendants' motion for reconsideration or certification for interlocutory appeal [Doc. No. 76] is denied. A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

To be certified for interlocutory appeal, an issue must concern "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate outcome of the litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979) (citing requirements of 28 U.S.C.§ 1292(b)). A motion for certification of interlocutory appeal is to "be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal citation omitted).

Defendants fail to satisfy this burden because there is no controlling question of law as to which there is a substantial ground for difference of opinion. *See Munn v. Kraft Foods Global, Inc.*, 455 F.Supp.2d 939, 940–42 (S.D. Iowa, 2006). Defendants' disagreement with the March 31, 2021 order [Doc. No. 74] centers around the application of controlling

precedent to the facts alleged. For example, defendants contend the order erred in its application of the Private Securities Litigation Reform Act's heightened standard for pleading scienter, including the Supreme Court's authoritative decision in *Tellabs. Inc. v. Makor Issues & Rights, Ltd*. Defs.' Br. Supp. Mot. Recons. at 8–12, Doc. No. 77. Defendants make similar arguments concerning the order's application of Eighth Circuit precedent to the question of whether plaintiffs sufficiently pleaded material misrepresentations or omissions. *Id*. at 4–8. Challenging the application of settled law to a specific set of facts, however, is not a question of law. *RFC and RESCAP Liquidating Trust Litigation*, 2016 WL 3410332, at *3 (D. Minn. June 20, 2016) (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004)).

Because the legal standards at issue are well-established, defendants also cannot show there is a substantial ground for difference of opinion. *See Fenton v. Farmers Ins. Exch.*, 2010 WL 1006523, at *2 (D. Minn. March 16, 2010). That another district court, sitting in a different circuit, granted defendants' motion to dismiss on a similar set of facts does not establish substantial grounds for difference of opinion. *See Graham v. Hubbs Mach. and Mfg., Inc.*, 49 F.Supp.3d 600, 612 (E.D. Mo. 2014) ("[s]ubstantial grounds exist when...a difference of opinion exists within the controlling circuit; or [when] the circuits are split on the question"). Defendants have not met the stringent requirements of section 1292(b), therefore certification for interlocutory review is not appropriate.

IT IS SO ORDERED this 22nd day of December, 2021.

                                                            */s/ Brian S. Miller*
                                        UNITED STATES DISTRICT JUDGE