# Exhibit A-1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 4:19-cv-00756-BSM <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES |

If you purchased or otherwise acquired Uniti Securities during the period from April 24, 2015 to June 24, 2019, inclusive (the "Class Period") and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.[1]

***A Federal Court authorized this Notice.  This is not a solicitation from a lawyer***.

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[2]

- Pursuant to the Settlement described below, a $38.875 million settlement has been reached.  Based on Plaintiffs' expert's estimate of the number of damaged Uniti Securities eligible to recover under the Settlement, the average recovery per allegedly damaged common share is estimated to be $0.10 per share, $0.005 per option, and $1.05 per $1,000 face value of Uniti Notes, before deduction of any Taxes on the income earned on the Settlement Amount, Notice and Administration Expenses, and the attorneys' fees and expenses, as awarded by the Court.  Settlement Class Members should note, however, that these are only estimates.

- The Settlement resolves claims by Court-appointed lead plaintiffs Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA (collectively, "Plaintiffs"), and Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust, that have been asserted on behalf of the Settlement Class (defined below) against Defendants Uniti Group Inc., Kenneth A. Gunderman and Mark A. Wallace (the "Individual Defendants," and collectively with Uniti, the "Defendants" and, collectively with Plaintiffs and Mr. He, the "Parties"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

***If you are a Settlement Class Member, your legal rights will be affected by this settlement whether you act or do not act.  Please read this notice carefully***.

---

[1]  "Uniti Securities" means the common stock of Uniti Group Inc. formerly known as Communications Sales & Leasing, Inc. ("Uniti" or the "Company"), the call options of Uniti, the put options of Uniti, or the following bonds issued by Uniti and/or its subsidiaries: (i) 6.00% Senior Secured Notes due April 15, 2023 (CUSIP No. 20341WAA3); (ii) 8.25% Senior Notes due October 15, 2023 (CUSIP No. 20341WAD7); and (iii) 7.125% Senior Unsecured Notes due December 15, 2024 (CUSIP No. 20341WAE5).

[2]  The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated as of _____, 2022 (the "Stipulation"), which can be viewed at www._____.com.  All capitalized terms not defined in this Notice have the same meanings as in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE_____, 2022** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS ON OR BEFORE_____, 2022** | Get no payment from the Settlement. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. *See* Question 10 for details. |
| **OBJECT ON OR BEFORE _____, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Co-Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON_____, 2022 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2022** | Ask to speak to the Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options **– and the deadlines to exercise them –** are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.      Plaintiffs have entered into the proposed Settlement with Defendants, which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $38,875,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Plaintiffs' damages expert's estimate, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such

as attorneys' fees, litigation expenses, awards to Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Taxes, and Notice and Administration Expenses, would be approximately $0.10 per allegedly damaged common share, $1.05 per $1,000 face value of allegedly damaged Uniti Notes and $0.005 per allegedly damaged option. If the Court approves Co-Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.07 per allegedly damaged common share, $0.69 per $1,000 face value of Uniti allegedly damaged Notes, and $0.003 per allegedly damaged option. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates**. A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted for each security; (ii) the amount of the Net Settlement Fund; (iii) when, how many and which type of Uniti Securities the Settlement Class Member purchased during the Class Period; and (iv) whether and when the Settlement Class Member sold the Uniti Securities. *See* the Plan of Allocation beginning on page [   ] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the prices of Uniti's Securities were allegedly artificially inflated (or deflated in the case of put options), if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged statements or omissions, such as general market,

economic, and industry conditions, influenced the trading prices of Uniti's Securities during the Class Period.  The foregoing list is not exhaustive.

3.    Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.    Co-Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, *i.e.*, $11,662,500, plus accrued interest at the same rate earned by the Settlement Fund, if any.[3] Co-Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $1,600,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the PSLRA for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.03 per allegedly damaged common share, $0.002 per option, and $0.36 per $1,000 face value of Uniti Notes.  A copy of the Fee and Expense Application will be posted on www._____.com after it has been filed with the Court.

**Reasons for the Settlement**

5.    For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the

---

[3]    Plaintiffs' Counsel are Labaton Sucharow LLP, Robbins Geller Rudman & Dowd LLP, Paton Tidwell Culbertson, LLP, Schall Law Firm, Thornton Law Firm LLP, and Glancy Prongay & Murray LLP.

allegations in the Amended Complaint; the risk that the Court may not certify the class and may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.      Plaintiffs and the Settlement Class are represented by Co-Lead Counsel: Christine M. Fox, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com, and Debra J. Wyman, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, (800) 843-3000; Settlementinfo@rgrdlaw.com.

8.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____), www. ___ com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.      Why did I get this Notice?**

9.      The Court authorized that this Notice be sent to you because you or someone in your family may have purchased certain Uniti Securities (and/or sold put options on Uniti common stock) during the period from April 24, 2015 to June 24, 2019, inclusive (the "Class Period").  **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below**.

10.     The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Eastern District of Arkansas, and the case is known as *In re Uniti Group Inc. Securities Litigation*, Master File No. 4:19-cv-00756-BSM.  The Action is assigned to the Honorable Brian S. Miller, United States District Judge.

**2.      How do I know if I am part of the Settlement Class?**

12.     By the Preliminary Approval Order, the Court preliminarily certified the Action as a class action on behalf of the following Settlement Class.  Everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **all persons and entities who or which, during the period from April 24, 2015 to June 24, 2019, inclusive, (1) purchased or otherwise acquired (a) the common stock of Uniti, formerly known as Communications Sales & Leasing, Inc.; (b) call options of Uniti; or (c) the following bonds issued by Uniti and/or its subsidiaries: (i) 6.00% Senior Secured Notes due April 15, 2023 (CUSIP No. 20341WAA3); (ii) 8.25% Senior Notes due October 15, 2023 (CUSIP No. 20341WAD7); or (iii) 7.125% Senior Unsecured Notes due December 15, 2024 (CUSIP No. 20341WAE5); or (2) sold put options of Uniti; and, in each of the foregoing cases, were allegedly damaged thereby.**

13.     If one of your mutual funds purchased Uniti Securities and/or sold put options on Uniti common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased Uniti Securities and/or sold put options on Uniti common stock during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases (or

sales of put options on Uniti common stock). The Parties do not independently have access to your trading information.

**3.     Is anyone excluded from the Settlement Class?**

14.     Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Defendant who is an individual; (iii) any person who was an officer or director of Uniti during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Uniti's employee retirement and benefit plan(s) (as well as any such plan's participants or beneficiaries as to any purchases made by such participants or beneficiaries through such plan(s)); (vi) Windstream Holdings, Inc. ("Windstream"); (vii) any person who was an officer or director of Windstream during the Class Period; and (viii) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. Also excluded from the Settlement Class is any person or entity who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

**4.     Why is this a class action?**

15.     In a class action, one or more persons or entities (in this case, Plaintiffs) sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people or entities, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA, to serve

as lead plaintiffs and Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to serve as Co-Lead Counsel.

**5.      What is this case about and what has happened so far?**

16.     Windstream is a telecommunications provider that owns and operates wireless telecommunications networks.  In April 2015, Windstream spun-off certain of its telecom distribution assets into a separate, publicly traded company called Communications Sales & Leasing, Inc. and which is now called Uniti Group, Inc (the "Spin-Off").  In connection with the Spin-Off, Uniti agreed to lease its telecom distribution assets to Windstream, which, through its operating subsidiaries, continued to use and operate those assets as it had before the Spin-Off.  Plaintiffs allege that the Spin-Off transaction violated restrictive covenants governing Windstream's then-existing debt, which included a prohibition on sale-leaseback transactions and limitations on the amount of additional debt Windstream could undertake.  Defendants dispute these allegations.

17.     On October 25, 2019, a securities class action complaint was filed in the U.S. District Court for the Eastern District of Arkansas, styled *Safadi v. Uniti Group Inc. et al.*, No. 4:19-cv-00756-BSM.  The complaint asserted claims (1) against all Defendants for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (2) against all Individual Defendants for violations of Section 20(a) of the Exchange Act related to the Spin-Off transaction.  Plaintiff asserted such claims on behalf of all persons who purchased or acquired Uniti securities during a class period of April 20, 2015 and February 19, 2019, inclusive.

18.     On December 6, 2019, a securities class action complaint was filed in the U.S. District Court for the Eastern District of Arkansas, styled *Queder v. Uniti Group Inc. et al.*, No. 4:19-cv-00873-BSM.  The complaint asserted claims (1) against all Defendants for violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and (2) against all

Individual Defendants for violations of Section 20(a) of the Exchange Act related to the Spin-Off transaction.  Plaintiff asserted such claims on behalf of all persons who purchased or acquired Uniti securities during a class period of April 20, 2015 and February 19, 2019, inclusive.

19.     On December 23, 2019, a securities class action complaint was filed in the U.S. District Court for the Eastern District of Arkansas, styled *Avery v. Uniti Group Inc. et al.*, No. 4:19-cv-00927-LPR.  The complaint asserted claims (1) against all Defendants for violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and (2) against all Individual Defendants for violations of Section 20(a) of the Exchange Act related to the Spin-Off transaction. Plaintiff asserted such claims on behalf of all persons who purchased or acquired Uniti common stock during a class period of April 20, 2015 and June 24, 2019, inclusive.

20.     On December 30, 2019, Plaintiffs moved to serve as co-lead plaintiffs.  That same day, Bradford Maupin and Ira Pence, Conrad and Criselda Von Wald, Troy Bourque, and Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust also moved to serve as lead plaintiffs. All movants also requested that the *Queder* and *Avery* Actions be consolidated into the *Safadi* Action.

21.     On January 13, 2020, Plaintiffs and Mr. He filed a proposed stipulation for appointment of Plaintiffs and Mr. He as co-lead plaintiffs, consolidation of the *Queder* and *Avery* Actions into the *Safadi* Action, retitling of the *Safadi* Action as "*In re Uniti Group Inc. Securities Litigation*," (the "Action") and for approval of Plaintiffs and Mr. He's selection of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as Co-Lead Counsel for the class.  The stipulation noted that all other movants had either withdrawn their motions to serve as lead plaintiff or had filed non-oppositions to Plaintiffs and Mr. He's appointment as co-lead plaintiffs. On April 14, 2020, the Court entered an order giving effect to the stipulation.

22.     On May 11, 2020, Plaintiffs and Mr. He filed a Consolidated Amended Class Action Complaint (the "Amended Complaint"). The Amended Complaint asserted claims (1) against all Defendants pursuant to Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder; and (2) against the Individual Defendants pursuant to Section 20(a) of the Exchange Act related to the Spin-Off transaction. Plaintiffs and Mr. He asserted such claims on behalf of all persons who purchased or otherwise acquired the publicly traded securities of Uniti during a class period of April 24, 2015 to June 24, 2019, inclusive.

23.     On July 10, 2020, Defendants filed a motion to dismiss the Amended Complaint. On September 8, 2020, Plaintiffs and Mr. He opposed the motion to dismiss. On October 23, 2020, Defendants filed a reply in further support of their motion to dismiss. During November and December 2020, the Parties submitted supplemental authority in support of their respective positions related to Defendants' motion to dismiss.

24.     On March 31, 2021, the Court denied Defendants' motion to dismiss.

25.     On April 15, 2021, Defendants filed an Answer to the Amended Complaint and a Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Appeal. On April 29, 2021, Plaintiffs and Mr. He opposed Defendants' motion for reconsideration. On August 2, 2021, Defendants filed a reply in further support of their motion for reconsideration.

26.     On December 22, 2021, the Court denied Defendants' motion for reconsideration or certification of interlocutory appeal.

27.     During the course of the Action, the Parties engaged in extensive discovery.

28.     In response to document requests and subpoenas, Plaintiffs received approximately 90,000 documents (more than 1,000,000 pages) from Defendants, non-parties, and from related litigations. Plaintiffs produced over 300 documents (or approximately 12,000 pages) in connection with class certification discovery. In addition, Lead Plaintiff McMurray, and representatives of Lead

Plaintiffs Local 449 and Wayne County ERS, sat for depositions taken by Defendants. Defendants also deposed Plaintiffs' market efficiency expert, Mr. Chad Coffman, the President of Global Economics Group, a firm that specializes in the application of economics, finance, statistics, and valuation principles to claims of economic damages, regarding issues of damages and market efficiency. Plaintiffs deposed Defendants' market efficiency expert, Christopher M. James, William H. Dial/Sun Bank Eminent Scholar and Professor of Finance and Economics at the University of Florida, concerning issues related to Mr. Coffman's market efficiency opinions. Plaintiffs also took depositions of eight current or former employees of Uniti and non-party Windstream Holdings, Inc., before the case settled.

29.    On October 25, 2021, Plaintiffs moved for class certification, seeking appointment of Plaintiffs as class representatives and seeking to certify a class of all persons and entities that purchased or otherwise acquired the publicly traded common stock or call options or sold the put options of Uniti during the period from April 24, 2015 to June 24, 2019, inclusive, and were damaged thereby. Mr. He did not join in the motion for class certification. An expert report by Mr. Coffman was filed in support of the motion for class certification. On January 24, 2022, Plaintiffs submitted a correction to Mr. Coffman's Report.

30.    On December 23, 2021, Defendants filed an opposition to Plaintiffs' motion for class certification. An expert report by Dr. James was also submitted in opposition to Plaintiffs' motion for class certification.

31.    On February 22, 2022, Plaintiffs filed a reply in further support of their motion for class certification. Filed concurrently therewith was a rebuttal report from Mr. Coffman in further support of Plaintiffs' motion for class certification.

32.    On March 24, 2022, the Parties participated in a full-day mediation session before David Murphy of Phillips ADR (the "Mediator"). In advance of that session, the Parties provided

detailed mediation statements and exhibits to the Mediator, which addressed issues of liability, class certification, and damages.  The Parties also participated in individual sessions with the Mediator and answered questions from the Mediator about the Action. No agreement was reached at the March 24, 2022 mediation session.

33.     On March 25, 2022, the Mediator made a formal mediator's proposal that the case settle for $38.875 million.  The Parties accepted this proposal and subsequently began negotiating a term sheet, the settlement agreement and its supporting exhibits, including this Notice.

**6.     What are the reasons for the Settlement?**

34.     The Court did not finally decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement. Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the Settlement Class.  In light of the Settlement and the substantial guaranteed cash recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

35.     Defendants have denied and continue to deny any wrongdoing whatsoever, including each and every one of the claims alleged by Plaintiffs in the Action, all claims in the Amended Complaint, and any allegation that they have committed any act or omission giving rise to any liability or violation of law.  Defendants deny the allegations that they made any material misstatements or omissions; that any member of the Settlement Class has suffered damages; that the prices of Uniti Securities were artificially inflated (or deflated in the case of put options) by reason

of the alleged misrepresentations, omissions, or otherwise; or that members of the Settlement Class were harmed by the conduct alleged. Nonetheless, Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

**THE SETTLEMENT BENEFITS**

**7.    What does the Settlement provide?**

36.    In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $38.875 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.    How can I receive a payment?**

37.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlement: www._____.com, or submit a claim online at www._____.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (__) ____- _____.

38.    Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is postmarked or received ***no later than _____, 2022***.

**9.    What am I giving up to receive a payment and by staying in the Settlement Class?**

39.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class, which means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."  All of the Court's orders in the Action, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    "Released Claims" means any and all past, present, or future claims and causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, penalties, expenses or attorney fees, of every nature and description whatsoever, whether direct or indirect, suspected or unsuspected, known or Unknown Claims (as defined below), asserted or unasserted, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, contingent or absolute, matured or not matured, liquidated or unliquidated, accrued or not accrued, concealed or hidden, class or individual in nature, based in law or equity, or based on contract, tort, or other legal or equitable theory, including, without limitation, any claims of violations of federal or state securities laws, any federal, state, local, common, or foreign law, statute, rule or regulation, or other legal or equitable claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty or breach of contract, that Plaintiffs, Mr. He or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, in whole or part, both (1) the allegations, transactions, facts, matters or occurrences, representations, statements, or omissions alleged in the Action, including, but not limited to, as alleged in the complaint filed in the Action and (2) the purchase, sale, or acquisition of Uniti Securities during the Class Period.  Released Claims shall not include claims to enforce the Settlement, ERISA claims (if any), and claims in the following litigation: (i) *Mayer et al. v. Gunderman et al.*, 24-C-21-003488

(Md. Cir. Ct. Balt. City); (ii) *Guzzo v. Gunderman et al.*, 1:22-cv-00366-GLR (D. Md.); and (iii) *SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, No. 1:19-cv-01813-LPS (D. Del.).

(b) "Released Defendant Parties" means Defendants, and each of their respective past or present or future predecessors, successors, parent corporations, sister corporations, subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, Immediate Family, receivers and trustees, settlors, beneficiaries, officers, directors, members, shareholders, employees, independent contractors, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, auditors, accountants, advisors, and successors-in-interest, in their capacities as such.

(c) "Unknown Claims" means any and all Released Claims that Plaintiffs, Mr. He, and any other members of the Settlement Class do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs, Mr. He and Defendants shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

- 15 -

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, Mr. He, other Settlement Class Members, and Defendants acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Plaintiffs, Mr. He and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs, Mr. He and Defendants acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims, including the foregoing waiver, was separately bargained for and was a material element of the Settlement.

40. The "Effective Date," defined more fully in the Stipulation, will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. Upon the Effective Date, the Released Defendant Parties will also provide a release of any claims against the Released Plaintiff Parties arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

41. If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting

out." **Please note**: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants have the option to terminate the Settlement if an agreed threshold of opt-outs is reached.

**10.     How do I exclude myself from the Settlement Class?**

42.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Uniti Group Inc. Sec. Litig.*, Master File No. 4:19-cv-00756-BSM (E.D. Ark.)."  You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number and type of Uniti Securities the person or entity purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than           , 2022** at:

*Uniti Securities Litigation*
c/o _____
P.O. Box _____

_____

43.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

44.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

**11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

45.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from this Settlement Class to continue your own lawsuit, assuming that lawsuit was timely brought.  Remember, the exclusion deadline is _____, 2022.

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in this case?**

46.    Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP are Co-Lead Counsel in the Action and represent all Settlement Class Members.  You will not be separately charged for the work of Co-Lead Counsel and the other Plaintiffs' Counsel.  The Court will determine the amount of Plaintiffs' Counsel's attorneys' fees and litigation expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers get paid?**

47.    Co-Lead Counsel, together with Plaintiffs' Counsel, have been prosecuting the Action on a contingent basis and have not been paid for any of their work. Co-Lead Counsel will apply to the Court, on behalf of themselves and the other Plaintiffs' Counsel firms, for an award of attorneys' fees of no more than 30% of the Settlement Fund, which will include any accrued interest.  Co-Lead Counsel have agreed to share the awarded attorneys' fees with Plaintiffs' Counsel. Payment to the other Plaintiffs' Counsel firms will in no way increase the fees that are deducted from the Settlement Fund.  Co-Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution and settlement of the Action of no more than $1,600,000, plus accrued interest, if any, which may include an application in accordance with the PSLRA for the reasonable

- 18 -

costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.     How do I tell the Court that I do not like something about the proposed Settlement?**

48.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

49.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re Uniti Group Inc. Sec. Litig.*, Master File No. 4:19-cv-00756-BSM (E.D. Ark.)." The objection must also: (i) state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number and type of Uniti Securities purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase,

acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court *no later than _____, 2022* and be mailed or delivered to the following counsel so that it is received *no later than _____, 2022*:

| Court | Co-Lead Counsel | Defendants' Counsel Representative |
|---|---|---|
| **Clerk of the Court** United States District Court Eastern District of Arkansas Richard Sheppard Arnold U.S. Courthouse 500 West Capitol Avenue Little Rock, AR 72201 | **Robbins Geller Rudman & Dowd LLP** Debra J. Wyman, Esq. 655 W. Broadway, Suite 1900 San Diego, CA 92101  - and – **Labaton Sucharow LLP** Christine M. Fox, Esq. 140 Broadway New York, NY 10005 | **Davis Polk & Wardwell LLP** Brian M. Burnovski, Esq. 450 Lexington Avenue New York, NY 10017 |

50.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing. If the Settlement Hearing is held remotely, instructions for participating will be posted at www. ____.com.

**15.     What is the difference between objecting and seeking exclusion?**

51.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If

you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16.     When and where will the Court decide whether to approve the Settlement?**

52.     The Court will hold the Settlement Hearing on____, 2022 at_____, either remotely or in person, in Courtroom 2D of the United States District Court for the Eastern District of Arkansas, Richard Sheppard Arnold U.S. Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas 72201.

53.     At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of litigation expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

54.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time and procedures for participating have not changed, or periodically check the Settlement website at www. _____.com to see if the Settlement Hearing stays as scheduled or is changed.

**17.     Do I have to come to the Settlement Hearing?**

55.     No.  Co-Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer

attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2022**.

**18.     May I speak at the Settlement Hearing?**

56.     You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than _____, 2022**, submit a statement that you, or your attorney, intend to appear in "*In re Uniti Group Inc. Sec. Litig.*, Master File No. 4:19-cv-00756-BSM (E.D. Ark.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19.     What happens if I do nothing at all?**

57.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

**GETTING MORE INFORMATION**

**20.     Are there more details about the Settlement?**

58.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the office of the Clerk of the Court, United States District Court for the Eastern District of Arkansas, Richard Sheppard Arnold U.S. Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas 72201.  (Please check the Court's website, www.are.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

59.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the website dedicated to the Settlement, www. _____.com.  You may also call the Claims Administrator toll free at (_____) or write to the Claims Administrator at *Uniti Securities Litigation* c/o _____.  Please do not call the Court with questions about the Settlement.

**21.     How will my claim be calculated?**

60.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at www. _____. com.

61.     As noted above, the Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  The Net Settlement Fund will be distributed on a *pro-rata* basis to members of the Settlement Class who timely submit valid Claim Forms that show a

"Recognized Claim" according to the Court-approved Plan of Allocation. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

62. The objective of this Plan of Allocation is to distribute the Net Settlement Fund among those Settlement Class Members who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this plan, Co-Lead Counsel conferred with Plaintiffs' damages expert. This plan is intended to be generally consistent with an assessment of, among other things, the damages that Plaintiffs and Co-Lead Counsel believe were recoverable in the Action. The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) which type of Uniti Securities[4] were purchased or acquired; (iii) when the claimant purchased Uniti Securities; and (iv) whether and when the claimant sold his, her, or its of Uniti Securities. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

---

[4] Uniti Securities are: Uniti common stock; Uniti call options; Uniti put options; and the following Uniti notes: (i) CUSIP 20341WAA3, Uniti 6% notes maturing April 15, 2023; (ii) CUSIP 20341WAD7, Uniti 8.25% notes maturing October 15, 2023; and (iii) CUSIP 20341WAE5, Uniti 7.125% notes maturing December 15, 2024. All Uniti Notes "per Note" prices in the Plan of Allocation are in terms of per $1,000 par value.

63.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period, which allegedly artificially inflated the prices of Uniti Securities.  Defendants deny the allegations and the assertion that any damages were suffered by any members of the Settlement Class as a result of their conduct.  In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation (or deflation) in Uniti Securities that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.

64.    In this Action, Plaintiffs allege that corrective information released to the market on August 3, 2017 (prior to market open), September 25, 2017 (after market close), February 15, 2019 (after market close) and June 24, 2019 (after market close) impacted the market prices of Uniti Securities in a statistically significant manner and removed the alleged artificial inflation (or deflation) from the share prices on August 3, 2017, September 26-27, 2017, February 19, 2019, and June 25, 2019.  Accordingly, in order to have a compensable loss in this Settlement, Uniti common stock, Notes, or call options must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above, or with respect to put options, those options must have been sold (written) during the Class Period and not closed through at least one of the alleged corrective disclosures.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

65.    For purposes of determining whether a claimant has a "Recognized Claim," if a claimant has more than one purchase/acquisition or sale of Uniti Securities during the Class Period, all purchases/acquisitions and sales of like securities will be matched on a per security and "First In First Out" (FIFO) basis.  With respect to Uniti common stock, Notes, and call options, Class Period

sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Uniti put options, Class Period purchases will be matched first to close-out positions open at the beginning of the Class Period, and then against put options sold (written) during the Class Period in chronological order.

66.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated by the Claims Administrator for each purchase of Uniti common stock, Notes, and call options and each sale of Uniti put options during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. . If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

67.     The sum of a claimant's Recognized Loss Amounts will be the claimant's Recognized Claim. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

COMMON STOCK CALCULATIONS

68.     For each share of Uniti common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on September 20, 2019, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.:

**69.     For each share of Uniti common stock purchased or acquired from April 24, 2015 through and including June 24, 2019 and:**

A. Sold prior to August 3, 2017, the Recognized Loss Amount for each such share shall be zero.

B. Sold from August 3, 2017 through June 24, 2019, the Recognized Loss Amount for each such share shall be *the least of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   2. the Out of Pocket Loss.

C. Sold from June 25, 2019 through September 20, 2019, the Recognized Loss Amount for each such share shall be *the least of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

   2. the actual purchase/acquisition price of each such share *minus* the average closing price from June 24, 2019, up to the date of sale as set forth in **Table 2** below; or

   3. the Out of Pocket Loss.

D. Held as of the close of trading on September 20, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

   2. the actual purchase/acquisition price of each such share *minus* $8.43.[5]

## NOTES CALCULATIONS

70.    For each purchase or acquisition of Uniti Notes during the Class Period and sold before the close of trading on September 20, 2019, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Uniti common stock during the "90-day look-back period," June 25, 2019 through September 20, 2019. The mean (average) closing price for Uniti common stock during this 90-day look-back period was $8.43.

the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

71.    **For each Uniti Note purchased or acquired from April 24, 2015 through and including June 24, 2019 and**:

A.  Sold prior to August 3, 2017, the Recognized Loss Amount for each such Note shall be zero.

B.  Sold from August 3, 2017 through June 24, 2019, the Recognized Loss Amount for each such Note shall be *the least of*:

1.  the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in **Table 3** below *minus* the dollar artificial inflation applicable to each such Note on the date of sale as set forth in **Table 3** below; or

2.  the Out of Pocket Loss.

C.  Sold from June 25, 2019 through September 20, 2019, the Recognized Loss Amount for each such Note shall be *the least of*:

1.  the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in **Table 3** below; or

2.  the actual purchase/acquisition price of each such Note *minus* the average closing price from June 24, 2019, up to the date of sale as set forth in **Table 4** below; or

3.  the Out of Pocket Loss.

D.  Held as of the close of trading on September 20, 2019, the Recognized Loss Amount for each such Note shall be *the lesser of*:

1.  the dollar artificial inflation applicable to each such Note on the date of purchase/acquisition as set forth in **Table 3** below; or

2.  the actual purchase/acquisition price of each such Note *minus*: (a) $953.66 for the 6% Notes; (b) $903.48 for the 8.25% Notes; (a) $866.81 for the 7.125% Notes.[6]

---

[6] As explained in footnote 5 above, pursuant to the Exchange Act, Uniti Notes are reduced to an appropriate extent by taking into account the closing prices of Uniti Notes during the 90-day look-back period, from July 31, 2015 through October 28, 2015.  The mean (average) closing price for Uniti 6% notes during this 90-day look-back period was $953.66, the mean (average) closing price for Uniti 8.25% notes during this 90-day look-back period was $903.48, and the mean (average) closing price for Uniti 7.125% notes during this 90-day look-back period was $866.81.

## EXCHANGE-TRADED CALL AND PUT OPTIONS CALCULATIONS

72.     Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Uniti common stock.  Throughout this Plan of Allocation, all price quotations of exchange-traded options are per share of the underlying security (i.e., 1/100 of a contract).

73.     Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price and expiration date are referred to as a "series." Under the Plan of Allocation, the dollar artificial inflation per share (i.e., 1/100 of a contract) for each series of Uniti call options and the dollar artificial deflation per share (i.e., 1/100 of a contract) for each series of Uniti put options has been calculated by Plaintiffs' damages expert.

74.     Table 5 sets forth the dollar artificial inflation per share in Uniti call options during the Class Period.  Table 6 sets forth the dollar artificial deflation per share in Uniti put options during the Class Period.  Tables 5 and 6 list only series of Uniti options that had open interest on one of the alleged corrective disclosure dates and which expired on or after August 3, 2017 – the date of the first alleged corrective disclosure – because any option closed or expiring prior to that date has a Recognized Loss of zero.

75.     For each Uniti call option purchased or otherwise acquired during the Class Period and closed (through sale, exercise, or expiration) from August 3, 2017 through June 24, 2019, and for each Uniti put option sold (written) during the Class Period and closed (through purchase, exercise, or expiration) from August 3, 2017 through June 24, 2019, an "Out of Pocket Loss" will be calculated.  For Uniti call options closed through sale, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  For Uniti call options closed through exercise or

expiration, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the value per option on the date of exercise or expiration.  For Uniti put options closed through purchase, the Out of Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).   For Uniti put options closed through exercise or expiration, the Out of Pocket Loss is the value per option on the date of exercise or expiration minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

76.     **For each exchange-traded Uniti call option purchased or acquired from April 24, 2015 through and including June 24, 2019 and**:

A. Closed (through sale, exercise, or expiration) prior to August 3, 2017, the Recognized Loss Amount for each such share shall be zero.

B. Closed (through sale, exercise, or expiration) from August 3, 2017 through June 24, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 5** below _minus_ the dollar artificial inflation applicable to each such share on the date of close as set forth in **Table 5** below; or

   2. the Out of Pocket Loss.

C. Open as of the close of trading on June 24, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 5** below; or

   2. the actual purchase/acquisition price of each such share _minus_ the closing price on June 25, 2019 (i.e., the "Holding Price") as set forth in **Table 5** below

77.     **For each exchange-traded Uniti put option sold (written) from April 24, 2015 through and including June 24, 2019 and:**

A. Closed (through purchase, exercise, or expiration) prior to August 3, 2017, the Recognized Loss Amount for each such share shall be zero.

B.  Closed (through purchase, exercise, or expiration) from August 3, 2017 through June 24, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1.  the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 6** below *minus* the dollar artificial deflation applicable to each such share on the date of close as set forth in **Table 6** below; or

   2.  the Out of Pocket Loss.

C.  Open as of the close of trading on June 24, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1.  the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 6** below; or

   2.  the closing price on June 25, 2019 (i.e., the "Holding Price") as set forth in **Table 6** below *minus* the sale (writing) price.

78.    **Maximum Recovery for Options**:  The Settlement proceeds available for Uniti call options purchased during the Class Period and Uniti put options sold (written) during the Class Period shall be limited to a total amount equal to 2% of the Net Settlement Fund.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

79.    Uniti common stock, Uniti Notes, and exchange-traded Uniti call options and put options are the only securities eligible for recovery under the Plan of Allocation.  With respect to Uniti common stock purchased or sold through the exercise of an option, the purchase/sale date of the Uniti common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

80.    Purchases and sales of Uniti Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant of Uniti Securities by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase or sale of Uniti Securities for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Uniti Securities unless: (i) the donor or decedent purchased the Uniti Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by

- 31 -

anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

81. The Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero. In the event that a claimant has an opening short position in Uniti common stock at the start of the Class Period, the earliest Class Period purchases shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

82. If a claimant has "written" Uniti call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option. The date on which the call option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, the earliest Class Period purchases or acquisitions shall be matched against such short positions in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that cover such short positions will not be entitled to recovery.

83. If a claimant has purchased or acquired Uniti put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option. The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, the earliest sales or dispositions of like put options during the Class Period shall be matched against

- 32 -

such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such long positions shall not be entitled to a recovery.

84.      The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater.

85.      Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Plaintiffs, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re- distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Plaintiffs, shall be donated to one or more non-profit and non-sectarian organizations unaffiliated with Defendants' Counsel, Plaintiffs' Counsel, for the Parties.

86.      Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, the Claims Administrator, or other

agent designated by Co-Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

87.     Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Eastern District of Arkansas with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

88.     If you purchased or otherwise acquired Uniti Securities during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those shares. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. You are entitled to reimbursement from the

Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Uniti Securities Litigation*
c/o _____

_____

_____

Dated:_____, 2022             BY ORDER OF THE UNITED
                                      STATES DISTRICT COURT
                                      EASTERN DISTRICT OF
                                      ARKANSAS

- 35 -

**TABLE 1**

**Uniti Common Stock**
**Alleged Artificial Inflation for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| April 24, 2015 - August 2, 2017 | $10.16 |
| August 3, 2017 – August 8, 2017 | $9.96 |
| August 9, 2017 - September 25, 2017 | $11.08 |
| September 26, 2017 | $9.41 |
| September 27, 2017 - February 18, 2019 | $8.66 |
| February 19, 2019 - June 24, 2019 | $1.12 |

**TABLE 2**

**Uniti Common Stock**
**Closing Price and Average Closing Price**
**June 25, 2019 – September 20, 2019**

| Date | Closing Price | Average Closing Price between June 25, 2019 and Date Shown | Date | Closing Price | Average Closing Price between June 25, 2019 and Date Shown |
|---|---|---|---|---|---|
| 6/25/2019 | $9.38 | $9.38 | 8/8/2019 | $8.52 | $8.83 |
| 6/26/2019 | $9.42 | $9.40 | 8/9/2019 | $8.90 | $8.84 |
| 6/27/2019 | $9.69 | $9.50 | 8/12/2019 | $8.86 | $8.84 |
| 6/28/2019 | $9.50 | $9.50 | 8/13/2019 | $8.86 | $8.84 |
| 7/1/2019 | $9.51 | $9.50 | 8/14/2019 | $8.42 | $8.83 |
| 7/2/2019 | $9.29 | $9.47 | 8/15/2019 | $8.29 | $8.81 |
| 7/3/2019 | $9.35 | $9.45 | 8/16/2019 | $8.52 | $8.80 |
| 7/5/2019 | $9.24 | $9.42 | 8/19/2019 | $8.29 | $8.79 |
| 7/8/2019 | $8.99 | $9.37 | 8/20/2019 | $8.31 | $8.78 |
| 7/9/2019 | $9.10 | $9.35 | 8/21/2019 | $8.27 | $8.77 |
| 7/10/2019 | $9.06 | $9.32 | 8/22/2019 | $8.09 | $8.75 |
| 7/11/2019 | $9.26 | $9.32 | 8/23/2019 | $7.75 | $8.73 |
| 7/12/2019 | $9.28 | $9.31 | 8/26/2019 | $8.12 | $8.71 |
| 7/15/2019 | $8.86 | $9.28 | 8/27/2019 | $7.78 | $8.69 |
| 7/16/2019 | $8.86 | $9.25 | 8/28/2019 | $7.71 | $8.67 |
| 7/17/2019 | $8.59 | $9.21 | 8/29/2019 | $7.61 | $8.65 |
| 7/18/2019 | $8.59 | $9.17 | 8/30/2019 | $7.39 | $8.62 |
| 7/19/2019 | $8.37 | $9.13 | 9/3/2019 | $7.22 | $8.59 |
| 7/22/2019 | $8.50 | $9.10 | 9/4/2019 | $7.38 | $8.57 |

- 36 -

| Date | Closing Price | Average Closing Price between June 25, 2019 and Date Shown | Date | Closing Price | Average Closing Price between June 25, 2019 and Date Shown |
|---|---|---|---|---|---|
| 7/23/2019 | $8.39 | $9.06 | 9/5/2019 | $7.50 | $8.55 |
| 7/24/2019 | $8.84 | $9.05 | 9/6/2019 | $7.32 | $8.52 |
| 7/25/2019 | $8.60 | $9.03 | 9/9/2019 | $7.53 | $8.51 |
| 7/26/2019 | $8.60 | $9.01 | 9/10/2019 | $7.83 | $8.49 |
| 7/29/2019 | $8.56 | $8.99 | 9/11/2019 | $8.01 | $8.48 |
| 7/30/2019 | $8.57 | $8.98 | 9/12/2019 | $8.26 | $8.48 |
| 7/31/2019 | $8.42 | $8.95 | 9/13/2019 | $8.03 | $8.47 |
| 8/1/2019 | $8.27 | $8.93 | 9/16/2019 | $8.01 | $8.46 |
| 8/2/2019 | $8.25 | $8.91 | 9/17/2019 | $8.04 | $8.46 |
| 8/5/2019 | $8.19 | $8.88 | 9/18/2019 | $8.00 | $8.45 |
| 8/6/2019 | $8.43 | $8.87 | 9/19/2019 | $7.91 | $8.44 |
| 8/7/2019 | $8.22 | $8.84 | 9/20/2019 | $7.95 | $8.43 |

## TABLE 3

**Uniti Notes**
**Alleged Artificial Inflation For Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Note | | |
|---|---|---|---|
| | 6% Notes | 8.25% Notes | 7.125% Notes |
| April 24, 2015 - August 2, 2017 | $40.38 | $107.68 | $106.56 |
| August 3, 2017 – August 8, 2017 | $40.00 | $106.80 | $106.25 |
| August 9, 2017 - September 25, 2017 | $40.63 | $119.93 | $116.25 |
| September 26, 2017 | $40.63 | $117.33 | $112.50 |
| September 27, 2017 - February 18, 2019 | $38.13 | $114.83 | $110.00 |
| February 19, 2019 - June 24, 2019 | $0.63 | $13.13 | $10.00 |

## TABLE 4

**Uniti Notes**
**Average Closing Prices Between June 25, 2019 and September 20, 2019**

| Date | Average Closing Price Between June 25, 2019 and Date Shown | | |
|---|---|---|---|
| | 6% Notes | 8.25% Notes | 7.125% Notes |
| 6/25/2019 | $960.00 | $937.50 | $902.50 |
| 6/26/2019 | $958.75 | $937.50 | $901.25 |
| 6/27/2019 | $959.17 | $939.17 | $901.25 |

| Date | Average Closing Price Between June 25, 2019 and Date Shown | | |
|---|---|---|---|
| | 6% Notes | 8.25% Notes | 7.125% Notes |
| 6/28/2019 | $957.36 | $938.33 | $900.00 |
| 7/1/2019 | $956.39 | $936.66 | $898.75 |
| 7/2/2019 | $954.82 | $933.94 | $898.75 |
| 7/3/2019 | $953.95 | $932.43 | $896.00 |
| 7/5/2019 | $953.95 | $930.44 | $896.00 |
| 7/8/2019 | $952.37 | $927.69 | $892.92 |
| 7/9/2019 | $951.27 | $926.17 | $891.25 |
| 7/10/2019 | $950.89 | $925.77 | $890.47 |
| 7/11/2019 | $950.81 | $926.36 | $890.14 |
| 7/12/2019 | $950.74 | $926.85 | $890.14 |
| 7/15/2019 | $951.07 | $926.64 | $889.88 |
| 7/16/2019 | $951.26 | $926.20 | $889.88 |
| 7/17/2019 | $951.51 | $925.50 | $888.52 |
| 7/18/2019 | $951.50 | $924.78 | $888.52 |
| 7/19/2019 | $951.50 | $924.24 | $887.60 |
| 7/22/2019 | $951.89 | $923.27 | $887.02 |
| 7/23/2019 | $951.89 | $922.73 | $887.02 |
| 7/24/2019 | $952.20 | $922.37 | $886.34 |
| 7/25/2019 | $952.35 | $922.04 | $886.34 |
| 7/26/2019 | $952.35 | $921.62 | $886.34 |
| 7/29/2019 | $952.42 | $920.94 | $886.34 |
| 7/30/2019 | $952.66 | $920.50 | $885.25 |
| 7/31/2019 | $952.66 | $920.12 | $883.98 |
| 8/1/2019 | $952.88 | $919.79 | $882.79 |
| 8/2/2019 | $952.86 | $919.26 | $881.53 |
| 8/5/2019 | $952.86 | $918.44 | $881.53 |
| 8/6/2019 | $952.85 | $917.83 | $880.66 |
| 8/7/2019 | $952.85 | $917.26 | $880.66 |
| 8/8/2019 | $952.88 | $916.84 | $879.75 |
| 8/9/2019 | $952.88 | $916.51 | $878.93 |
| 8/12/2019 | $952.76 | $916.05 | $878.07 |
| 8/13/2019 | $952.76 | $915.74 | $878.07 |
| 8/14/2019 | $952.70 | $915.23 | $876.93 |
| 8/15/2019 | $952.70 | $914.84 | $876.12 |
| 8/16/2019 | $952.70 | $914.64 | $875.58 |
| 8/19/2019 | $952.69 | $914.33 | $875.07 |
| 8/20/2019 | $952.86 | $913.98 | $875.07 |
| 8/21/2019 | $953.01 | $913.54 | $874.72 |
| 8/22/2019 | $953.08 | $913.20 | $874.02 |
| 8/23/2019 | $953.04 | $912.68 | $873.28 |
| 8/26/2019 | $953.02 | $912.16 | $872.42 |
| 8/27/2019 | $953.02 | $911.55 | $871.53 |
| 8/28/2019 | $953.08 | $911.06 | $871.53 |

| Date | Average Closing Price Between June 25, 2019 and Date Shown | | |
|---|---|---|---|
| | 6% Notes | 8.25% Notes | 7.125% Notes |
| 8/29/2019 | $953.08 | $910.17 | $871.53 |
| 8/30/2019 | $953.08 | $909.72 | $871.53 |
| 9/3/2019 | $953.03 | $909.11 | $870.61 |
| 9/4/2019 | $953.03 | $908.47 | $870.61 |
| 9/5/2019 | $953.04 | $907.91 | $870.61 |
| 9/6/2019 | $953.15 | $907.42 | $869.89 |
| 9/9/2019 | $953.15 | $906.90 | $869.23 |
| 9/10/2019 | $953.20 | $906.41 | $868.69 |
| 9/11/2019 | $953.18 | $905.93 | $868.69 |
| 9/12/2019 | $953.29 | $905.51 | $868.10 |
| 9/13/2019 | $953.40 | $905.02 | $867.68 |
| 9/16/2019 | $953.40 | $904.66 | $867.21 |
| 9/17/2019 | $953.49 | $904.26 | $867.21 |
| 9/18/2019 | $953.53 | $903.94 | $867.21 |
| 9/19/2019 | $953.59 | $903.65 | $866.81 |
| 9/20/2019 | $953.66 | $903.48 | $866.81 |

**TABLE 5**

**Uniti Exchange-Traded Call Options**
**Alleged Artificial Inflation per Share and Holding Values**

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Value |
|---|---|---|---|---|---|---|---|
| | | 4/24/2015 through 8/2/2017 | 8/3/2017 through 9/25/2017 | 9/26/2017 | 9/27/2017 through 2/18/2019 | 2/19/2019 through 6/24/2019 | |
| 8/18/2017 | $22.50 | $0.15 | $0.00 | - | - | - | - |
| 8/18/2017 | $25.00 | $0.03 | $0.00 | - | - | - | - |
| 9/15/2017 | $25.00 | $0.05 | $0.00 | - | - | - | - |
| 10/20/2017 | $12.50 | $0.00 | $2.31 | $0.99 | $0.00 | - | - |
| 10/20/2017 | $15.00 | $0.00 | $1.78 | $0.38 | $0.00 | - | - |
| 10/20/2017 | $17.50 | $0.00 | $0.64 | $0.08 | $0.00 | - | - |
| 10/20/2017 | $20.00 | $0.00 | $0.10 | $0.00 | $0.00 | - | - |
| 10/20/2017 | $22.50 | $0.00 | $0.05 | $0.00 | $0.00 | - | - |
| 10/20/2017 | $25.00 | $0.00 | $0.04 | $0.04 | $0.00 | - | - |
| 11/17/2017 | $12.50 | $0.00 | $2.43 | $0.77 | $0.00 | - | - |
| 11/17/2017 | $15.00 | $1.88 | $1.70 | $0.40 | $0.00 | - | - |
| 11/17/2017 | $17.50 | $1.14 | $0.96 | $0.20 | $0.00 | - | - |
| 11/17/2017 | $20.00 | $0.53 | $0.38 | $0.06 | $0.00 | - | - |
| 11/17/2017 | $22.50 | $0.24 | $0.12 | $0.02 | $0.00 | - | - |
| 11/17/2017 | $25.00 | $0.14 | $0.07 | $0.02 | $0.00 | - | - |
| 11/17/2017 | $30.00 | $0.04 | $0.02 | $0.00 | $0.00 | - | - |
| 11/17/2017 | $35.00 | $0.04 | $0.04 | $0.04 | $0.00 | - | - |
| 2/16/2018 | $10.00 | $0.00 | $2.53 | $0.77 | $0.00 | - | - |
| 2/16/2018 | $15.00 | $1.91 | $1.73 | $0.40 | $0.00 | - | - |
| 2/16/2018 | $17.50 | $1.38 | $1.21 | $0.28 | $0.00 | - | - |

- 39 -

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Value |
|---|---|---|---|---|---|---|---|
| | | 4/24/2015 through 8/2/2017 | 8/3/2017 through 9/25/2017 | 9/26/2017 | 9/27/2017 through 2/18/2019 | 2/19/2019 through 6/24/2019 | |
| 2/16/2018 | $20.00 | $0.83 | $0.69 | $0.22 | $0.00 | - | - |
| 2/16/2018 | $22.50 | $0.51 | $0.39 | $0.10 | $0.00 | - | - |
| 2/16/2018 | $25.00 | $0.36 | $0.30 | $0.10 | $0.00 | - | - |
| 2/16/2018 | $30.00 | $0.18 | $0.17 | $0.02 | $0.00 | - | - |
| 2/16/2018 | $35.00 | $0.09 | $0.09 | $0.04 | $0.00 | - | - |
| 5/18/2018 | $12.50 | - | $1.86 | $0.44 | $0.00 | - | - |
| 5/18/2018 | $15.00 | - | $1.49 | $0.34 | $0.00 | - | - |
| 5/18/2018 | $17.50 | - | $1.11 | $0.32 | $0.00 | - | - |
| 5/18/2018 | $20.00 | - | $0.80 | $0.26 | $0.00 | - | - |
| 5/18/2018 | $22.50 | - | $0.61 | $0.12 | $0.00 | - | - |
| 5/18/2018 | $25.00 | - | $0.33 | $0.08 | $0.00 | - | - |
| 5/18/2018 | $30.00 | - | $0.23 | $0.08 | $0.00 | - | - |
| 3/15/2019 | $12.50 | - | - | - | $6.60 | $0.00 | - |
| 3/15/2019 | $15.00 | - | - | - | $4.83 | $0.00 | - |
| 3/15/2019 | $17.50 | - | - | - | $2.70 | $0.00 | - |
| 3/15/2019 | $20.00 | - | - | - | $0.95 | $0.00 | - |
| 3/15/2019 | $22.50 | - | - | - | $0.18 | $0.00 | - |
| 3/15/2019 | $25.00 | - | - | - | $0.05 | $0.00 | - |
| 5/17/2019 | $12.50 | - | - | - | $5.85 | $0.00 | - |
| 5/17/2019 | $15.00 | - | - | - | $4.33 | $0.00 | - |
| 5/17/2019 | $17.50 | - | - | - | $2.75 | $0.00 | - |
| 5/17/2019 | $20.00 | - | - | - | $1.43 | $0.00 | - |
| 5/17/2019 | $22.50 | - | - | - | $0.58 | $0.00 | - |
| 5/17/2019 | $25.00 | - | - | - | $0.20 | $0.00 | - |
| 7/19/2019 | $7.50 | - | - | - | - | $1.15 | $2.08 |
| 7/19/2019 | $10.00 | - | - | - | - | $0.64 | $0.33 |
| 7/19/2019 | $15.00 | - | - | - | - | $0.02 | $0.03 |
| 8/16/2019 | $5.00 | - | - | - | $8.84 | $1.24 | $4.55 |
| 8/16/2019 | $7.50 | - | - | - | $8.25 | $1.00 | $2.23 |
| 8/16/2019 | $10.00 | - | - | - | $7.11 | $0.66 | $0.70 |
| 8/16/2019 | $12.50 | - | - | - | $5.67 | $0.15 | $0.20 |
| 8/16/2019 | $15.00 | - | - | - | $4.22 | $0.04 | $0.08 |
| 8/16/2019 | $17.50 | - | - | - | $2.97 | $0.04 | $0.08 |
| 8/16/2019 | $20.00 | - | - | - | $1.60 | $0.00 | $0.08 |
| 8/16/2019 | $22.50 | - | - | - | $0.95 | $0.00 | $0.08 |
| 8/16/2019 | $25.00 | - | - | - | $0.50 | $0.00 | $0.08 |
| 10/18/2019 | $5.00 | - | - | - | - | $1.20 | $4.50 |
| 10/18/2019 | $7.50 | - | - | - | - | $0.94 | $2.55 |
| 10/18/2019 | $10.00 | - | - | - | - | $0.66 | $1.20 |
| 10/18/2019 | $12.50 | - | - | - | - | $0.28 | $0.55 |
| 10/18/2019 | $15.00 | - | - | - | - | $0.13 | $0.25 |
| 11/15/2019 | $5.00 | - | - | - | - | $1.15 | $4.50 |
| 11/15/2019 | $7.50 | - | - | - | - | $0.83 | $2.78 |
| 11/15/2019 | $10.00 | - | - | - | - | $0.68 | $1.38 |
| 11/15/2019 | $12.50 | - | - | - | - | $0.45 | $0.58 |
| 11/15/2019 | $15.00 | - | - | - | - | $0.21 | $0.28 |
| 11/15/2019 | $17.50 | - | - | - | - | $0.09 | $0.13 |
| 11/15/2019 | $20.00 | - | - | - | - | $0.02 | $0.10 |
| 1/17/2020 | $2.50 | - | - | - | $8.95 | $1.20 | $6.90 |
| 1/17/2020 | $5.00 | - | - | - | $8.58 | $0.98 | $4.75 |

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Value |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | 4/24/2015 through 8/2/2017 | 8/3/2017 through 9/25/2017 | 9/26/2017 | 9/27/2017 through 2/18/2019 | 2/19/2019 through 6/24/2019 | |
| 1/17/2020 | $7.50 | - | - | - | $7.83 | $0.88 | $2.98 |
| 1/17/2020 | $10.00 | - | - | - | $6.25 | $0.70 | $1.68 |
| 1/17/2020 | $12.50 | - | - | - | $5.43 | $0.43 | $0.90 |
| 1/17/2020 | $15.00 | - | - | - | $3.90 | $0.28 | $0.45 |
| 1/17/2020 | $17.50 | - | - | - | $2.94 | $0.19 | $0.23 |
| 1/17/2020 | $20.00 | - | - | - | $1.71 | $0.06 | $0.15 |
| 1/17/2020 | $22.50 | - | - | - | $0.98 | $0.11 | $0.08 |
| 1/17/2020 | $25.00 | - | - | - | $0.52 | $0.04 | $0.13 |
| 1/17/2020 | $30.00 | - | - | - | $0.13 | $0.00 | $0.05 |
| 1/15/2021 | $2.50 | - | - | - | $8.53 | $0.98 | $7.30 |
| 1/15/2021 | $5.00 | - | - | - | $8.57 | $1.07 | $5.45 |
| 1/15/2021 | $7.50 | - | - | - | $8.07 | $1.07 | $3.95 |
| 1/15/2021 | $10.00 | - | - | - | $6.70 | $1.00 | $2.73 |
| 1/15/2021 | $12.50 | - | - | - | $4.89 | $0.79 | $1.98 |
| 1/15/2021 | $15.00 | - | - | - | $2.88 | $0.68 | $1.35 |
| 1/15/2021 | $17.50 | - | - | - | $2.52 | $0.45 | $1.00 |
| 1/15/2021 | $20.00 | - | - | - | $1.36 | $0.26 | $0.65 |
| 1/15/2021 | $22.50 | - | - | - | $0.94 | $0.36 | $0.50 |
| 1/15/2021 | $25.00 | - | - | - | $0.41 | $0.41 | $0.33 |
| 1/15/2021 | $30.00 | - | - | - | $0.40 | $0.13 | $0.18 |

## TABLE 6

**Uniti Exchange-Traded Put Options**
**Alleged Artificial Deflation per Share and Holding Values**

| Expiration Date | Strike Price | Put Option Artificial Deflation per Share During Trading Periods | | | | | Holding Value |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | 4/24/2015 through 8/2/2017 | 8/3/2017 through 9/25/2017 | 9/26/2017 | 9/27/2017 through 2/18/2019 | 2/19/2019 through 6/24/2019 | |
| 8/18/2017 | $20.00 | $0.01 | $0.00 | - | - | - | - |
| 8/18/2017 | $22.50 | $0.05 | $0.00 | - | - | - | - |
| 8/18/2017 | $25.00 | $0.15 | $0.00 | - | - | - | - |
| 8/18/2017 | $27.50 | $0.16 | $0.00 | - | - | - | - |
| 8/18/2017 | $30.00 | $0.18 | $0.00 | - | - | - | - |
| 8/18/2017 | $35.00 | $0.16 | $0.00 | - | - | - | - |
| 9/15/2017 | $22.50 | $0.05 | $0.00 | - | - | - | - |
| 9/15/2017 | $25.00 | $0.14 | $0.00 | - | - | - | - |
| 10/20/2017 | $7.50 | - | $0.02 | $0.00 | $0.00 | - | - |
| 10/20/2017 | $10.00 | - | $0.02 | $0.02 | $0.00 | - | - |
| 10/20/2017 | $12.50 | - | $0.09 | $0.02 | $0.00 | - | - |
| 10/20/2017 | $15.00 | - | $0.71 | $0.32 | $0.00 | - | - |
| 10/20/2017 | $17.50 | - | $1.84 | $0.67 | $0.00 | - | - |
| 10/20/2017 | $20.00 | - | $2.32 | $0.85 | $0.00 | - | - |
| 10/20/2017 | $22.50 | - | $2.51 | $0.85 | $0.00 | - | - |
| 10/20/2017 | $25.00 | - | $2.40 | $0.69 | $0.00 | - | - |

| Expiration Date | Strike Price | Put Option Artificial Deflation per Share During Trading Periods | | | | | Holding Value |
|---|---|---|---|---|---|---|---|
| | | 4/24/2015 through 8/2/2017 | 8/3/2017 through 9/25/2017 | 9/26/2017 | 9/27/2017 through 2/18/2019 | 2/19/2019 through 6/24/2019 | |
| 10/20/2017 | $30.00 | - | $2.44 | $0.73 | $0.00 | - | - |
| 11/17/2017 | $7.50 | - | $0.02 | $0.00 | $0.00 | - | - |
| 11/17/2017 | $10.00 | - | $0.15 | $0.00 | $0.00 | - | - |
| 11/17/2017 | $12.50 | - | $0.26 | $0.06 | $0.00 | - | - |
| 11/17/2017 | $15.00 | $0.81 | $0.80 | $0.36 | $0.00 | - | - |
| 11/17/2017 | $17.50 | $1.51 | $1.50 | $0.55 | $0.00 | - | - |
| 11/17/2017 | $20.00 | $2.04 | $2.01 | $0.69 | $0.00 | - | - |
| 11/17/2017 | $22.50 | $2.26 | $2.19 | $0.77 | $0.00 | - | - |
| 11/17/2017 | $25.00 | $2.38 | $2.24 | $0.73 | $0.00 | - | - |
| 11/17/2017 | $30.00 | $2.43 | $2.24 | $0.73 | $0.00 | - | - |
| 11/17/2017 | $35.00 | $2.69 | $2.50 | $0.69 | $0.00 | - | - |
| 2/16/2018 | $7.50 | - | $0.09 | $0.02 | $0.00 | - | - |
| 2/16/2018 | $10.00 | - | $0.15 | $0.08 | $0.00 | - | - |
| 2/16/2018 | $12.50 | - | $0.46 | $0.26 | $0.00 | - | - |
| 2/16/2018 | $15.00 | $0.87 | $0.86 | $0.32 | $0.00 | - | - |
| 2/16/2018 | $17.50 | $1.34 | $1.32 | $0.49 | $0.00 | - | - |
| 2/16/2018 | $20.00 | $1.66 | $1.60 | $0.53 | $0.00 | - | - |
| 2/16/2018 | $22.50 | $1.95 | $1.88 | $0.61 | $0.00 | - | - |
| 2/16/2018 | $25.00 | $2.27 | $2.15 | $0.73 | $0.00 | - | - |
| 2/16/2018 | $30.00 | $2.29 | $2.11 | $0.65 | $0.00 | - | - |
| 2/16/2018 | $35.00 | $2.45 | $2.28 | $0.81 | $0.00 | - | - |
| 5/18/2018 | $5.00 | - | $0.02 | $0.02 | $0.00 | - | - |
| 5/18/2018 | $7.50 | - | $0.15 | $0.10 | $0.00 | - | - |
| 5/18/2018 | $10.00 | - | $0.31 | $0.06 | $0.00 | - | - |
| 5/18/2018 | $12.50 | - | $0.51 | $0.24 | $0.00 | - | - |
| 5/18/2018 | $15.00 | - | $0.91 | $0.32 | $0.00 | - | - |
| 5/18/2018 | $17.50 | - | $1.28 | $0.44 | $0.00 | - | - |
| 5/18/2018 | $20.00 | - | $1.56 | $0.49 | $0.00 | - | - |
| 5/18/2018 | $25.00 | - | $1.84 | $0.57 | $0.00 | - | - |
| 3/15/2019 | $7.50 | - | - | - | $0.13 | $0.00 | - |
| 3/15/2019 | $12.50 | - | - | - | $1.13 | $0.00 | - |
| 3/15/2019 | $15.00 | - | - | - | $2.88 | $0.00 | - |
| 3/15/2019 | $17.50 | - | - | - | $4.85 | $0.00 | - |
| 3/15/2019 | $20.00 | - | - | - | $6.40 | $0.00 | - |
| 3/15/2019 | $22.50 | - | - | - | $7.28 | $0.00 | - |
| 5/17/2019 | $7.50 | - | - | - | $0.20 | $0.00 | - |
| 5/17/2019 | $10.00 | - | - | - | $0.68 | $0.00 | - |
| 5/17/2019 | $12.50 | - | - | - | $1.58 | $0.00 | - |
| 5/17/2019 | $15.00 | - | - | - | $3.08 | $0.00 | - |
| 5/17/2019 | $17.50 | - | - | - | $4.50 | $0.00 | - |
| 5/17/2019 | $20.00 | - | - | - | $5.73 | $0.00 | - |
| 5/17/2019 | $22.50 | - | - | - | $6.60 | $0.00 | - |
| 5/17/2019 | $25.00 | - | - | - | $6.90 | $0.00 | - |
| 5/17/2019 | $30.00 | - | - | - | $7.15 | $0.00 | - |
| 7/19/2019 | $7.50 | - | - | - | $0.00 | $0.04 | $0.13 |
| 7/19/2019 | $10.00 | - | - | - | $0.00 | $0.53 | $1.00 |
| 7/19/2019 | $12.50 | - | - | - | $0.00 | $1.02 | $3.13 |
| 7/19/2019 | $15.00 | - | - | - | $0.00 | $1.07 | $5.60 |
| 8/16/2019 | $5.00 | - | - | - | $0.39 | $0.06 | $0.13 |
| 8/16/2019 | $7.50 | - | - | - | $0.31 | $0.09 | $0.33 |

- 42 -

| Expiration Date | Strike Price | Put Option Artificial Deflation per Share During Trading Periods | | | | | Holding Value |
|---|---|---|---|---|---|---|---|
| | | 4/24/2015 through 8/2/2017 | 8/3/2017 through 9/25/2017 | 9/26/2017 | 9/27/2017 through 2/18/2019 | 2/19/2019 through 6/24/2019 | |
| 8/16/2019 | $10.00 | - | - | - | $1.43 | $0.53 | $1.43 |
| 8/16/2019 | $12.50 | - | - | - | $2.58 | $0.85 | $3.23 |
| 8/16/2019 | $15.00 | - | - | - | $4.08 | $1.15 | $5.75 |
| 8/16/2019 | $17.50 | - | - | - | $5.15 | $1.15 | $8.20 |
| 8/16/2019 | $20.00 | - | - | - | $6.31 | $1.11 | $10.70 |
| 8/16/2019 | $22.50 | - | - | - | $7.26 | $1.41 | $13.25 |
| 8/16/2019 | $25.00 | - | - | - | $7.65 | $1.20 | $15.75 |
| 10/18/2019 | $5.00 | - | - | - | $0.00 | $0.06 | $0.23 |
| 10/18/2019 | $7.50 | - | - | - | $0.00 | $0.26 | $0.80 |
| 10/18/2019 | $10.00 | - | - | - | $0.00 | $0.60 | $1.98 |
| 10/18/2019 | $12.50 | - | - | - | $0.00 | $0.75 | $3.60 |
| 11/15/2019 | $5.00 | - | - | - | $0.00 | $0.13 | $0.35 |
| 11/15/2019 | $7.50 | - | - | - | $0.00 | $0.19 | $0.85 |
| 11/15/2019 | $10.00 | - | - | - | $0.00 | $0.47 | $2.03 |
| 11/15/2019 | $12.50 | - | - | - | $0.00 | $0.75 | $3.80 |
| 11/15/2019 | $15.00 | - | - | - | $0.00 | $0.90 | $5.85 |
| 11/15/2019 | $17.50 | - | - | - | $0.00 | $0.94 | $8.05 |
| 11/15/2019 | $20.00 | - | - | - | $0.00 | $1.20 | $10.75 |
| 1/17/2020 | $2.50 | - | - | - | $0.10 | $0.00 | $0.08 |
| 1/17/2020 | $5.00 | - | - | - | $0.24 | $0.04 | $0.38 |
| 1/17/2020 | $7.50 | - | - | - | $0.72 | $0.19 | $1.08 |
| 1/17/2020 | $10.00 | - | - | - | $1.40 | $0.43 | $2.33 |
| 1/17/2020 | $12.50 | - | - | - | $2.52 | $0.64 | $3.95 |
| 1/17/2020 | $15.00 | - | - | - | $3.94 | $0.81 | $6.05 |
| 1/17/2020 | $17.50 | - | - | - | $5.18 | $0.98 | $8.30 |
| 1/17/2020 | $20.00 | - | - | - | $6.21 | $1.11 | $10.70 |
| 1/17/2020 | $22.50 | - | - | - | $7.39 | $1.54 | $13.35 |
| 1/17/2020 | $25.00 | - | - | - | $6.95 | $1.15 | $15.70 |
| 1/17/2020 | $30.00 | - | - | - | $7.13 | $0.98 | $20.75 |
| 1/15/2021 | $2.50 | - | - | - | $0.17 | $0.02 | $0.28 |
| 1/15/2021 | $5.00 | - | - | - | $0.13 | $0.13 | $1.18 |
| 1/15/2021 | $7.50 | - | - | - | $1.13 | $0.11 | $2.10 |
| 1/15/2021 | $10.00 | - | - | - | $1.16 | $0.06 | $3.35 |
| 1/15/2021 | $12.50 | - | - | - | $2.23 | $0.26 | $5.05 |
| 1/15/2021 | $15.00 | - | - | - | $3.00 | $0.43 | $6.85 |
| 1/15/2021 | $17.50 | - | - | - | $3.68 | $0.38 | $8.95 |
| 1/15/2021 | $20.00 | - | - | - | $4.43 | $0.68 | $11.05 |
| 1/15/2021 | $22.50 | - | - | - | $4.99 | $0.64 | $13.30 |
| 1/15/2021 | $25.00 | - | - | - | $5.25 | $0.60 | $15.50 |
| 1/15/2021 | $30.00 | - | - | - | $5.78 | $0.98 | $20.65 |