# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 4:19-cv-00756-BSM <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) | |

**DECLARATION OF JOSEPH M. LITTLE ON BEHALF OF STEAMFITTERS LOCAL 449 PENSION PLAN IN SUPPORT OF MOTIONS FOR (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) AWARD OF ATTORNEYS' FEES <u>AND PAYMENT OF EXPENSES</u>**

I, Joseph M. Little, declare as follows:

1. I am the Chairman of the Board of Trustees of Steamfitters Local 449 Pension Plan ("Local 449"), which serves as one of the Court-appointed Lead Plaintiffs in this securities class action (the "Action"). I submit this declaration in support of the Motions for: (i) Final Approval of Class Action Settlement and Plan of Allocation; and (ii)

1

Award of Attorneys' Fees and Payment of Expenses.[1] I have personal knowledge of the matters set forth in this Declaration and, if called upon, I could and would testify competently thereto.

2.      Local 449, established in 1913, is a Pittsburgh, Pennsylvania based labor fund with approximately $430 million in assets under management, representing nearly 2,700 union-trained steamfitters.    The Board of Trustees is responsible for the administration of the fund.

## I.      Local 449's Oversight of this Action

3.      I, on behalf of Local 449, am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995. On April 14, 2020, the Court appointed Local 449—together with Wayne County Employee Retirement System, David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA, and Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust—as Lead Plaintiffs in this Action.

4.      On behalf of Local 449, during the course of the Action, I have had regular communications with attorneys at Labaton Sucharow LLP ("Labaton Sucharow"), Court-appointed Co-Lead Counsel for the proposed class.  Local 449, through my active and

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings set forth in the Stipulation and Agreement of Settlement, dated June 17, 2022  (ECF No. 124) (the "Stipulation").

continuous involvement, closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and settlement of the Action.

5.      Throughout the litigation, Local 449 received periodic status reports from Labaton Sucharow on case developments, participated in discovery, and participated in frequent discussions with Labaton Sucharow concerning the prosecution of the Action, the strengths and weaknesses of the claims and Defendants' defenses, and the negotiations leading to the Settlement.

6.      In particular, throughout the course of the Action, I, on behalf of Local 449: (a) regularly communicated with Labaton Sucharow by email and telephone regarding the posture and progress of the Action, including the progress of discovery; (b) reviewed pleadings, motions, and briefs filed in the Action; (c) reviewed and/or discussed significant decisions in the Action; (d) coordinated and reviewed Local 449's production of documents and written discovery responses to Defendants; (e) contacted Local 449's investment managers and others responsible for Local 449's investments in Uniti's securities; (f) virtually participated in a full day deposition on behalf of Local 449, which I prepared for in advance as well; and (g) provided documents and information to our counsel as requested throughout the course of the litigation.  In addition, I consulted with counsel concerning the strategy for and the status of the settlement negotiations, in connection with the formal mediation and thereafter. Local 449 evaluated and ultimately approved the proposed Settlement.

7.      I understand the Court may make an award of reasonable expenses, including lost wages, directly relating to representation of a class, pursuant to the Private

Securities Litigation Reform Act of 1995.  In total, I estimate that I devoted approximately 43 hours to the prosecution of this Action.  The time that I devoted to the representation of the class in this Action was time that I otherwise would have spent on my core responsibilities at Local 449, and thus, represented a cost to Local 449.

8.    My effective hourly rate as Chairman of the Board of Trustees for Local 449, given my annual compensation, is approximately $ 70 per hour.  Therefore, the value of the time I spent on this case was approximately $3,010.

9.    My efforts at all times were on behalf of the proposed class and I worked diligently to further its interests in the Action.  Accordingly, I am requesting the amount of $3,010 in connection with my efforts in the Action.

**II.    Local 449 Strongly Endorses the Settlement**

10.    Based on its involvement throughout the prosecution and resolution of the claims, Local 449 strongly endorses the proposed Settlement.  Local 449 believes the proposed Settlement provides a very favorable recovery for the Settlement Class, particularly in light of the substantial risks of continuing to prosecute the claims in the Action and the guaranteed benefit of the proposed cash recovery.

**III.    Local 449 Supports Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses**

11.    Local 449 believes that Co-Lead Counsel's request for an award of attorneys' fees in the amount of 30% of the Settlement Fund is fair and reasonable given the work counsel performed on behalf of Lead Plaintiffs and the Settlement Class.  Local 449 takes seriously its duty, as a Court-appointed lead plaintiff, to ensure that attorneys'

fees are fair under the circumstances of the case, and to reasonably compensate counsel for the work involved and risks undertaken in litigating the Action. Local 449 has evaluated Co-Lead Counsel's fee request by considering: (a) the work performed, (b) the recovery obtained for the Settlement Class, (c) and the risks of the Action.

12.    Local 449 further believes that the litigation expenses being requested, of no more than $1.6 million, are reasonable under the circumstances of this case.

13.    Based on the foregoing, and consistent with its obligation to the Settlement Class to obtain the best result at an efficient cost, Local 449 fully approves and supports an award of attorneys' fees to Co-Lead Counsel in the amount of 30% of the Settlement Amount, as well as payment of expenses, plus interest accrued on both amounts at the same rate as earned by the Settlement Fund.

## IV.    Conclusion

14.    In conclusion, Local 449 was closely involved throughout the prosecution and settlement of the claims in this Action and strongly endorses the Settlement as fair, reasonable and adequate and believes that it represents a favorable recovery for the Settlement Class. Local 449 respectfully requests that the Court approve Lead Plaintiffs' motion for final approval of class action settlement and plan of allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and payment of expenses.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of Lead Plaintiff Local 449.

Executed this 27th___ day of September 2022.

By: _____
Joseph M. Little

6