UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | ) ) ) | Master File No. 4:19-cv-00756-BSM |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF |
| ALL ACTIONS. | ) ) ) | PLAN OF ALLOCATION, AND (2) CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

## I.    INTRODUCTION

Over 356,800 individuals and entities received notice of this Settlement.[1] *The Wall Street Journal* published notice of the Settlement in its national edition, and a summary notice was placed on an internet business newswire.  Not a single objection was filed in response.  The complete absence of objection to this nationally publicized settlement resoundingly confirms that this is a fair and reasonable settlement.  Accordingly, Plaintiffs Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA, respectfully request that the Court enter orders approving the Settlement and Plan of Allocation and Co-Lead Counsel's application for attorneys' fees and expenses, as well as Plaintiffs' application for awards under 15 U.S.C. §78u-4(a)(4).

## II.    ARGUMENT

### A.    The Notice Provided to the Settlement Class Met All Due Process Requirements

Co-Lead Counsel and the Claims Administrator, Kurtzman Carson Consultants LLC ("KCC"), conducted an extensive Court-approved notice program.  In all, over 356,800 Notices were mailed to potential Settlement Class Members, and a summary version of the Notice was published in *The Wall Street Journal* and posted on an internet business website where it was picked up by additional news organizations.  *See* Declaration of Lance Cavallo, ¶¶3-9 (ECF 135-4) and the Supplemental Declaration of Lance Cavallo, ¶2, submitted herewith ("Supplemental Declaration").  A case-specific website dedicated to this Action

---

[1]    Unless otherwise defined, all capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation") (ECF 124).

containing all pertinent information and a toll-free number for Settlement Class Members to
call to ask questions were established and have been operational since August 3, 2022, and
will remain so until the Net Settlement Fund is completely distributed.  The Notice, Proof of
Claim, and Stipulation, among other relevant documents, were also posted to the website
dedicated to the Action.  Based on this evidence of execution of a fulsome notice program,
there can be no question that the notice provided to the Settlement Class met all due process,
Rule 23 and PSLRA requirements.  *See Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140 (8th Cir.
1999).[2]

### B.    The Reaction of the Settlement Class Strongly Supports Approval of the Settlement, the Plan of Allocation, and Request for Attorneys' Fees and Expenses

The October 14, 2022 deadline for objecting to all aspects of the Settlement, the Plan
of Allocation, Co-Lead Counsel's motion for attorneys' fees and expenses and/or Plaintiffs'
reimbursement of costs and expenses has passed and no objections have been received, and
only 17 investors requested exclusion from the Settlement Class.  *See* Supplemental
Declaration ¶5, Ex. A.

Most of the requests are invalid for failing to provide the information required and
many of the requesters do not appear to be members of the Settlement Class.  Nonetheless,
with Defendants' consent, they are all listed in Exhibit A to the proposed Judgment as being
excluded from the Settlement Class.

---

[2]    Citations are omitted and emphasis is added throughout, unless otherwise indicated.

### C.    No Objections Were Filed

On July 20, 2022, the Court issued its Order preliminarily approving the Settlement.

ECF 128.  Paragraphs 18 through 20 of the Order set forth in plain terms the procedure for

any objections and the deadline for doing so (October 14, 2022).  The Order provides that:

> Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the Fee and Expense Application, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment or Alternative Judgment, if applicable, to be entered and the releases therein.

*Id*. at ¶19.

Not a single individual or entity filed an objection to any aspect of the Settlement,

including Co-Lead Counsel's application for attorneys' fees and expenses, as well as

Plaintiffs' application for awards under 15 U.S.C. §78u-4(a)(4).

*        *        *

Accordingly, the reaction of the Settlement Class overwhelmingly demonstrates

widespread support of the Settlement, Plan of Allocation, Co-Lead Counsel's attorneys' fee

and expense request, and awards to Plaintiffs, and thus weighs strongly in favor of approval.

"'A certain number of . . . objections are to be expected in a class action.'"  *Thacker v.

Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom.

Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).  *See

also In re Uponor, Inc.*, 2012 U.S. Dist. LEXIS 90294, at *10 (D. Minn. June 29, 2012),

*aff'd*, 716 F.3d 1057 (8th Cir. 2013) (the court approved the settlement, and held that "[c]lass

member reaction has been positive" where three sets of objections and two exclusion

requests were received out of 30,000 potential class members).

## III.   CONCLUSION

For the reasons set forth herein and in their previously submitted briefing, and following an extensive notice program in response to which no objections to any aspect of the Settlement were filed, Plaintiffs and Co-Lead Counsel respectfully submit that the Settlement is an excellent result for the Settlement Class and the proposed Plan of Allocation is a fair and equitable method for distributing the Net Settlement Fund.  Therefore, both should be approved as fair, reasonable, and adequate.  In addition, the fees and expenses requested by Co-Lead Counsel and Plaintiffs are reasonable under the circumstances and should be approved.  Proposed orders are submitted herewith.

DATED:  October 28, 2022                    Respectfully submitted,

ELLEN GUSIKOFF STEWART
California Bar No. 144892
DEBRA J. WYMAN
California Bar No. 190812
Attorney for Lead Plaintiff
ROBBINS GELLER RUDMAN
  & DOWD LLP
TING H. LIU
JOSEPH J. TULL
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  elleng@rgrdlaw.com
         debraw@rgrdlaw.com
         tliu@rgrdlaw.com
         jtull@rgrdlaw.com

LABATON SUCHAROW LLP
CAROL C. VILLEGAS
CHRISTINE M. FOX
CHARLES FARRELL
DAVID SALDAMANDO
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
E-mail:  cvillegas@labaton.com
            cfox@labaton.com
            cfarrell@labaton.com
            dsaldamando@labaton.com

Lead Counsel for Lead Plaintiffs

GEOFFREY P. CULBERTSON
Arkansas Bar No. 2014011
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Boulevard
Texarkana,  TX  75503
Telephone:  903/792-7080
903/792-8233 (fax)
E-mail:  gpc@texarkanalaw.com

Liaison Counsel for the Class

SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA  90067
Telephone:  424/303-1964
877/590-0483 (fax)
Email:  brian@schallfirm.com

THORNTON LAW FIRM LLP
GUILLAUME BUELL
1 Lincoln Street, 25th Floor
Boston, MA  02111
Telephone:  617/720-1333
617/720-2445 (fax)
Email:  gbuell@tenlaw.com

Additional Plaintiffs' Counsel