**Labaton Sucharow**

Christine M. Fox
Partner
212 907 0784  direct
212 907 0700  main
212 883 7584  fax
cfox@labaton.com

New York Office
140 Broadway
New York, NY 10005

**VIA ECF**

November 7, 2022

Hon. Brian S. Miller
United States District Court for the Eastern District of Arkansas
Richard Sheppard Arnold United States Courthouse
500 West Capitol Avenue
Little Rock, Arkansas 72201

Re:     *In re Uniti Group Inc. Securities Litigation*, No. 4:19-CV-00756 (E.D. Ark.)

Honorable Judge Miller:

We write with respect to the September 11, 2022 letter of Michael Masciocchi concerning the proposed Settlement of the above-referenced securities class action, which was mailed to the Court and provided to counsel by the Court on November 4, 2022.[1]  (Attached as Exhibit 1.)  For the following reasons, we believe the objection should be overruled.

First, the objection does not comply with several of the requirements set by the Court in the Preliminary Approval Order and it can be overruled on that basis alone.  Importantly, Mr. Masciocchi does not provide any information about his trading in Uniti Securities or provide documentation of his trading.  In fact, he provides nothing to show that he is a member of the Settlement Class with standing to object.  He also did not mail a copy of his objection to counsel for the Parties and so the objection was not mentioned in Plaintiffs' reply papers.

Second, his objection—that class members should not be required to object or request exclusion until **after** the Court has approved (or disapproved) the Settlement—does not make sense. The purpose of an objection is to inform the Court's decision about whether a settlement, plan of allocation, or fee and expense request **should be** approved.  It is a class member's opportunity to raise issues about a settlement or related relief before they are implemented.  Moreover, the "reaction of the class," construed to cover the level of objections and requests for exclusion from the class, is also a factor to be considered by courts before approval is issued. *See, e.g.*, *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2020 WL 7133805, at *12 (D. Minn. Dec. 4, 2020).   In addition, within the context of a securities settlement that has a supplemental agreement concerning requests for exclusion, the

---

[1] All capitalized terms that are not defined herein have the same meanings as those set forth in the Stipulation and Agreement of Settlement, dated June 17, 2022. ECF No. 124.

**Labaton**
**Sucharow**

November 7, 2022
Page 2

requests for exclusion are needed so that defendants can determine whether their right to terminate has been triggered.  This obviously needs to take place **before** the settlement is approved.

Lastly, Mr. Masciocchi states that the fee request should be capped at 20% of the settlement amount, without any reasoning or support.  Lead Counsel's memorandum of law concerning the requested attorneys' fees (ECF No. 134) provides ample justification for the 30% fee in this heavily litigated case where Co-Lead Counsel spent more than 13,000 hours: opposing Defendants' motion to dismiss and motion for reconsideration, engaging in extensive fact and class certification discovery, briefing Plaintiffs' motion for class certification, reviewing more than a million pages of documents, conducting and defending more than a dozen depositions, working extensively with experts in several areas, and engaging in rigorous settlement discussions.

Accordingly, Mr. Masciocchi's deficient objection should be overruled.

Respectfully Submitted,

Christine M. Fox

Christine M. Fox

cc:     Counsel of Record (via ECF)

# Exhibit 1

September 11, 2022

Dear Judge Miller,

This letter regards the Uniti Group, Inc. Securities Litigation Master File No. 4:19-CV-00756-BSM.

I am an owner of substantial common shares in this company.

As usual, in these matters, I became aware of this proposed settlement only in the last week or two.

I simply believe that it prejudices myself and my fellow stakeholders to be required to either object to or support the proposed settlement by October 14, 2022; when the hearing in this matter is scheduled for November 4, 2022.

All stakeholders should have your honor's decision in this matter before their individual and institutional decisions are made regarding inclusion or exclusion in the Class Action.

Furthermore, Attorneys fees and costs should be capped at a maximum of 20% of the total agreed upon settlement amount.

Sincerely,

Michael L. Masciocchi

Case 4:19-cv-00756-BSM   Document 140   Filed 11/07/22   Page 5 of 5

M.L. Masciocchi

DENVER CO 802

17 SEP 2022 PM 5 L

Mail a smile.

LOVE
FOREVER USA

The Honorable Brian S. Miller
500 W. Capital Avenue
Rm D-258
Little Rock, Arkansas 72201

72201-339748