UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 4:19-cv-00756-BSM <br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) ) | ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on November 7, 2022, on the motion of Co-Lead Counsel for an award of attorneys' fees and expenses and an award to Plaintiffs (the "Fee Motion"), and the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 17, 2022 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. Notice of Co-Lead Counsel's Fee Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Mr. Michael Masciocchi, who has not established that he is a member of the Settlement Class, objected to the fee request and stated that fees should be "capped at a maximum of 20% of the total agreed upon settlement amount." He did not submit any

information explaining why the requested fee should be reduced to 20%. For the reasons set forth herein, his objection is overruled in all respects.

5. The Court hereby awards Co-Lead Counsel attorneys' fees of 30% of the Settlement Amount, plus expenses in the amount of $1,305,093.51, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

6. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Co-Lead Counsel immediately upon execution of the Final Judgment and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶5.2 thereof, which terms, conditions, and obligations are incorporated herein.

7. In making this award of fees and expenses to Co-Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $38,875,000 in cash that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Co-Lead Counsel;

(b) at least 356,800 copies of the Notice were disseminated to potential Settlement Class Members indicating that Co-Lead Counsel would move for attorneys' fees in an amount not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $1,600,000, plus interest on both amounts, and only one objection to the requested fees was submitted and no objection to the expenses was submitted;

  (c) Co-Lead Counsel pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

  (d) Co-Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

  (e) Co-Lead Counsel pursued the Action entirely on a contingent basis;

  (f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

  (g) had Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

  (h) Plaintiffs' Counsel represented that they have devoted over 13,886 hours, with a lodestar value of over $7.7 million, to achieve the Settlement;

  (i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

  (j) the attorneys' fees and expenses awarded are fair and reasonable.

8. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $3,010 to Plaintiff Steamfitters Local 449 Pension Plan, $6,024.44 to Plaintiff Wayne County Employees' Retirement System, and $10,000 to Plaintiff David McMurray R/O IRA for the time they spent directly related to their representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order

shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

DATED this 7th day of November, 2022

BY THE COURT:

_____
HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE