UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| In re UNITI GROUP INC. SECURITIES LITIGATION | Master File No. 4:19-cv-00756-BSM |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | FINAL ORDER AND JUDGMENT |
| ALL ACTIONS. | |

**WHEREAS:**

A.     On June 17, 2022, Lead Plaintiffs Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA (collectively, "Plaintiffs"), and Zhengxu He, Trustee for the He & Fang 2005 Revocable Living Trust, on behalf of themselves and all other members of the proposed Settlement Class (defined below), on the one hand, and Defendants Uniti Group Inc. f/k/a Communications Sales & Leasing, Inc. ("Uniti"), Kenneth A. Gunderman, and Mark A. Wallace (collectively with Uniti, the "Defendants" and, collectively with Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");[1]

B.     Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered July 20, 2022 (the "Preliminary Approval Order"), the Court scheduled a hearing for November 4, 2022, at 11:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C.     The Court ordered that the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the

---

[1]   Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order (the "Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

  D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by October 14, 2022;

  E. The provisions of the Preliminary Approval Order as to notice were complied with;

  F. On September 30, 2022, Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on November 7, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

  G. This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 17, 2022; and (ii) the Notice, Summary Notice, and Claim Form, which was filed with the Court on September 30, 2022.

2. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of all persons and entities who or which, during the period from April 24, 2015 to June 24, 2019, inclusive (the "Class Period"): (1) purchased or otherwise acquired; (a) the common stock of Uniti Group Inc. f/k/a Communications Sales & Leasing, Inc.; (b) call options of Uniti; or (c) the following bonds issued by Uniti and/or its subsidiaries: (i) 6.00% Senior Secured Notes due April 15, 2023 (CUSIP No. 20341WAA3); (ii) 8.25% Senior Notes due October 15, 2023 (CUSIP No. 20341WAD7); or (iii) 7.125% Senior Unsecured Notes due December 15, 2024 (CUSIP No. 20341WAE5); or (2) sold put options of Uniti; and, in each of the foregoing cases, were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Defendant who is an individual; (iii) any person who was an officer or director

of Uniti during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Uniti's employee retirement and benefit plan(s) (as well as any such plan's participants or beneficiaries as to any purchases made by such participants or beneficiaries through such plan(s)); (vi) Windstream Holdings, Inc. ("Windstream"); (vii) any person who was an officer or director of Windstream during the Class Period; and (viii) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person. Also excluded from the Settlement Class is any Person who or which requested exclusion from the Settlement Class, as identified in Exhibit A hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Steamfitters Local 449 Pension Plan, Wayne County Employees' Retirement System, and David McMurray, on behalf of himself and as sole beneficiary of the David McMurray R/O IRA as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as Co-Class Counsel for the Settlement Class.

5. **Notice**. The Court finds that the dissemination of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the Settlement and the effect of Court approval of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Co-Lead Counsel's request for payment of attorneys' fees and expenses

incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. **CAFA Notice**. Without making any finding as to the applicability of such requirements, the Court finds that Defendants have complied in all respects with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notice to the Attorney General of the United States of America and the Attorney Generals of each state. The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).

7. **Objections**. Mr. Michael Masciocchi, who has not established that he is a member of the Settlement Class, has objected to the deadlines for objections to the Settlement and requests for exclusion from the Settlement Class. His objection is overruled in all respects.

8. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that, in light of the benefits to the Settlement Class, the complexity and expense of

further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (a) Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's-length and in good faith by experienced counsel; (c) the relief provided for the Settlement Class under the Settlement is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby fully and finally approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted in the Action against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action are hereby dismissed with prejudice in their entirety. The Parties shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

10.     **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.     **Releases**.  All releases set forth in the Stipulation, including paragraphs 2.2 and 2.3 of the Stipulation, together with the definitions contained in Section 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects, and are effective as of the Effective Date.

12.     Without further action by anyone, and subject to paragraph 15 below, upon the Effective Date of the Settlement, each of the Plaintiffs, Mr. He and each of the other Settlement Class Members, shall be deemed to have, and by operation of this Judgment shall have, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Claims against any of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

13.     Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, relinquished, waived, and

discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

14. **Bar Order.** Upon the Effective Date of the Settlement, to the fullest extent permitted by law, including Section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7), the Court hereby bars any and all claims, however styled, for indemnification or contribution to the extent any such claim arises from the Action or a Released Claim, including, without limitation, any claim based on an alleged injury to the Person bringing the claim that arises from that Person's alleged liability to the Plaintiffs, Mr. He or any Settlement Class Member: (a) by any Person against the Released Defendant Parties, and (b) by the Released Defendant Parties against any Person (the "Bar Order").

15. Any final verdict or judgment obtained by or on behalf of the Plaintiffs, Mr. He, the Settlement Class or any Settlement Class Member against any Person, other than the Released Parties, relating to the Released Claims, shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or a Settlement Class Member for common damages.

16. Nothing in this Bar Order shall prevent any Person who submitted a request for exclusion from the Settlement Class that has been allowed by the Court, and is listed in Exhibit A hereto, from pursuing any and all claims.

17. Notwithstanding paragraphs 11 to 15 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

18. **Binding Effect**. The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Plaintiffs, Mr. He and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

19. **No Admissions**. This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, the Supplement Agreement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs, Mr. He and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of

Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Plaintiffs, Mr. He or any other member of the Settlement Class, as evidence of any infirmity in the claims of Plaintiffs, Mr. He or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, Mr. He, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, Mr. He, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding; provided, however, the Parties and Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, Mr. He or any other member of the

Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, Mr. He or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

20. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

21. **Termination of Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 12.9 of the Stipulation.

22. **Modification of the Stipulation**. Without further approval from the Court, Plaintiffs, Mr. He and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.     **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Co-Lead Counsel's Fee and Expense Application as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

24.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; and (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment.

25.     **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this 7th day of November, 2022

BY THE COURT:

_____
HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
*In re Uniti Group Inc. Securities Litigation*,
No. 4:19-cv-00756-BSM

## INDIVIDUALS WHO HAVE REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS

1. Joanne Covington
2. Eugene C. Rainis
3. Bonnie Stephenson
4. Robert St Hilaire and Carolyn Taylor
5. Franklin R. Town Jr.
6. John Kupka
7. Ernestine G. Turner Trust, Joseph C. Robinson Trustee
8. Jean Brown
9. Howard B. Kay
10. U/W Asben A. McCurry Jr., M. Randall Scott Trustee
11. Rosemary Velz
12. Carol Ann Huang
13. Lana J. Fahrenwald
14. Earl B. Brown Jr.
15. Joyce A. Bush
16. Victoria Good
17. Kenneth Good